# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**       **2. PLEASE TYPE OR PRINT**       **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Universitas Education, LLC v. Benistar et al | Connecticut | Hon. Kari A Dooley |

| | Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
|---|---|---|
| | August 8, 2023 | 3:20-cv-00738 |

| | Date the Notice of Appeal was Filed: | Is this a Cross Appeal? |
|---|---|---|
| | August 29, 2023 | ☐ Yes  ✔ No |

| **Attorney(s) for Appellant(s):** ✔ Plaintiff ☐ Defendant | Counsel's Name: Joseph L. Manson III | Address: 600 Cameron St. Alexandria, VA 22314 | Telephone No.: 202-674-1450 | Fax No.: 703-340-1642 | E-mail: jmanson@jmansonlaw.com |
|---|---|---|---|---|---|

| **Attorney(s) for Appellee(s):** ☐ Plaintiff ✔ Defendant | Counsel's Name: Michael R. McPherson | Address: One Goodwin Square 225 Asylum St, Hartford, CT 06103 | Telephone No.: 860-241-079 | Fax No.: 860-548-0006 | E-mail: mcpherson@halloransage.com |
|---|---|---|---|---|---|

SEE ADDENDUM C FOR OTHER COUNSEL

| Has Transcript Been Prepared? Yes | Approx. Number of Transcript Pages: 148 | Number of Exhibits Appended to Transcript: 0 | Has this matter been before this Circuit previously? ✔ Yes ☐ No |
|---|---|---|---|

If Yes, provide the following:

Case Name: Universitas Education, LLC v. Benistar et al.

2d Cir. Docket No.: 22-830

Reporter Citation: (i.e., F.3d or Fed. App.) 2022 U.S. App. LEXIS 29900

***ADDENDUM "A":*** **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B":*** **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

## PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party  ✔ Diversity | ✔ Final Decision  ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☐ Federal question (U.S. not a party)  ☐ Other (specify): _____ | ☐ Interlocutory Decision Appealable As of Right  ☐ Other (specify): _____ |

## IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.

**FORM C** (Rev. October 2016)

## PART B: DISTRICT COURT DISPOSITION    (Check as many as apply)

**1. Stage of Proceedings**

- [✓] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**

- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [✓] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**

- [✓] Damages:
  - [ ] Sought: $ _____
  - [ ] Granted: $ _____
  - [✓] Denied: $ _____
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

## PART C: NATURE OF SUIT    (Check as many as apply)

**1. Federal Statutes**

- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright □ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**

- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [✓] Other (Specify):

**3. Contracts**

- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**

- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**

- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**

- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7.** Will appeal raise constitutional issue(s)?

- [ ] Yes    [✓] No

Will appeal raise a matter of first impression?

- [ ] Yes    [✓] No

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____    [✓] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

    (A)    Arises from substantially the same case or controversy as this appeal?    [ ] Yes    [✓] No

    (B)    Involves an issue that is substantially similar or related to an issue in this appeal?    [ ] Yes    [✓] No

If yes, state whether □ "A," or □ "B," or □ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
|  |  |  |  |

Name of Appellant:

| Date: 10/02/2023 | Signature of Counsel of Record:  /s/ Joseph L. Manson III |
|---|---|

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.

2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.

3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

        **PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C**  (Rev. December 2016)

# ADDENDUM "A"

**Description of Action and Result Below**

1. Daniel Carpenter, a convicted felon and fraudster, caused a network of associates and shell companies to defalcate $30 million in life insurance death benefits for which Appellant Universitas Education, LLC was the sole, irrevocable beneficiary. After Appellant won a binding arbitration award against Nova Group, Inc., one of the key entities used by Mr. Carpenter and his associates to steal the death benefits, Appellant sought to confirm that arbitration award in the United States District Court for the Southern District of New York. After post-judgment discovery, Appellant moved for the turnover of assets from Mr. Carpenter and the entities under his control which directly received the stolen proceeds.

2. Universitas prevailed on its turnover motions, and the Southern District of New York entered judgments against Mr. Carpenter personally, and several other entities under his control on August 12, 2014. The Southern District, however, found that Mr. Carpenter controls "hundreds" of shell companies, which have the primary purpose of concealing and shielding assets from creditors. These judgments are the subject of ancillary challenges before this Court and the Southern District of New York.

3. Since that determination, Universitas has taken steps to execute on these judgments. However, further discovery revealed that many of the judgment debtors lacked sufficient assets to satisfy a judgment (or that such assets were concealed). Thus, to the extent that Universitas could locate assets, it has initiated actions to recover those assets—for example in a garnishment proceeding before the United States District Court for the Western District of Oklahoma. Universitas also issued restraining notices to several of the named Defendants, and acquired a charging order against the parent company of Grist Mill Partners, LLC, another named defendant.

4. Despite its efforts, Universitas has been unable to collect sufficient assets from the judgment debtors to satisfy its judgment. Thus, it filed the case below in order to impose, *inter alia*, alter-ego liability on other Carpenter-related entities and individuals (collectively referred to as "Benistar") in order for Universitas to execute assets owned by those entities.

5. The District Court for the District of Connecticut dismissed the case below and all claims against the Benistar Defendants. The District Court found that reverse-veil piercing and constructive trust claims were not permitted by Connecticut law. It then dismissed all other claims against the Benistar Defendants because the District Court found that all those claims were barred by *res judicata*. The District Court held that Universitas had sufficient knowledge and information to bring claims against all the Benistar Defendants by the conclusions of the turnover proceedings in the Southern District of New York on August 12, 2014, and that Universitas's failure to do so precluded later actions against the Benistar Defendants. The District Court entered judgment in favor of the Benistar Defendants on August 8, 2023.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>BENISTAR, ET AL.<br><br>*Defendant*s. | CASE NO. 3:20-cv-00738-KAD |

**NOTICE OF APPEAL TO COURT OF APPEALS**
**FROM JUDGMENT OF DISTRICT COURT**

COMES NOW Plaintiff Universitas Education, LLC ("Plaintiff" or "Universitas"),

and hereby appeals to the United States Court of Appeals for the Second Circuit from the Order

of the district court granting defendants' Motions to Dismiss entered in this action on March 15,

2021 (Doc. No. 110); from the Order denying Plaintiff's Motion for Reconsideration entered in

this action on March 16, 2022 (Doc. No. 240); from the Order of the District Court granting

defendants' Motion to Dismiss dated August 2, 2023 (Doc. No. 377); and from the Judgment

entered in favor of defendants dated August 8, 2023 (Doc. No. 378).

Dated: August 28, 20233

Respectfully submitted,

/s/ Joseph L. Manson III
JOSEPH L. MANSON, III
(*Admitted Pro Hac Vice*)
jmanson@jmansonlaw.com
LAW OFFICES OF JOSEPH L. MANSON III
600 Cameron St,
Alexandria, VA 22314
Telephone: (703) 340-1693

ATTORNEYS FOR PLAINTIFF
UNIVERSITAS EDUCATION, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of August, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and to all counsel of record.

<u>/s/ Joseph L. Manson III</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

UNIVERSITAS EDUCATION, LLC,
       Plaintiffs,

V.                             CASE NO. 3:20-CV-00738 (KAD)

BENISTAR, ALLIANCE CHARITABLE TRUST, PHOENIX CHARITABLE TRUST,
ATLANTIC CHARITABLE TRUST, AVON CHARITABLE TRUST, CARPENTER
CHARITABLE TRUST, JANE DOE, GRIST MILL PARTNERS, LLC, GREYHOUND
PARTNERS, LLC, 1&3 MILL POND PARTNERS, LLC, SEIR HILL PARTNERS, LLC,
BIRCH HILL PARTNERS, LLC, CAROLINE MECKEL, STEVEN MECKEL,
CARPENTER FINANCIAL GROUP, INC.,
       Defendants,

DANIEL CARPENTER, MICHAEL G. CALDWELL,
       Movants.

## JUDGMENT

This matter came on for consideration of the following motions before the

Honorable Kari A. Dooley, United States District Judge:  342 Motion to Dismiss for Lack

of Jurisdiction, 362 Motion to Vacate,  372 Motion to Dismiss for Lack of Jurisdiction,

 257 Motion to Dismiss,  261 Motion to Dismiss, 291 Motion to Dismiss, 292 Motion to

Dismiss,  293 Motion to Dismiss, 294 Motion to Dismiss,  301 Motion to Dismiss,

303 Motion to Intervene.  The Court has considered the full record of the case including

applicable principles of law. On August 2, 2023, the Court issued a ruling

denying 342 Motion to Dismiss for Lack of Jurisdiction; granting 362 Motion to Vacate;

denying 372 Motion to Dismiss for Lack of Jurisdiction; granting 257 Motion to Dismiss;

granting 261 Motion to Dismiss; granting 291 Motion to Dismiss; granting 292 Motion to

Dismiss; granting 293 Motion to Dismiss; granting in part and denying in

part 294 Motion to Dismiss; granting 301 Motion to Dismiss; finding as moot 303 Motion

EOD: 8/8/2023

to Intervene.  It is therefore;

ORDERED, ADJUDGED and DECREED that judgment shall enter in favor of

the Defendants with prejudice and the case is closed.

Dated at Bridgeport, Connecticut this 8th day of August 2023.

DINAH MILTON KINNEY, Clerk
By /s/ Kristen Gould
Kristen Gould
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC,<br>*Plaintiff*, | |
| v. | No. 3:20-cv-00738 (JAM) |
| BENISTAR *et al.*,<br>*Defendants*. | |

**ORDER RE PENDING MOTIONS TO DISMISS**

This lawsuit is the latest stage of a long-running effort by plaintiff Universitas Education, LLC ("Universitas") to collect the proceeds of life insurance policies that were stolen more than a decade ago. Universitas brings this action to enforce a prior judgment against 11 individuals, trusts, and companies that were not parties to the prior action, but that are allegedly "alter egos" and part of the same "criminal enterprise" as the judgment debtors. The complaint alleges six counts based on theories of alter ego liability, constructive trust, and liability for attorneys' fees.

The defendants have filed four separate motions to dismiss on a variety of grounds. I conclude that Universitas has stated a plausible claim that some—though not all—of the defendants may be subject to alter ego liability, but that most of Universitas's claims do not state a plausible claim. Accordingly, I will grant the motions to dismiss in part and deny them in part.

**BACKGROUND**

The following facts are set forth in the light most favorable to Universitas as the non-moving party and whose allegations are accepted as true for the purposes of this motion.

This action involves efforts by Universitas to collect the proceeds of two life insurance policies for Sash Spencer. Universitas was the sole, irrevocable beneficiary of Spencer's life insurance policies, which were owned by the Charter Oak Trust ("COT") and managed by Nova Group, Inc. ("Nova Group"). Doc. #1 at 5 (¶¶ 27-28). COT and Nova Group are both controlled

1

by Daniel Carpenter, who Universitas alleges is a "prolific fraudster who has been convicted on seventy-six felony counts including, *inter alia*, the theft of $30 million from Universitas." *Id*. at 3, 5 (¶¶ 16, 29).

In 2008, Spencer died unexpectedly, but Daniel Carpenter and his associates fraudulently denied Universitas's claim for Spencer's life insurance proceeds and transferred the death benefits to entities owned and controlled by Daniel Carpenter while Universitas's appeal was pending. *Id*. at 5-6 (¶¶ 30-35).

In January 2011, an arbitrator found in Universitas's favor and entered an award of $26.5 million against Nova Group, and this award was confirmed by Judge Swain in the Southern District of New York. *Id*. at 7-8 (¶¶ 42, 45); *see also Universitas Educ., LLC v. Nova Grp., Inc.*, 2012 WL 2045942, at *3 (S.D.N.Y. 2012), *aff'd*, 513 F. App'x 62 (2d Cir. 2013). Following extensive post-judgment discovery, Universitas brought three turnover motions before Judge Swain to enforce its judgment pursuant to Federal Rule of Civil Procedure 69 and New York Civil Practice Law and Rules ("CPLR") § 5225(b).

The first turnover motion sought the proceeds of an insurance policy on a property owned by Moonstone Partners, LLC ("Moonstone"). Daniel Carpenter, Molly Carpenter, and Moonstone all appeared in the turnover proceeding. *See Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 WL 6123104, at *1 (S.D.N.Y. 2013). After a bench trial, Judge Swain granted Universitas's turnover petition in November 2013. *Id*. at *13. Judge Swain concluded that Daniel "Carpenter caused Nova, the Charter Oak Trust, and other affiliated entities, directly or indirectly, to transfer the Life Insurance Proceeds to which [Universitas] is entitled" and "Carpenter caused the Life Insurance Proceeds to be transferred to and through entities that he controlled, either directly or indirectly, including Moonstone, for the personal benefit of Mr.

Carpenter and his affiliates." *Id*. at *7. Judge Swain found that Moonstone was Daniel Carpenter's "shell" company, as were others of the hundreds of companies that Daniel Carpenter founded and controlled from the same address. *Id*. at *2, 5.

The second turnover petition sought the turnover of assets by Daniel Carpenter and seven affiliated entities, including Carpenter Financial Group. Following an evidentiary hearing and voluminous filings, Judge Swain concluded that Daniel Carpenter and the turnover respondents engaged in a series of fraudulent transfers with the intention of depriving Universitas of the Spencer life insurance policy proceeds. *See Universitas Educ., LLC v. Nova Grp., Inc.*, 2014 WL 3883371, at *10-11 (S.D.N.Y. 2014). Judge Swain entered judgment against each of the turnover respondents, including a $30.6 million judgment against Daniel Carpenter and an $11.14 million judgment against Carpenter Financial Group. *Id*. at *11, 13; Doc. #1 at 10 (¶ 55).

In 2015, Universitas filed a third turnover motion before Judge Swain seeking turnover of an insurance policy held by one of the judgment debtors, Grist Mill Trust ("GMT"). Judge Swain determined that the turnover motion and other proceedings related to GMT's insurance policies were "well beyond the scope of the [court's] ancillary jurisdiction" because they were "premised on the assertion of rights based on trust agreements, insurance policies, and other contracts that were not involved in the underlying arbitration and original judgment enforcement proceedings, nor implicated in the subsequent fraudulence conveyance proceedings." *Universitas Educ., LLC v. Nova Grp., Inc.*, 2015 WL 57097, at *3 (S.D.N.Y. 2015). Judge Swain denied Universitas's third turnover motion "without prejudice to appropriate proceedings in fora of competent jurisdiction." *Id*. at *4.

In 2016, in a criminal trial before Judge Chatigny in the District of Connecticut, Daniel Carpenter was found guilty of 57 counts of mail and wire fraud, conspiracy to commit mail and

wire fraud, illegal monetary transactions, money laundering, conspiracy to commit money laundering, and aiding and abetting those substantive offenses, including for his conduct defrauding Universitas. Doc. #1 at 11 (¶ 58); *see United States v. Carpenter*, 190 F. Supp. 3d 260 (D. Conn. 2016), *aff'd sub nom. United States v. Bursey*, 801 F. App'x 1 (2d Cir. 2020). Among the relevant findings in that case were that "the evidence shows that the formal corporate structure of the various Benistar Entities had little meaning for the people involved" and the "evidence also shows that corporate entities were created and discarded at Mr. Carpenter's direction when it suited his purposes." Doc. #1 at 14, 16 (¶¶ 72, 79); *Carpenter*, 190 F. Supp. 3d at 274. Carpenter was sentenced to 30 months of imprisonment, which he is serving in New York until a scheduled release date in May 2021. Doc. #74-7 at 3; No. 3:13-cr-00226-RNC-1 Doc. #466.

Daniel Carpenter and the other judgment debtors are not named as defendants in this action, but Universitas alleges that the named defendants are each part of Carpenter's "criminal enterprise" that it refers to as "Benistar." Doc. #1 at 4-5, 14 (¶¶ 22-23, 73). Universitas alleges that "Benistar is a single economic entity comprised of hundreds of corporations, LLCs, trusts, and other entities. Any distinction between Benistar entities is fictitious – Benistar entities are operated such that they lack any separate identity and in a manner that is abusive to the corporate form." *Id*. at 13 (¶ 67). Universitas argues that Daniel Carpenter's entities, including the defendants, operate as a "single entity with a common purpose and course of conduct – the personal enrichment of Mr. Carpenter, Mrs. Carpenter, and Mr. Trudeau." *Id.* at 13-14 (¶¶ 68-73).

Universitas alleges defendant Benistar Admin Services, Inc. ("BASI") is the "hub" of Daniel Carpenter's entities, and that it controls the trusts within Carpenter's network through the

use of shell-company trustees that then contract services to BASI. *Id.* at 18 (¶¶ 90-91). In addition, it alleges BASI was previously found by a Massachusetts court to be an alter ego of Daniel and Molly Carpenter in a veil piercing action. *Ibid.* (¶ 92).

Defendant TPG Group, Inc. ("TPG") is owned by defendants BASI, Molly Carpenter, and Donald Trudeau, but controlled by Daniel Carpenter, and has been used to transfer more than $1 million of assets to a judgment debtor in a way that allows Daniel Carpenter to profit from TPG's operations without being on TPG's official records. *Id.* at 19-20 (¶¶ 102-03).

Moonstone "is a shell company created to purchase and manage a vacation property for Daniel Carpenter and Molly Carpenter." *Id.* at 21 (¶ 116). The vacation property was purchased using the fraudulently-transferred Spencer life insurance proceeds. *Id.* at 21-22 (¶¶ 117, 120). Judge Swain found Universitas's "interest in the Property and any insurance proceeds is superior to those of the insurance company … and those of all of the Moonstone Respondents." *Id.* at 22 (¶ 120); *Universitas*, 2013 WL 6123104, at *13.

Defendant Molly Carpenter is Daniel Carpenter's wife and is an executive of BASI, TPG, Moonstone, and various other related entities. Doc. #1 at 26 (¶¶ 144-45). She holds Daniel Carpenter's primary power of attorney while he is incarcerated but "defers all executive decisions to Mr. Carpenter, thereby providing Mr. Carpenter with control over Benistar while helping to conceal his involvement in Benistar." *Ibid.* (¶¶ 144-45). Molly Carpenter was "heavily involved with COT" and is or has been a signatory on dozens of Benistar bank accounts, including those belonging to COT, TPG, and BASI. *Ibid.* (¶¶ 146-48). She personally owns 99% of Moonstone, and she has personally received other transfers of the Spencer life insurance proceeds from judgment debtors. *Id.* at 21, 27 (¶¶ 116-19, 150-51).

Defendant Donald Trudeau is the President of BASI and TPG as well as an executive in other related entities, has submitted false testimony on Daniel Carpenter's behalf in prior proceedings, and directed the fraudulent transfer of millions of dollars of the Spencer life insurance proceeds, including to entities that he controls. *Id*. at 23-25 (¶¶ 131-32, 138-40).

Defendant Grist Mill Partners, LLC ("GMP") owns the property at 100 Grist Mill Road that was the office for Daniel Carpenter's companies through 2014. *Id*. at 20 (¶¶ 106-07). Universitas alleges GMP is wholly owned and controlled by two entities—99 percent by Carpenter Financial Group and 1 percent by Caroline Financial Group, Inc.—that are in turn controlled by Daniel Carpenter. *Id*. at 21 (¶¶ 113-14).

Defendants Alliance Charitable Trust, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, and Carpenter Charitable Trust (the "Defendant Trusts") are trusts organized under Delaware law. *Id*. at 2-3 (¶¶ 6-10). Daniel Carpenter is sole grantor and trustee for the Defendant Trusts and is in complete control of them and their assets. *Id*. at 22-23 (¶¶ 125-26). In November 2009, Daniel Carpenter caused one of the judgment debtors to make 11 transfers of the Spencer life insurance policy proceeds to the Charitable Trusts, totaling $1.76 million. *Id*. at 23 (¶ 128). In 2013, Daniel Carpenter "sent an email boasting that the Charitable Trusts contain assets worth tens of millions of dollars." *Ibid*. (¶ 127).

Due to Daniel Carpenter, the judgment debtors, and the defendants' fraud and their use of shell companies to hide assets, Universitas's "judgment remains substantially unsatisfied, even after years of post-judgment litigation seeking to enforce the judgment." *Id*. at 16, 28 (¶¶ 79, 157). Universitas also provides details throughout its complaint and subsequent briefing about Daniel Carpenter's alleged bad faith litigation tactics, including delay, false testimony, refusal to comply with discovery and court orders, and filing fraudulent motions, including 11 motions that

were found sanctionable. *See id*. at 6-10 (¶¶ 37-54). As a result of the protracted litigation and difficulty enforcing its judgment, Universitas claims it has spent more than $10 million in attorneys' fees and legal costs seeking to locate assets and enforce its largely-unfulfilled judgment. *Id*. at 29, 32 (¶¶ 166, 183).

In March 2020, Universitas filed letter motions before Judge Swain seeking entry of judgment against Moonstone, BASI, and Molly Carpenter on alter ego theories. Judge Swain denied the motions as procedurally improper but "without prejudice to formal motion practice." Doc. #96-1 at 2; No. 1:11-cv-01590-LTS-HBP Doc. #661.

In May 2020, Universitas filed this action alleging six counts against the defendants and seeking money damages and attorneys' fees. The First Count is for alter ego liability against all defendants for the outstanding judgments against Daniel Carpenter and Nova Group. Doc. #1 at 30-31 (¶¶ 172-80). The Second Count is for liability for attorney's fees against all defendants because Universitas was the prevailing party in all prior actions, and the underlying COT document provides that the non-prevailing party shall pay all the prevailing party's costs, including attorneys' fees. *Id*. at 31-32 (¶¶ 181-86). The Third Count is for a constructive trust against Moonstone, Molly Carpenter, and the Defendant Trusts because the Spencer life insurance proceeds were fraudulently transferred to the Defendant Trusts and were used to purchase the Moonstone property. *Id*. at 32-33 (¶¶ 187-93). The Fourth Count is for constructive trust against the Defendant Trusts because Daniel Carpenter is their sole grantor and trustee, has complete control over the trusts, and has used their assets for his personal benefit. *Id*. at 33-34 (¶¶ 194-97). The Fifth Count is for constructive trust against GMP, which is allegedly controlled by Daniel Carpenter and "holds title to Carpenter Financial Group assets in order to shield such assets from Daniel Carpenter's creditors." *Id*. at 34 (¶¶ 198-202). The Sixth Count is for

constructive trust against Moonstone because Daniel Carpenter controls Moonstone, and placed property in Moonstone to avoid paying creditors. *Id*. at 34-35 (¶¶ 203-06).

The defendants have filed four motions to dismiss. Molly Carpenter, Trudeau, BASI, TPG, and Moonstone (the "Benistar Defendants") move to dismiss the claims brought against them under Rule 12(b)(6) on the ground that these claims are barred by the doctrine of *res judicata*. Doc. #68. GMP moves to dismiss the claims brought against it for failure to state a claim under Rule 12(b)(6). Doc. #72. The Defendant Trusts have filed two motions to dismiss arguing that Universitas failed to properly serve process under Rule 12(b)(5), that the Court lacks subject matter and personal jurisdiction under Rules 12(b)(1) and 12(b)(2), and that Universitas fails to state a claim upon which relief can be granted under Rule 12(b)(6). Doc. #74; Doc. #87. Universitas filed oppositions to each of these motions. Doc. #85, Docs. #90-92. I heard oral argument on October 20, 2020, and this ruling now follows.

## DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless it recites enough non-conclusory facts to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019). The Court may also consider any documents attached as exhibits to, incorporated by reference in, or integral to the complaint, *see Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018), as well as certain public documents of which it can take judicial notice, including court filings, *see Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).[1]

---

[1] This ruling references prior litigation involving parties to this action or related parties, which I may properly refer to both because the complaint heavily relies on the rulings in the prior litigation and because "[i]n considering a

The defendants have each moved to dismiss in four separate motions. Some of the defendants' claims overlap, while others are unique to particular defendants. I will first address the arguments for dismissal that are common to the defendants, and then will address the independent arguments for dismissal offered by each defendant.

### Attorneys' fees claim against all defendants

To start, Universitas's Second Count is for attorneys' fees against all defendants, and all defendants argue that the Second Count should be dismissed because there is no independent cause of action for attorneys' fees. *See* Doc. #69 at 17 n.2; Doc. #73 at 16; Doc. #74-1 at 17-18. As the arguments are consistent across defendants, I will address them together.

Under "the bedrock principle known as the American Rule, each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Peter v. Nantkwest, Inc.*, 140 S. Ct. 365, 370 (2019) (cleaned up). Connecticut adheres to the American rule. *See Rizzo Pool Co. v. Del Grosso*, 240 Conn. 58, 72-73 (1997). Because there is a baseline presumption that each party bears its own fees, "[t]here is no independent cause of action for attorneys fees in Connecticut." *UOP v. Andersen Consulting*, 1997 WL 219820, at *7 (Conn. Super. Ct. 1997).

Universitas does not identify any contract or statutory provision that would allow it to recover attorneys' fees. Instead, it argues that "[c]laimants are permitted to bring a separate action for reimbursement of attorneys' fees subsequent to the judgment in the action where the attorneys' fees were incurred." Doc. #91 at 36. But the cases Universitas cites do not support its

---

motion to dismiss, a court is permitted to take judicial notice of public records, which includes complaints and other documents filed in federal court." *Medcalf v. Thompson Hine LLP*, 84 F. Supp. 3d 313, 321 (S.D.N.Y. 2015). To the extent I rely on filings other than rulings in prior cases, I do so "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

contention that a demand for payment of attorneys' fees is a separate cause of action. Rather, they stand for the uncontroversial proposition that attorneys' fees are recoverable if they are expressly provided for in an underlying contract or statutory provision and are included in the prayer of relief for a claim based on a different underlying cause of action.[2]

Universitas also asserts that the COT document provides for recovery of attorneys' fees, and that the trust document represents a contract. Doc. #91 at 36-37. Universitas invokes Judge Swain's prior holding that the attorneys' fees provision of the trust document is enforceable. *See Universitas Educ., LLC v. Nova Grp., Inc.*, 2014 WL 5020575, at *1 (S.D.N.Y. 2014). But none of the defendants in this action were a direct party to that trust document, and in any event Universitas has not brought an action here on that contract.

Because Universitas has failed to show that Connecticut law allows a standalone claim for attorneys' fees, I will dismiss the Second Count of Universitas's complaint against all defendants for failure to state a claim upon which relief can be granted. This ruling is without prejudice to Universitas's seeking attorneys' fees if it is ultimately successful on a different cause of action and if attorneys' fees are warranted on the basis of the COT document or a separate statutory or contractual provision.

---

[2] In *Psomas v. DeRaffele Mfg. Co., Inc.*, 1998 WL 7065 (Conn. Super. Ct. 1998), the case Universitas relies most heavily on, attorneys' fees were part of the prayer for relief, not the underlying claim, and the Superior Court granted the defendant's motion to strike the attorneys' fees from the complaint because the plaintiff could not "show that he is statutorily or contractually entitled to attorneys fees under the first count of the complaint." *Id.* at *2. In *Cumberland Farms, Inc. v. Lexico Enterprises, Inc.*, 2012 WL 526716 (E.D.N.Y. 2012), the plaintiff sued for breach of a lease provision that included a clause requiring that the other party reimburse all reasonable costs including attorneys' fees spent enforcing rights and remedies under the lease. *Id.* at *3. The attorneys' fees were part of the prayer for relief, not the underlying cause of action. In *J.H. v. Nevada City Sch. Dist.*, 2015 WL 1021424 (E.D. Cal. 2015), the plaintiffs sought attorneys' fees pursuant to their statutory right under the Individuals with Disabilities Education Act for prevailing parties in compliance proceedings. *Id.* at *4. In *Synergics Energy Services v. Algonquin Power Fund*, 2014 WL 2812230 (D. Md. 2014), the underlying cause of action was a breach of purchase agreement that "expressly provides for the recovery of attorneys' fees under certain circumstances," and the plaintiff sought attorneys' fees as part of the prayer for relief. *Id*. at *24. And in *Pirrotti v. Respironics, Inc.*, 2011 WL 3902763 (D. Conn. 2011), the plaintiff sought attorneys' fees as part of punitive damages in an action alleging actual and constructive fraud. *Id.* at *5.

***Constructive trust causes of action***

The defendants move to dismiss the "constructive trust" counts, arguing that "constructive trust" is a remedy, not a legally cognizable cause of action. Doc. #69 at 13 (Benistar Defendants addressing the Third and Sixth Counts); Doc. #73 at 14-15 (GMP addressing the Fifth Count); Doc. #74-1 at 14-15 (Defendant Trusts addressing the Third and Fourth Counts).

Under Connecticut law, "a constructive trust is a remedy, not an independent substantive cause of action." *Coan v. Dunne*, 2019 WL 1976146, at *5 (D. Conn. 2019) (citation omitted); *see also Carney v. Lopez*, 933 F. Supp. 2d 365, 384 (D. Conn. 2013) (dismissing claim for constructive trust and converting it to a request for a remedy); *Macomber v. Travelers Prop. & Cas. Corp.*, 261 Conn. 620, 623 n.3 (2002) (constructive trust counts "request remedies" "rather than being substantive causes of action upon which the complaint is predicated").

To be sure, there is indeed "no clear appellate decision regarding whether a constructive trust can be an independent cause of action, and there is a split among the decisions of the Superior Court." *Reed v. McCready*, 2014 WL 2854001, at *6 (Conn. Super. Ct. 2014) (collecting cases). But I find the reasoning in *Reed* persuasive that "unjust enrichment or fraud provide the legal theory that grants the plaintiff a right to a constructive trust." *Id*. at *7. This is in line with the Connecticut Supreme and Appellate Courts' consistent characterization of constructive trust as an equitable "remedy." *See, e.g.*, *Gold v. Rowland*, 296 Conn. 186, 211 n.22 (2010) ("The imposition of a constructive trust by equity is a remedial device designed to prevent unjust enrichment") (internal quotations omitted); *Cadle Co. v. Gabel*, 69 Conn. App. 279, 293 (2002) ("[W]e are convinced that the court, after a trial on the merits, could find that the defendants here similarly were unjustly enriched and that a constructive trust is an

11

appropriate remedy"); *Gulack v. Gulack*, 30 Conn. App. 305, 311 (1993) ("[a] constructive trust is an equitable remedy imposed to prevent unjust enrichment").

Accordingly, I conclude that constructive trust is not a substantive independent cause of action, and I will dismiss the Third, Fourth, Fifth, and Sixth Counts of Universitas's complaint for failure to state a claim upon which relief can be granted. The dismissal of these claims is without prejudice to consideration of whether constructive trust would be an appropriate *remedy* if Universitas is successful in establishing liability through a different cause of action. *See Carney*, 933 F. Supp. 2d at 384.[3]

### Alter ego liability

GMP moves to dismiss Universitas's claim in the First Count for alter ego liability. GMP argues that this count—which seeks to hold GMP liable for a judgment against Daniel Carpenter—seeks "reverse veil piercing" liability for which no cause of action is recognized under Delaware or Connecticut law. Doc. #73 at 11-16.

Unlike a traditional alter ego or veil piercing claim, in which a claimant seeks to hold shareholders liable for a corporation's debts, a claim for reverse veil piercing involves a claimant who seeks to hold a company responsible for a company owner or official's debt, and a claim for "outsider" reverse veil piercing "applies when an outside third party, frequently a creditor, urges a court to render a company liable in a judgment against its member." *Sky Cable, LLC v.*

---

[3] Universitas also notes that "[s]ome courts have converted a constructive trust claim into an unjust enrichment claim seeking the remedy of a constructive trust," and that its arguments would apply to an unjust enrichment claim as well. Doc. #85 at 27 n.12; *see Cendant Corp. v. Shelton*, 474 F. Supp. 2d 377, 383 (D. Conn. 2007) (converting a constructive trust claim to an unjust enrichment claim after "a review of the allegations in the Fifth Count makes it clear that the plaintiff is claiming that Amy Shelton has been unjustly enriched to its detriment and seeks, as a remedy, the imposition of a constructive trust against her"). I decline to convert Universitas's causes of action to an unjust enrichment claim because Universitas maintains that it has brought a constructive trust cause of action and because such a claim may raise considerations that would benefit from briefing instead of my making a unilateral conversion. This determination is without prejudice to Universitas's seeking leave in an appropriate manner to amend its complaint to add an unjust enrichment cause of action.

*DIRECTV, Inc.*, 886 F.3d 375, 386 (4th Cir. 2018). "Just as traditional veil piercing permits a court to hold a member liable for a company's actions, reverse veil piercing permits a court to hold a company liable for a member's actions if recognizing the corporate form would cause fraud or similar injustice." *Id.* at 387.

As the Connecticut Supreme Court has held, "when a limited liability company is incorporated in another state, our statutes mandate application of the laws of that foreign state." *Weber v. U.S. Sterling Sec., Inc.*, 282 Conn. 722, 730 (2007); *see also Kalb, Voorhis & Co. v. Am. Fin. Corp.*, 8 F.3d 130, 132 (2d Cir. 1993) ("[t]he law of the state of incorporation determines when the corporate form will be disregarded and liability will be imposed on shareholders").[4] Therefore, because GMP is incorporated in Delaware, I must apply Delaware law to decide if it may be subject to an alter ego claim for reverse veil piercing liability.

As several federal courts have noted, "Delaware courts have not addressed whether reverse veil piercing is permitted under Delaware law." *In re Extended Stay, Inc.*, 2020 Bankr. LEXIS 2128, at *118-19 (Bankr. S.D.N.Y. 2020). "Where state law is unsettled, we are obligated to carefully predict how the state's highest court would resolve the uncertainty or ambiguity. Absent a clear directive from a state's highest court, federal authorities must apply what they find to be the state law after giving proper regard to relevant rulings of other courts of the State." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020) (cleaned up).

The Second Circuit has not ruled on how it expects the Delaware Supreme Court would rule on reverse veil piercing, but most courts examining the issue have concluded that Delaware courts would allow an appropriate reverse veil piercing cause of action to proceed. The Fourth

---

[4] Connecticut law now prohibits reverse veil piercing liability, but only for a "domestic entity." Conn. Gen. Stat. § 33-673c. Additionally, the Connecticut Supreme Court has held that the prohibition on reverse veil piercing only applies prospectively after its enactment in June 2019. *McKay v. Longman*, 332 Conn. 394, 432 & n.27 (2019).

Circuit, examining recent cases and the principles underlying veil piercing, "conclude[d] that Delaware would recognize outsider reverse piercing of an LLC's veil when the LLC is the alter ego of its sole member." *Sky Cable*, 886 F.3d at 388. The Fourth Circuit recognized that two of Delaware's lower courts have "signaled some willingness to apply a theory of reverse veil piercing." *Id.* at 387. In one case, "the Court of Chancery of Delaware noted that 'where [a] subsidiary is a mere alter ego of the parent to the extent that the Court may engage in reverse veil piercing, the Court may treat the assets of the subsidiary as those of the parent' for certain purposes." *Id.* at 387-88 (quoting *Spring Real Estate, LLC v. Echo/RT Holdings, LLC*, 2016 WL 769586, at *3 (Del. Ch. 2016)). In addition, the Fourth Circuit noted another case in which "the Delaware Chancery Court observed that a claim of traditional veil piercing 'might have prevailed' had it been presented properly as a claim of reverse veil piercing." *Id.* at 388 (citing *Cancan Development, LLC v. Manno*, 2015 WL 3400789, at *22 (Del. Ch. 2015)). The Fourth Circuit also emphasized statements by Delaware courts about the state's strong interest in "preventing the entities that it charters from being used as vehicles for fraud" and from using the corporate form "as a shield to hinder creditors from collecting on adjudicated claims." *Id.* at 387 (citations omitted).

Similarly, a Southern District of New York Bankruptcy Court recently conducted an extensive analysis of Delaware law and reached the same conclusion, noting that "[n]one of the courts in the Delaware Veil Piercing Cases balked at applying the doctrine of reverse veil piercing, and the *Cancan Development, LLC* court indicated that it might have done so if the claim had been properly presented and supported." *In re Extended Stay*, 2020 Bankr. LEXIS 2128, at *131.

GMP cites *In re ALT Hotel, LLC*, 479 B.R. 781 (Bankr. N.D. Ill. 2012), a case in which the Northern District of Illinois Bankruptcy Court concluded it was "doubtful" Delaware courts would recognize a reverse veil piercing claim. *Id.* at 802. That court held "it would be inappropriate for this court, an Illinois bankruptcy court, to find that Delaware would recognize inside reverse piercing, moving Delaware law in a direction that Delaware's own courts have not yet gone." *Id.* at 803. But that case involved an insider reverse veil piercing claim, not an outsider claim like Universitas brings here. *See Boeing Co. v. KB Yuzhnoye*, 2016 WL 2851297, at *31 (C.D. Cal. 2016) (stating *ALT Hotel's* "rationale is inapplicable here because the facts before this Court do not reflect 'insider reverse veil piercing'"). *ALT Hotel* also predates the cases in Delaware's lower courts that the Fourth Circuit and Southern District of New York Bankruptcy Court relied on in concluding that Delaware's Supreme Court would likely permit a reverse veil piercing claim.

GMP also notes that the *Extended Stay* court ultimately found the plaintiff had not alleged facts sufficient to sustain a reverse veil piercing claim. Doc. #97 at 6. But GMP does not grapple with the *Extended Stay* court's holding that a reverse veil piercing cause of action is likely to be available under Delaware law, nor does it address the Fourth Circuit's decision in *Sky Cable*. I conclude that Universitas has a stronger argument, and for the purpose of this motion to dismiss, I predict that Delaware's Supreme Court would find that a reverse veil piercing cause of action is available under Delaware law.

Next, I consider whether Universitas has pleaded sufficient facts to state a claim for reverse veil piercing. The parties dispute whether the heightened pleading standard under Federal Rule of Civil Procedure 9(b) for claims based on fraud applies to this action. GMP argues that Universitas must meet the Rule 9(b) standard for particularity because its claim is based on

allegations of fraud, and therefore it must specify the circumstances of the fraud and the defendant's mental state. Doc. #73 at 12-13. Universitas counters that the Rule 8(a) pleading standard applies because its veil piercing claim is not alleging fraud by GMP, but instead is seeking to enforce a judgment against GMP that was entered against its alter ego. Doc. #91 at 16.

Both parties look to *In re Currency Conversion Fee Antitrust Litigation*, 265 F. Supp. 2d 385 (S.D.N.Y. 2003), which held "the heightened pleading standard does not apply" if "veil-piercing can be established without proving any element of fraud," such as through an alter ego claim in which "the parent exercised complete domination of the subsidiary and that domination was used to commit a fraud or wrong." *Id.* at 426. And in *Int'l Controls Corp. v. Vesco*, 490 F.2d 1334 (2d Cir. 1974), the Second Circuit noted "Rule 9(b)'s requirement that averments of fraud be stated with particularity is inapplicable here since [plaintiff] did not proceed on the theory that Vesco & Co., itself, committed fraud, but rather that Vesco perpetrated the securities violations and then sought to shield his assets from the reach of his victim by transferring them to Vesco & Co." *Id.* at 1351 n.23 (internal quotation omitted). Because Universitas's claim is likewise based on Daniel Carpenter and his other entities' alleged fraud, not GMP's fraud, and because Universitas alleges GMP is a sham entity or alter ego of Carpenter, Universitas need not plead its claim with particularity.

Courts that recognize reverse veil piercing causes of action typically evaluate those claims using the same approach that is applied to traditional veil piercing or alter ego claims. *See, e.g., Sky Cable*, 886 F.3d at 386, 389 (noting "outsider reverse piercing follows logically the premises of traditional veil piercing" and applying Delaware's traditional test for evaluating an alter ego claim) (citation omitted); *Sec. Inv'r Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R.

293, 321 (Bankr. S.D.N.Y. 1999) ("Courts that pierce the corporate veil in reverse are guided by the rules that govern straight veil piercing").

Under Delaware law, a plaintiff seeking to disregard the corporate form faces "a difficult task." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 176 (2d Cir. 2008) (citation omitted). The plaintiff bringing an alter ego claim "must show *both* that (1) the owner and his corporation operated as a single economic entity, and that (2) the owner's actions contained an overall element of injustice or unfairness." *Cohen v. Schroeder*, 724 F. App'x 45, 47 (2d Cir. 2018) (cleaned up).

As the Second Circuit has explained, "some combination" of the following factors are used to prove the "single economic entity" prong:

> [W]hether the corporation was adequately capitalized for the corporate undertaking; whether the corporation was solvent; whether dividends were paid, corporate records kept, officers and directors functioned properly, and other corporate formalities were observed; whether the dominant shareholder siphoned corporate funds; and whether, in general, the corporation simply functioned as a facade for the dominant shareholder.

*NetJets*, 537 F.3d at 177 (cleaned up). Plaintiffs also "may survive a motion to dismiss by pleading other relevant allegations regarding the parent's complete domination." *Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 975 F. Supp. 2d 392, 403 (S.D.N.Y. 2013).

Although GMP argues that plaintiff has not alleged enough facts to show complete domination, Universitas has plausibly alleged several of these factors. In particular, it has alleged that GMP is part of an overall economic enterprise that exists to benefit Daniel Carpenter and his associates through a web of companies. *See* Doc. #91 at 25. Several courts have found Carpenter and his companies consistently disregard corporate formalities, such as sharing office space, management, computers, and employees. Doc. #1 at 14 (¶¶ 71-72). Judge Chatigny found "the formal corporate structure of the various Benistar Entities had little meaning for the people

involved." *Ibid.* (¶ 72) (citing *Carpenter*, 190 F. Supp. 3d at 274). Judge Swain found many of

Daniel Carpenter's companies to be wholly-owned corporate "shells," including Caroline

Financial Group. *Universitas*, 2013 WL 6123104, at *5. Caroline Financial Group is one of the

two owners of GMP. Doc. #1 at 21 (¶¶ 113-14). Judge Swain entered a judgment of more than

$11 million against GMP's other owner, Carpenter Financial Group, after finding that it was

controlled by Daniel Carpenter and that he used it to fraudulently convey the Spencer life

insurance proceeds. *See Universitas*, 2014 WL 3883371, at *3, 13.

The following findings by Judge Swain about Daniel Carpenter's overall economic

enterprise are particularly instructive:

> The evidence demonstrates that Mr. Carpenter not only controlled Grist Mill, but
> also Nova, the Charter Oak Trust, the GM Trust, Phoenix, GM Holdings, and
> Moonstone, all out of his office at 100 Grist Mill Road. The Court finds that Mr.
> Carpenter controlled all of the relevant entities that received money from the
> Charter Oak Trust account. It is highly probative that each of these entities shared
> the office at 100 Grist Mill Road, from which Mr. Carpenter admits to having
> established and controlled hundreds of entities, including each of those involved
> in this transaction. … Moreover, time and again, Mr. Carpenter's name appears
> on the filings of the various entities in capacities indicating positions of
> responsibility. Despite his self-serving denials, the Court finds that these
> transactions, including the initial transactions removing $10.8 million of the Life
> Insurance Proceeds from the Charter Oak Trust to the Grist Mill account, were
> phases of a transaction among related entities, each of which Mr. Carpenter
> controlled.

*Universitas*, 2013 WL 6123104, at *9.

GMP does not dispute that the single asset it owns is 100 Grist Mill Road, which was the

office for Daniel Carpenter's companies through 2014. Doc. #97 at 9.  In addition, the loan that

GMP offers into evidence for the purchase of the 100 Grist Mill Road property is signed on

GMP's behalf by Daniel Carpenter, identified as "Chairman" of GMP's "Managing Member,"

Caroline Financial Group. *Id.* at 67. Daniel Carpenter's continued complete ownership of this

company and the ability of him and his companies to continue to pay significant legal fees

despite Carpenter, Carpenter Financial Group, and other judgment debtors' purported insolvency also supports an inference that GMP's profits support Carpenter personally. Altogether, these facts plausibly suggest that GMP "functioned as a facade for the dominant shareholder" and that GMP is squarely part of Daniel Carpenter's web of companies that are a "single economic entity."

Universitas has also plausibly alleged facts related to the "injustice or unfairness" prong, for which "there must be an abuse of the corporate form to effect a fraud or an injustice—some sort of elaborate shell game." *Nat'l Gear & Piston*, 975 F. Supp. 2d at 406 (quoting *In re Sunbeam Corp.*, 284 B.R. 355, 366 (Bankr. S.D.N.Y. 2002)). As described above, Universitas has pleaded facts that plausibly suggest GMP is part of Daniel Carpenter's web of shell companies. Universitas has alleged that the corporate structure of Daniel Carpenter's companies is designed to frustrate judgment creditors, and that GMP is a sham entity in that structure. Doc. #1 at 16, 21 (¶¶ 79, 112). As part of that claim, Universitas asserts that Daniel Carpenter granted GMP title to assets with the intent to shield his personal assets from his creditors. *Id.* at 21, 34 (¶¶ 112, 200).

GMP argues that it could not have been a sham entity for Daniel Carpenter's activities because it "was created prior to the death of Mr. Spencer," which is the source of Universitas's claims. Doc. #97 at 10. But "the plaintiff need not prove that the corporation was created with fraud or unfairness in mind. It is sufficient to prove that it was so used." *NetJets*, 537 F.3d at 177. Universitas has plausibly alleged injustice through Daniel Carpenter's use of shell companies including GMP to prevent Universitas from receiving tens of millions of dollars of the judgment it is owed.

Finally, it is worth noting that "piercing an entity's veil under the alter ego theory is particularly appropriate when a single individual or entity completely dominates and controls another entity." *Sky Cable*, 886 F.3d at 390. That is precisely the circumstance Universitas alleges in this case because Universitas alleges that GMP is wholly owned and controlled by two entities—Carpenter Financial Group and Caroline Financial Group—that are in turn owned by Daniel Carpenter. As noted above, Daniel Carpenter and Carpenter Financial Group are judgment debtors who owe Universitas millions of dollars. Because there are no other shareholders, no other parties would be affected if Universitas is able to pierce GMP's corporate veil.

Accordingly, I will deny GMP's motion to dismiss the First Count of Universitas's complaint. Universitas has alleged enough facts to state a plausible claim for alter ego liability against GMP.

### Res judicata *as to claims against Benistar Defendants*

The Benistar Defendants argue that *res judicata* bars Universitas's claims because Universitas could have asserted them in the prior turnover proceedings before Judge Swain. "A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014).

As an initial matter, I must determine what standard for *res judicata* applies. "Because the federal court that issued the first judgment sat in diversity in New York, [I must] apply the preclusion law of that state, unless 'the state law is incompatible with federal interests.'" *Howard Carr Companies, Inc. v. Cumberland Farms, Inc.*, 833 F. App'x 922, 923 (2d Cir. 2021) (quoting

*Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 509 (2001)); *see also NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F. Supp. 2d 134, 143 (S.D.N.Y. 2003) ("[W]hen a federal court sitting in diversity applies state substantive law as the rule of decision in a case, the preclusive effect of any decision by the federal court in that case is to be determined by the state preclusion law of the state in which the district court sits") (citing *Semtek Int'l Inc.*, 531 U.S. at 508-09). Therefore, because the Benistar Defendants seek to invoke *res judicata* based on litigation before a federal court sitting in diversity in the Southern District of New York, I must apply New York law regarding *res judicata*.

Under New York law, "*res judicata*, or claim preclusion, bars successive litigation based upon the same transaction or series of connected transactions … if (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122 (2008) (cleaned up). "The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation." *In re Hunter*, 4 N.Y.3d 260, 269 (2005). "[U]nder New York's transactional analysis approach to *res judicata*, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Ibid.* (internal quotation omitted).

Whether a "factual grouping constitutes a transaction or series of transactions depends on how the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Smith v. Russell Sage Coll.*, 54 N.Y.2d 185, 192–93 (1981) (cleaned up). *Res judicata* applies if the prior action was "grounded on the same gravamen of the wrong

upon which the action is brought." *Id.* at 192 (citation omitted). New York's "approach to *res judicata* is arguably broader than the principles adopted by the federal courts." *Ins. Co. of State of Pennsylvania v. HSBC Bank USA*, 10 N.Y.3d 32, 38 n.3 (2008).

The Benistar Defendants argue that *res judicata* bars Universitas from asserting the alter ego claim in this action because it could have been brought in the 2014 turnover proceeding. First, they argue the 2014 turnover proceeding against Daniel Carpenter and his "affiliated entities" reached a final adjudication on the merits, which it plainly did. Doc. #69 at 14; *see Universitas*, 2014 WL 3883371, at *13. Universitas does not contest that the prior litigation reached a final judgment. Indeed, Universitas now seeks to enforce that final judgment against these defendants.

Next, the Benistar Defendants argue that even though they were not named defendants in the prior action, they were in privity with a party to that action to the extent Universitas asserts they are Daniel Carpenter's alter egos. Doc. #69 at 15-16. Universitas does not contest this argument, either, and there is a sound basis for it. Privity exists because, as the Second Circuit has explained, "if the plaintiffs in this case can prove the defendants are in fact the *alter ego*" of a defendant in a prior case, "the previous judgment is then being enforced against entities who were, in essence, parties to the underlying dispute; the *alter egos* are treated as one entity." *Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 142–43 (2d Cir. 1991); *see also Wells Fargo Bank, N.A. v. Konover*, 2011 WL 1225986, at *29 (D. Conn. 2011), *aff'd*, 630 F. App'x 46 (2d Cir. 2015) (same). Applying that logic here, if the Benistar Defendants are indeed alter egos of Carpenter, then it follows that they were in privity with a party in the underlying action for the purpose of *res judicata*.

Finally, the Benistar Defendants argue that Universitas could have brought its alter ego claims in its prior turnover proceeding under Federal Rule of Civil Procedure 69 and CPLR § 5225(b), which allows veil piercing claims and enforcement against third parties. Doc. #69 at 16. Universitas responds that Judge Swain held it could not bring alter ego claims in that prior proceeding because such claims were outside the scope of the district court's ancillary enforcement jurisdiction. Doc. #90 at 12-15.

Universitas's argument falters in two ways. First, Judge Swain never expressly held that she did not have jurisdiction over alter ego claims. Rather, Judge Swain ruled she did not have ancillary jurisdiction—and would decline to exercise it if she did—over disputes related to the rights that one judgment debtor, Grist Mill Trust, had in various insurance policies. *See Universitas*, 2015 WL 57097, at *3-4. Specifically, Judge Swain explained that "the instant motions and applications for the turnover of insurance proceeds, protective orders, sanctions, and transfers of policies are premised on the assertion of rights based on trust agreements, insurance policies, and other contracts that were not involved in the underlying arbitration and original judgment enforcement proceedings, nor implicated in the subsequent fraudulence conveyance proceedings." *Id*. at *3. The asserted new theories for recovery were "wholly separate from the theories upon which judgments were entered previously," and "it appear[ed] that other beneficiaries, insurance companies, and policy premium payors who [were] not involved in these proceedings may have interests in or concerning the policies at issue here." *Ibid*. As a result, Judge Swain held "[s]uch attenuated proceedings are well beyond the scope of the [court's] ancillary jurisdiction" as defined by the Supreme Court in *Peacock v. Thomas*, 516 U.S. 349 (1996) and by the Second Circuit in *Epperson v. Entertainment Express, Inc.*, 242 F.3d 100 (2d

Cir. 2001). *Ibid*. Judge Swain's ruling did not state that she lacked jurisdiction over an alter ego or veil piercing claim against the five Benistar Defendants.

Later, when Universitas filed letter motions requesting entry of judgment against Moonstone, BASI, and Molly Carpenter on alter ego theories in March 2020, Judge Swain denied them by docket order without prejudice because they were procedurally improper. *See* Doc. #96-1 at 2. That order noted that any formal motion must address the jurisdictional basis for the new claims in light of her prior order, but it did not hold that the court lacked jurisdiction over the claims. *Ibid*.

Second, Universitas focuses only on Judge Swain's jurisdictional analysis in the 2015 turnover proceeding and the March 2020 docket order. But there were three turnover proceedings before Judge Swain, and the Benistar Defendants argue that *res judicata* applies because of the prior turnover proceeding that found Daniel Carpenter and seven other respondents fraudulently conveyed the Spencer life insurance proceeds and that resulted in the entry of money judgments against them in August 2014. *See* Doc. #69 at 14-17; *Universitas*, 2014 WL 3883371. Therefore, I will evaluate whether Universitas could have brought its alter ego claims against the Benistar Defendants in the 2014 turnover proceeding that Universitas brought pursuant to CPLR § 5225(b) in order to determine whether *res judicata* bars its claims in the action now before me.

As a general matter, it is "well settled that this statute [CPLR § 5225(b)] may be used to pierce the corporate veil or assert alter ego liability." *Mitchell v. Lyons Prof'l Servs., Inc.*, 727 F. Supp. 2d 120, 123 (E.D.N.Y. 2010). Turnover petitioners regularly bring alter ego or veil piercing claims against respondents as part of a special proceeding pursuant to CPLR § 5225(b) to set aside the fraudulent conveyance of assets. *See WBP Cent. Assocs., LLC v. DeCola*, 50 A.D.3d 693, 694 (2d Dep't 2008) (collecting cases). And "a § 5225(b) special proceeding is not

as a matter of law immune from … preclusion doctrines when previously unasserted veil piercing or agency issues are raised in another action." *Theatre Row Phase II Assocs. v. H & I Inc.*, 443 B.R. 592, 596 (S.D.N.Y. 2011) (emphasis omitted).

To be sure, "*res judicata* is inapplicable where the plaintiff 'was unable to … seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain … multiple remedies or forms of relief in a single action, and the plaintiff desires … in the second action to seek that remedy or form of relief.'" *Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y.2d 343, 349 (1999) (quoting Restatement (Second) of Judgments § 26[1][c])). "The Second Circuit has drawn a distinction between 'post-judgment proceedings to collect an existing judgment and proceedings, such as claims of alter ego liability and veil-piercing, that raise an independent controversy with a new party in an effort to shift liability,' and fraudulent conveyance claims where the court may pursue assets of the judgment debtor in the hands of third-party under the court's ancillary enforcement jurisdiction." *First Horizon Bank v. Moriarty-Gentile*, 2015 WL 8490982, at *4 (E.D.N.Y. 2015) (quoting *Epperson*, 242 F.3d at 106). "[T]he court may not simply exercise ancillary enforcement jurisdiction … and must make a separate determination of whether it has jurisdiction" over alter ego claims. *Ibid.*; *see also Teamsters Local 456 v. CRL Transportation, Inc.*, 2020 WL 3619048, at *7 n.5 (S.D.N.Y. 2020) (collecting cases). As a result, the court in the prior litigation must have had a separate basis for federal subject matter jurisdiction over the alter ego claims as well as personal jurisdiction over the alleged alter egos in order for *res judicata* to preclude alter ego claims in this action.

Here, it is clear that Judge Swain would have had subject matter jurisdiction over the alter ego claims in the 2014 proceeding for the same reasons that this Court has subject matter

jurisdiction over the instant claims. Federal courts have "diversity" jurisdiction over claims that arise under state law if the parties are citizens of different States and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The amount in controversy for the alter ego claims far exceeds $75,000. Universitas is a citizen of New York, while the five Benistar Defendants are each citizens of Connecticut. Doc. #1 at 1-3 (¶¶ 1-3, 5, 11, 12). There is no reason to believe that any party's citizenship has changed between the commencement of the 2014 turnover proceeding and the filing of this current action.

As to personal jurisdiction, "in general, 'alter egos are treated as one entity' for jurisdictional purposes." *Transfield ER Cape Ltd. v. Indus. Carriers, Inc.*, 571 F.3d 221, 224 (2d Cir. 2009) (quoting *Wm. Passalacqua Builders, Inc*., 933 F.2d at 142-43). Additionally, the reasoning in Judge Swain's ruling suggests that Judge Swain would have found that the Southern District of New York had personal jurisdiction over the Benistar Defendants even though they are Connecticut citizens. Seven of the turnover respondents in the 2014 proceeding argued that the Southern District of New York did "not have personal jurisdiction over them because they are not New York domiciliaries and the New York long-arm statute is insufficient to render them subject to the Court's specific jurisdiction or, alternatively, that such exercise of jurisdiction would violate their Due Process rights." *Universitas*, 2014 WL 3883371, at *5.

Judge Swain rejected this argument, determining that the court had "personal jurisdiction over the Turnover Respondents pursuant to C.P.L.R. section 302(a)(3), and this exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment to the Constitution." *Id*. at *7.  Judge Swain held the court had personal jurisdiction over the turnover respondents principally on the ground that they "should have reasonably expected their actions to create an injury in New York" because the actions were "designed fraudulently to render the

prospective New York judgment unrecoverable, despite the fact that the actions may have been performed in Connecticut." *Id*. at \*6.

Universitas relies on these fraudulent transfers as a core reason why the Benistar Defendants are Daniel Carpenter and the other judgment debtors' alter egos. For example, Universitas argues "[a]t all relevant times, Defendants and Judgment Debtors … operated as a single economic entity that worked to criminally misappropriate Universitas' money, defraud Universitas, and conceal the stolen funds," and "Defendants' aforesaid control and acts were used to commit the aforesaid dishonest, criminal, fraudulent and unjust acts, which proximately caused damages to Universitas and for which the Southern District of New York issued the Judgment against the Judgment Debtors." Doc. #1 at 31 (¶¶ 177, 179).

Accordingly, the court in the prior turnover proceeding would have had personal jurisdiction over the Benistar Defendants for alter ego claims for substantially the same reasons it had personal jurisdiction over the related respondents in that prior proceeding. *See Universitas*, 2014 WL 3883371, at \*5-7. There was no jurisdictional bar preventing Universitas from bringing its alter ego claims against the Benistar Defendants in that proceeding.

It is also evident from the pleadings that the alter ego claims against the Benistar Defendants arise from the same "transaction or series of transactions," and that they would have formed a "convenient trial unit." Like the reverse veil piercing claims against GMP discussed above, Universitas's alter ego claims against the Benistar Defendants rely heavily on factual allegations drawn from the turnover proceedings before Judge Swain and from even earlier litigation involving Daniel Carpenter and his entities.

Indeed, there are no factual allegations related to Universitas's alter ego claim that appear to be related to a different series of transactions or to events that took place subsequent to the

August 2014 judgment in the prior turnover proceeding. Nor are there allegations suggesting that the existence of these five alleged alter egos was only discovered after Universitas filed the turnover motion that led to the August 2014 judgment. To the contrary, Donald Trudeau, as president of BASI, was subpoenaed prior to the filing of the turnover proceedings. *See Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 WL 57892, at *4 (S.D.N.Y. 2013) (denying Trudeau's motion to quash his subpoena). BASI and TPG were also discussed as related entities in 2010 as part of the underlying arbitration proceeding between Universitas and Nova Group. *See, e.g.*, No. 1:11-cv-01590-LTS-HBP Doc. #87-22 at 92. Additionally, Daniel Carpenter, Molly Carpenter, and Moonstone appeared in the 2013 turnover proceeding before Judge Swain. *See Universitas*, 2013 WL 6123104, at *1. Judge Swain found that Moonstone was Daniel Carpenter's "shell" company, as were others of the hundreds of companies that Daniel Carpenter founded and controlled from the same address. *Id*. at *2, 5.

It is appropriate to apply *res judicata* in these circumstances because the facts underlying the alter ego claims were known to Universitas when it brought the earlier turnover motions before Judge Swain. *See Smith*, 54 N.Y.2d at 193–94 (applying *res judicata* because "[t]here was no late discovery" and "no newly discovered facts had come to the fore, [so the new claim] would have to be proved circumstantially out of the same skein of known facts underlying the initial suit. Put another way, this theory of recovery was as available to the plaintiff then as it is now.") (citation omitted); *UBS Sec. LLC v. Highland Capital Mgmt., L.P.*, 86 A.D.3d 469, 474 (1st Dep't 2011) ("to the extent the claims against [defendant] in the new complaint implicate events alleged to have taken place before the filing of the original complaint, *res judicata* applies.")

In addition, the gravamen of Universitas's allegations against the Benistar Defendants relates to the fraudulent conveyance of the Spencer life insurance proceeds and Daniel Carpenter's use of alter egos to prevent Universitas from enforcing its arbitration award. Universitas "engaged in wide-ranging discovery efforts in aid of the execution of the Judgment," and Judge Swain held a bench trial and an evidentiary hearing on the first and second turnover motions, respectively. *See Universitas*, 2013 WL 6123104, at *1-2; *Universitas*, 2014 WL 3883371 at *1. Judge Swain concluded that Daniel "Carpenter caused Nova, the Charter Oak Trust, and other affiliated entities, directly or indirectly, to transfer the Life Insurance Proceeds to which [Universitas] is entitled" and "Carpenter caused the Life Insurance Proceeds to be transferred to and through entities that he controlled, either directly or indirectly, including Moonstone, for the personal benefit of Mr. Carpenter and his affiliates." *Id.* at *7; *see also Universitas*, 2014 WL 3883371, at *10-11. In short, both actions appear to be "grounded on the same gravamen of the wrong." And given the factual overlap between the earlier turnover proceedings and the present alter ego claims, the claims would have formed a "convenient trial unit" before Judge Swain.

Other courts have applied *res judicata* in analogous circumstances involving CPLR § 5225(b) proceedings and alter ego claims. For example, in *Ren–Cris Litho, Inc. v. Vantage Graphics*, the district court dismissed a veil piercing claim on *res judicata* grounds when the plaintiff had previously brought a § 5225(b) turnover proceeding alleging fraudulent conveyance. The court determined that each action arose from the same facts, the plaintiff sought substantially the same relief in both actions, and there were no formal barriers to asserting the veil piercing claim in the turnover proceeding.[5] The Second Circuit affirmed in a summary order

---

[5] Because the district court did not publish a written opinion, the discussion of the case appearing in the text is taken from the Second Circuit's unpublished summary order of affirmance. *Ren–Cris Litho, Inc. v. Vantage Graphics*,

at 107 F.3d 4 (2d Cir. 1997) (table). Similarly, in *Theatre Row*, the district court affirmed a bankruptcy court holding that *res judicata* barred raising objections and defenses including veil piercing because those arguments could have been raised in a prior § 5225(b) proceeding involving the same transaction and parties. 443 B.R. at 598-601.

Universitas also argues that applying *res judicata* in this case would be inequitable. Doc. #90 at 17-20. I am mindful that this application of *res judicata* results in what may in some ways seem to be an inequitable result because it will make it more difficult for Universitas to enforce its judgment. But as the Supreme Court has explained, the "doctrine of *res judicata* serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case. There is simply no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of *res judicata*." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981), *abrogated on other grounds by Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998); *see also Mohamad v. Rajoub*, 767 F. App'x 91, 93 (2d Cir. 2019) ("Plaintiffs' request that we decline to apply *res judicata* on equitable grounds is expressly foreclosed by well-established precedent").

In sum, I conclude that the application of *res judicata* is warranted to bar Universitas's alter ego claims against the Benistar Defendants under the unique circumstances presented in this action. Accordingly, I will grant the Benistar Defendants' motion to dismiss the First Count of Universitas's complaint based on the doctrine of *res judicata*.[6]

---

1997 WL 76860 (2d Cir. 1997) (unpublished). Pursuant to the Second Circuit's Rule 32.1.1, I do not accord that affirmance any precedential authority, and I have relied upon the Second Circuit's discussion only for a description of the facts and circumstances presented to the district court. *See Eckhaus v. Blauner*, 1997 WL 362166, at *5 & n.2 (S.D.N.Y. 1997) (citing *Ren–Cris Litho, Inc.* in the same manner).

[6] Although the Benistar Defendants' *res judicata* defense could arguably apply to each of the defendants in this action, the other defendants do not assert it in their motions, except for the Defendant Trusts in a procedurally improper way in their reply brief. Doc. #98 at 2-5. Nor is it clear whether there may be facts or other reasons why the Court's *res judicata* analysis as to the Benistar defendants should apply with equal force to other defendants.

*Defendant Trusts' first motion to dismiss*

In addition to the attorneys' fees and constructive trust claims addressed above, the Defendant Trusts move to dismiss on the grounds that Universitas failed to properly serve process, that the Court lacks subject matter and personal jurisdiction, and that Universitas fails to state a claim upon which relief can be granted. Doc. #74.

The Defendant Trusts argue that Universitas failed to properly serve them because Universitas's "failure to leave copies of the process at the abode of Daniel Carpenter, as the sole trustee of the Defendant Trusts renders ineffective any attempted abode service on the Defendant Trusts." Doc. #74-1 at 9. The Defendant Trusts' argument is incorrect for substantially the reasons outlined in Universitas's opposition. Doc. #85 at 12-15. The Defendant Trusts claim that their respective trustees—Daniel Carpenter, in each case—must be served personally under Connecticut General Statutes § 52-57. Doc. #74-1 at 7. But § 52-57 only applies to service upon "individuals, municipalities, corporations, partnerships and voluntary associations," not "trusts." Universitas alleges—and the Defendant Trusts do not contest—that the Defendant Trusts are each Delaware statutory trusts with their main office at 10 Tower Lane in Avon, Connecticut. Doc. #1 at 2-3 (¶¶ 6-10).

Accordingly, the Defendant Trusts are "foreign statutory trusts" operating in Connecticut. Under Connecticut law, "[a] foreign statutory trust, by transacting business in this state without a certificate of registration, appoints the Secretary of the State as its agent for service of process with respect to a cause of action arising out of the transaction of business in this state." Conn. Gen. Stat. § 34-539(c). Therefore, the Connecticut State Marshal's service of process on the

---

Therefore, I have no cause at this time to address the application of *res judicata* as to the claims against other defendants.

Defendant Trusts at the Connecticut Secretary of State's office is effective service of process under Fed. R. Civ. P. 4(h)(1)(A), *see* Doc. #25, and I will deny the Defendant Trusts' motion to dismiss under Rule 12(b)(5).[7]

Second, the Defendant Trusts argue that "depositing the summons and complaint with the Secretary of State's Office in Hartford is insufficient to establish personal jurisdiction over the Defendant Trusts." Doc. #74-1 at 9. The Defendant Trusts' threadbare argument appears to be based on the same theory for inadequate service of process described above; it does not advance any independent grounds for a lack of personal jurisdiction. Accordingly, I deny the Defendant Trusts' motion to dismiss on this basis for the same reasons discussed above.

Third, the Defendant Trusts argue that the court lacks subject matter jurisdiction for lack of complete diversity between the parties. Doc. #74-1 at 18-20. The Defendant Trusts claim that Daniel Carpenter, their sole trustee, is a resident of New York, where he was incarcerated when this action was filed, and that "he has been a long-term resident of Florida, and will return there upon termination of his sentence of incarceration. Prior to incarceration, he maintained a Florida driver's license, was registered to vote there, and has bank accounts and safety deposit boxes in Florida. For purposes of diversity jurisdiction, Mr. Carpenter is a resident of Florida." Doc. #74-1 at 20. The Defendant Trusts argue Universitas's two members, Sharon Siebert and Donna Vassar, are residents of New York and Florida. *Ibid.*

The Defendant Trusts' argument is meritless. As noted above, federal courts have "diversity" jurisdiction over claims that arise under state law if the parties are citizens of different States and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "An

---

[7] Universitas also makes a strong showing that its service of process at 10 Tower Lane would be effective under Conn. Gen. Stat. § 34-508(c) if the Defendant Trusts were construed to be domestic trusts, and that the Defendant Trusts' sole trustee Daniel Carpenter had actual notice of the lawsuit in any event. Doc. #85 at 14-15.

individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation omitted). A person can only have one domicile. *Ibid.* "It is well-established that a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile. Instead, the prisoner retains his pre-incarceration domicile[,]" although this presumption is rebuttable. *Poucher v. Intercounty Appliance Corp.*, 336 F. Supp. 2d 251, 253 (E.D.N.Y. 2004).

Universitas provides numerous court opinions and sworn filings in other cases that make clear that Daniel Carpenter was a long-term citizen of Connecticut, not Florida, prior to his incarceration, and that he intends to return to Connecticut after incarceration. *See* Doc. #85 at 10-12. For example, in 2017, Daniel Carpenter filed a complaint in federal district court asserting he was a Connecticut resident. Doc. #85-8 at 1 (¶ 3). In 2020, Daniel Carpenter filed for compassionate release and made other filings requesting release or transfer to a facility in Connecticut to be near his "home," family, and doctors. Doc. #85 at 11; Doc. #85-10 at 7. Daniel Carpenter has also mailed letters to the Court during this litigation that are signed from a Connecticut address. *See* Doc. #101 at 6; Doc. #103 at 7; Doc. #104 at 5.

These records confirm that Daniel Carpenter was a Connecticut resident pre-incarceration, and that he has not established an intent to permanently remain in any other jurisdiction, so his domicile is Connecticut. It is disturbing that the Defendant Trusts have tried to make a factual claim about Daniel Carpenter's citizenship that their counsel should know is obviously untrue. Therefore, there is complete diversity between the parties, and the Defendant

Trusts do not contest that the amount in controversy exceeds $75,000.[8] Accordingly, this Court has subject matter jurisdiction for this action, and I will deny the Defendant Trusts' motion to dismiss under Rule 12(b)(1).

Fourth, the Defendant Trusts make a confusing argument that Universitas has failed to state a claim upon which relief can be granted. Doc. #74-1 at 11-14. Invoking *Peacock*, the Defendant Trusts appear to argue that there is no subject matter jurisdiction or ancillary jurisdiction for Universitas's veil piercing action. *Id*. at 12-14. That argument misreads *Peacock*, which held that proceedings to enforce a judgment against a person not otherwise liable for that judgment need an independent basis for federal jurisdiction, not that they are wholly foreclosed. *See* 516 U.S. at 355; *Epperson*, 242 F.3d at 106. And as I have just explained, Universitas has adequately established an independent basis for subject matter jurisdiction for this action.

Accordingly, I will deny the Defendant Trusts' motion to dismiss for failure to state a claim under Rule 12(b)(6). More generally, I will deny the Defendant Trusts' first motion to dismiss with regard to the First Count of Universitas's complaint.[9]

### Defendant Trusts' second motion to dismiss

Following Universitas's opposition to their first motion to dismiss, the Defendant Trusts filed a second motion to dismiss Universitas's complaint under Rule 12(b)(5) on the ground that Universitas failed to serve process within 90 days of the filing of the complaint. Doc. #87. This second motion is based on essentially the same argument as the first motion to dismiss: that the Defendant Trusts' sole trustee was not personally served, rendering service of process

---

[8] Universitas also disputes the Defendant Trusts' claim that Siebert is a resident of Florida, Doc. #85 at 16, but this dispute is not material to the outcome of the jurisdictional analysis because Daniel Carpenter's domicile is Connecticut.

[9] Because I am denying the Defendant Trusts' motion to dismiss the First Count, I do not consider Universitas's argument that the motion should be converted to a motion for summary judgment because the Defendant Trusts submitted evidence outside the pleadings. *See* Doc. #85 at 28-33.

ineffective, and more than 90 days have passed since the complaint was filed. I will deny the Defendant Trusts' second motion to dismiss for the same reasons that I am rejecting their failure to properly serve process argument as explained above.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the motion to dismiss (Doc. #68) of the Benistar Defendants (defendants Molly Carpenter, Donald Trudeau, BASI, TPG, and Moonstone) on the ground that the complaint's claims against them are barred by *res judicata*. The Court GRANTS the motion to dismiss (Doc. #72) of GMP with respect to the Second Count (attorneys' fees) and Fifth Count (constructive trust) of the complaint, but DENIES the motion to dismiss with respect to the First Count (alter ego liability). The Court GRANTS the Defendant Trusts' first motion to dismiss (Doc. #74) with respect to the Second Count (attorneys' fees), the Third Count (constructive trust), and the Fourth Count (constructive trust) of the complaint, but DENIES the motion with respect to the First Count (alter ego liability). The Court DENIES the Defendant Trusts' second motion to dismiss (Doc. #87). The dismissal of some of Universitas's claims are without prejudice to the filing of a proposed amended complaint if Universitas has good faith grounds to believe its amended complaint can cure the dismissed claims' deficiencies that are identified in this ruling.

It is so ordered.

Dated at New Haven this 15th day of March 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNIVERSITAS EDUCATION, LLC,
    *Plaintiff*,

      v.                          No. 3:20-cv-738 (JAM)

BENISTAR *et al.*,
    *Defendants*.

## RULING ON PENDING MOTIONS

After Daniel Carpenter stole millions of dollars from plaintiff Universitas Education, Universitas filed this lawsuit to recover some of that money from Carpenter's alleged alter egos. Last year, however, I dismissed many of Universitas's claims. I reasoned that because the company should have included those claims in its earlier New York lawsuit against Carpenter, the claims were now barred by the doctrine of *res judicata*.

In response to that ruling, the parties have filed three motions. Universitas asks me to reconsider parts of my ruling. Some defendants ask me to reconsider other parts. And Universitas moves for leave to file an amended complaint. I will deny the motions to reconsider but partly grant Universitas's motion to file an amended complaint to add new claims and defendants. In doing so, I reaffirm my core holding that some of Universitas's claims are barred by *res judicata*.

## BACKGROUND

Universitas took out life insurance policies on Sash Spencer, a benefactor. The policies were managed by the Nova Group. But when Spencer died in 2008, Nova and its owner Daniel Carpenter stole the life insurance payments. Carpenter was later convicted of wire fraud, and in 2011, Universitas was awarded a $26.5 million arbitration judgment against Nova. *See Universitas Educ., LLC v. Benistar*, 2021 WL 965794, at \*1–2 (D. Conn. 2021); *United States v.*

*Carpenter*, 190 F. Supp. 3d 260, 292–96 (D. Conn. 2016), *aff'd sub nom. United States v. Bursey*, 801 F. App'x 1 (2d Cir. 2020).

Ever since, Universitas has struggled to collect the judgment. According to the company, this is because Carpenter has hidden his and Nova's assets in dozens of shell companies. After it won the arbitration, Universitas filed three turnover motions in a New York federal court. Carpenter, some of his alleged shell companies, and his wife Molly appeared in the proceeding. The court found that Carpenter had fraudulently transferred the insurance money to some of the shell companies, and thus that he and the companies were liable for the arbitration award. *Ibid.*

Even still, Universitas has failed to recover the money. So it has filed more lawsuits against Carpenter's affiliates. In this case, it sued four of Carpenter's companies (Benistar Admin Services Inc., TPG Group, Inc., Grist Mill Partners, LLC, and Moonstone Partners, LLC); five of his charitable trusts (Alliance Charitable Trust, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, and Carpenter Charitable Trust); an executive at some of those companies, Donald Trudeau; and Molly Carpenter.[1]

Universitas brought three sets of claims. First, it alleged that the defendants all had "such a unity of interest" with Carpenter that they all should be liable for the arbitration judgment as his alter egos.[2] Second, Universitas sued each defendant for attorneys' fees.[3] And third, it asked for a "constructive trust" against some of the defendants.[4]

Last year, however, I dismissed most of those claims. To start, I ruled that the attorneys' fees and constructive trust claims were not valid causes of action. *Id.* at *5–6. I also dismissed the alter ego claims against some of the defendants.

---

[1] Doc. #1.
[2] *Id.* at 30–31 (¶¶ 172–80).
[3] *Id.* at 31–32 (¶¶ 181–86).
[4] *Id.* at 32–35 (¶¶ 187–206).

I dismissed the alter ego claims because of *res judicata*, a doctrine meant to deter piecemeal litigation. *Id.* at *16. I concluded that under New York law—which I found applies here—*res judicata* "bars successive litigation based upon the same transaction or series of connected transactions if (i) there [wa]s a judgment on the merits rendered by a [previous court] and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *Id.* at *11. I also explained that *res judicata* "applies not only to claims actually litigated but also to claims that could have been." *Ibid*.

I found that *res judicata* barred the alter ego claims against five defendants whom I referred to collectively as the "Benistar Defendants": Molly Carpenter, Trudeau, Benistar, TPG, and Moonstone. First, I found that the claims were based on the "same transaction or series of transactions" as the New York case, because both cases were attempts to hold Nova's affiliates liable for the arbitration judgment against it. *Id.* at *14–15. I also found that Universitas knew enough that it "could have asserted" its new alter ego claims in the New York case. *Id.* at *11, 13–15. And finally, I observed that the defendants here were allegedly in privity with the defendants in the New York case, and that the New York case reached a final decision. *Id.* at *12. Finding all the elements of *res judicata* met, I dismissed the alter ego claims against the Benistar Defendants.

I did not, however, dismiss the alter ego claims against Grist Mill and the Trusts, because those defendants had not properly asked me to. Yet I noted that the "*res judicata* defense could arguably apply to each of the defendants in this action." *Id.* at 16 n.6.

In the wake of my decision, the parties have filed three more follow-on motions. Universitas asks me to reconsider my *res judicata* ruling.[5] Meanwhile, the five charitable trusts

---

[5] Doc. #117.

ask me to extend the ruling to the alter ego claims against them.[6] Finally, Universitas asks for leave to file an amended complaint.[7]

**DISCUSSION**

### *Universitas's motion to reconsider (Doc. #117)*

Motions to reconsider are governed by Local Rule of Civil Procedure 7(c), which provides that they "will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." This standard is strict: "A motion for reconsideration is justified only where the [movant] identifies an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ayazi v. United Fed'n of Teachers Local 2*, 487 Fed. Appx. 680, 681 (2d Cir. 2012).

Universitas asks me to revive its alter ego claims against four defendants—Molly Carpenter, Trudeau, Benistar, and TPG—based on three arguments. First, it says that I overlooked a controlling point of New York law. It claims that in New York, "*res judicata* does not bar post-judgment alter ego claims brought against parties that were not defendants in the prior action."[8]

Universitas is making this argument for the first time. That is reason enough to reject it, because "[a] motion for reconsideration is not an occasion for a losing party simply to re-litigate arguments … that it failed to raise or properly develop before." *Gorss Motels Inc. v. Sprint Commc'ns Co., L.P.*, 2020 WL 1303175, at *1 (D. Conn. 2020); *see Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.*, 265 F.3d 97, 115 (2d Cir. 2001).

---

[6] Doc. #120.
[7] Doc. #118.
[8] Doc. #117-1 at 17.

4

The argument is also mistaken. As I explained in my last decision, *res judicata* may be invoked not only by "a party to the previous action," but also by someone "in privity" to that party. *Universitas*, 2021 WL 965794, at *11 (quoting *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122 (2008)). Universitas cites no authority saying otherwise. It does cite some New York decisions that refused to apply *res judicata* to alter ego claims. In those cases, however, the court did so because the claims "var[ied] materially from the claims determined in [the earlier case]." *Cornwall Mgmt. Ltd. v. Kambolin*, 2015 WL 2090371, at *11 (N.Y. Sup. Ct. 2015); *see also Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*, 39 F. Supp. 3d 516, 523 (S.D.N.Y. 2014); *Abyssinian Development Corp. v. Bistricer*, 2018 WL 2386362, at *3 (N.Y. Sup. Ct. 2018). None of those cases relied on a categorical rule that I overlooked, and they do not suggest that I made a clear error of law.

Next, Universitas says that I made a clear error of fact. In my last ruling, I found that the company knew enough about its alter ego claims to include them in its New York case. But Universitas disagrees and claims that it learned of its claims only later.

Again, I reject this argument simply because Universitas is improperly making it now for the first time. I also reject it on the merits. As I explained in my last ruling, Universitas's alter ego claims "rely heavily on factual allegations drawn from the [New York case] and from even earlier litigation involving Daniel Carpenter and his entities." *Universitas*, 2021 WL 965794, at *14. For example, while the New York case was pending, Universitas knew about all the current defendants and thought that Carpenter was running "numerous companies, corporations and trusts … [to] perpetuat[e] … [a] long-running shell game."[9] That should have prompted it to sue

---

[9] Doc. #309 at 6, *Universitas Educ., LLC v. Nova Group, Inc.*, 11-cv-1590 (S.D.N.Y.); Doc. #117-1 at 14.

the defendants back then. In fact, Universitas has argued that it had "probable cause" for some of its new alter ego claims based on revelations from 2013 and 2003 court decisions.[10]

Universitas does not dispute any of this. Instead, it argues that after the New York case ended, it found even *more* evidence for its claims. But that does not undermine my ruling. *Res judicata* bars Universitas's claims, I have ruled, because the company knew *enough* to bring its claims earlier—not because it knew *everything*. (Once it knew enough to sue, it could have learned the rest during discovery.) To rebut my reasoning, Universitas needed to point to an element of its alter ego claims that it could not have plausibly alleged without its new evidence. Because Universitas has not done this, it has not shown grounds for reconsideration.

Anticipating that conclusion, Universitas has offered to file yet another brief or complaint elaborating on when it learned about the facts supporting its allegations. I decline the offer. Universitas has now had two chances to show that *res judicata* does not apply. It has failed twice, and I will not give it a third try. I also doubt that extra briefing would help. *Res judicata* applies, I have ruled, because of what Universitas indisputably *did* know during the New York case. No matter how much *more* Universitas learned later, my conclusion would not change.

Finally, Universitas argues that I should reconsider my decision because of a new development: in February 2021, an Oklahoma federal court found that some other Carpenter affiliates were liable to Universitas for the arbitration judgment.[11]

Given that I issued my decision in *March* 2021, I do not see how this development is new. Nor do I see how it is relevant. Universitas thinks that the Oklahoma decision and mine are in tension, because under my reasoning, the Oklahoma case was also barred by *res judicata*. But

---

[10] Doc. #9-1 at 14; *see also* Doc. #1 at 15, 19 (¶¶ 76, 97).
[11] Doc. #117-1 at 20 (citing *Universitas Educ., LLC v. Avon Cap., LLC*, Case No. 5:14-fj-5 (W.D. Okla.)); *Universitas Educ., LLC v. Avon Cap., LLC*, 2020 WL 8768520 (W.D. Okla. 2020), *report and rec. adopted*, 2021 WL 510625 (2021).

the Oklahoma defendant (Avon Capital, LLC) is neither a party here nor bound by my decision. At best, then, any tension is in reasoning, not result—and even then, only if the Oklahoma defendant made a *res judicata* argument. Universitas does not explain why a possible tension in reasoning between two district courts in different circuits would be a ground to reconsider my decision.

### Trusts' motion to reconsider (Doc. #120)

Although I dismissed the alter ego claims against some of the defendants, I declined to dismiss those same claims against the Charitable Trusts. But now, the Trusts ask me to dismiss the alter ego claims against them too. I will deny the motion.

To start, the motion is untimely. Under Local Rule of Civil Procedure 7(c), the defendants had seven days to ask me to reconsider my ruling. But without explaining why, they took a month. Plus, their argument is new: aside from an improper reference to it in a reply brief, they did not argue last time that any claims were barred by *res judicata*.

While those are reasons enough to deny the motion, I also disagree with the Trusts on the merits. Unlike some of the other defendants, they have not adequately shown that Universitas knew enough to bring the alter ego claims against them as early as the New York case. Their evidence is just one filing from that case that mentions only one of the five Trusts in passing. This is not enough for me to conclude that *res judicata* applies, let alone that I made a clear error. I will therefore deny the Trusts' motion, without prejudice to their renewing their *res judicata* argument if they find stronger evidence.

In reliance on *Universitas Educ., LLC v. T.D. Bank, N.A.*, 2015 WL 9304551 (S.D.N.Y. 2015), the Trusts also argue that the alter ego claims should be dismissed under a statute of limitations. Because the Trusts did not make this argument in either of their two prior motions to

7

dismiss (Docs. #74, #87) and have presented this argument for the first time in a single sentence of their three-week late motion to reconsider, I will not entertain it at this time.

### *Universitas's motion to amend (Doc. #118)*

Finally, Universitas moves to amend its complaint to add new claims and defendants. Courts "should freely give [the plaintiff] leave [to amend its complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). But a court may deny leave to amend if the new complaint would be prejudicial or futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

I will let Universitas bring some of the claims in its proposed complaint, but not all. Universitas may bring its proposed unjust enrichment claims against the Trusts, against Grist Mill Partners, LLC, and against six new defendants: Caroline and Steven Meckel (Carpenter's daughter and son-in-law); 1&3 Mill Pond Partners LLC; Birch Hill Partners, LLC; Seir Hill Partners, LLC; and Greyhound Partners, LLC.

These claims are not clearly futile. Some of the defendants argue that the claims are barred by a statute of limitations. But their arguments rely on outdated case law: in 2019, the Connecticut Supreme Court held that unjust enrichment claims are "not subject to a statute of limitations," regardless of where the claims arose. *Reclaimant Corp. v. Deutsch*, 332 Conn. 590, 613 (2019). Other defendants argue that the claims fail on the merits or are barred by *res judicata*. But because the parties have not yet fully briefed the issues and developed the record, I cannot now conclude the claims are futile.

Adding these parties and claims would not be unfair. Universitas moved to amend its complaint promptly after my order. Discovery was just beginning (and it remains ongoing). And no current defendant has explained why it would be prejudiced if I added these specific parties. The Trusts argue generally that adding new defendants and claims will "increase the amount of

discovery that will need to be conducted."[12] But "[a]n adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *Mercer v. Schriro*, 2019 WL 4017309, at *6 (D. Conn. 2019). Because the Trusts and Grist Mill have failed to show any other prejudice, I will let Universitas add the six new defendants and the new claims against the Trusts and Grist Mill.

On the other hand, Universitas's proposed claim for unjust enrichment against Molly Carpenter is futile. Universitas alleges that for many years—even before he stole the insurance money—Daniel Carpenter gave his property to his wife to put it "outside the reach of creditors."[13] Therefore, Universitas reasons, Molly Carpenter was unjustly enriched while holding on to Daniel's property that should have been used to pay the arbitration judgment.

But just as I have previously ruled with respect to the alter ego claim against Molly Carpenter, an unjust enrichment claim against her is equally barred by *res judicata*. To start, it arises "out of the same transaction or series of transactions" as the claims in the New York case. This turns on "how the facts [behind the claims] are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Smith v. Russell Sage Coll.*, 54 N.Y.2d 185, 192–93 (1981).

Here, the new claim against Molly Carpenter and the New York claims are closely related. They share the same motivation: to recover on the arbitration judgment. (In fact, they are alternatives: if Universitas had fully recovered based on its theories in the New York case, it could no longer claim unjust enrichment.) The claims also rely on the same general theory—that Carpenter has tried to thwart his creditors by sending his property to associates and shell

---

[12] Doc. #121-1 at 5.
[13] Doc. #118-3 at 61 (¶ 454).

companies. And thus they also rely on similar evidence. Finally, the claims are logically related: Universitas's argument in the New York case—that Carpenter was liable for Nova's debt—is a key premise of its new attempts to hold Carpenter's affiliates liable for that debt.

To be sure, the claims are not identical. As Universitas points out, the New York case focused on whether Carpenter had fraudulently transferred the stolen life insurance payments, while the new claims focus on Carpenter's attempts to hide *all* his assets. But "even when [claims] depend on different shadings of the facts, or would emphasize different elements of the facts," they can be based on the same series of transactions as long as they are "grounded on the same gravamen of the wrong." *Smith*, 54 N.Y. 2d at 192. Just so here.

Aside from arguing that the new claims and the New York case are about different series of transactions, Universitas does not otherwise dispute that *res judicata* applies, except with its general arguments that I have already rejected. I therefore conclude that the unjust enrichment claim against Molly Carpenter is futile.

Finally, Universitas seeks to bring new alter ego claims against 1&3 Mill Pond, Birch Hill, Seir Hill, and Greyhound. It alleges that these companies are liable for the arbitration award because they have a "unity of interest" with Carpenter and his businesses that are already liable.[14] But by trying to hold Carpenter's companies liable for his debts, these claims are alleging a theory of "reverse" veil piercing. And under a 2019 Connecticut law, new lawsuits filed against Connecticut companies may not rely on reverse veil piercing. *See* Conn. Gen. Stat. § 33-673c; *McKay v. Longman*, 211 A.3d 20, 46 n.27 (2019). Birch Hill, Seir Hill, and Greyhound are Connecticut LLCs. And Universitas filed this lawsuit in 2020. So it may not bring reverse veil piercing claims against them.

---

[14] *Id.* at 42 (¶ 261).

But even if these companies are not liable for *Carpenter*'s debt, Universitas argues, they may be held liable for the debt of their *corporate siblings* under a theory of "horizontal veil piercing." I do not agree. As other state courts have explained, horizontal liability "in any tenable form must run up from the debtor corporation to the common owner, and from there down to the targeted sister corporation(s)." *Mortimer v. McCool*, 255 A.3d 261, 285 (Pa. 2021). Thus, horizontal veil piercing is just normal veil piercing followed by reverse veil piercing. And because reverse piercing is now banned in Connecticut, horizontal veil piercing must not be allowed either. *Cf. id.* at 285 n.91 (noting that "among jurisdictions that recognize 'horizontal piercing,' ... only [one] has not expressly adopted reverse-piercing"). Thus, whether I treat the alter ego claims against the Connecticut LLCs as horizontal or reverse, they are futile.

But 1&3 Mill Pond is a Delaware LLC, and I have already ruled that Delaware law likely permits reverse veil piercing. *See Universitas*, 2021 WL 965794, at *7. So that claim is not necessarily futile, and Universitas may amend the complaint to bring it.

## CONCLUSION

The Court DENIES the motions to reconsider (Docs. #117, #120). The Court GRANTS IN PART and DENIES IN PART Universitas's motion to file an amended complaint (Doc. #118). Universitas may file its proposed amended complaint (Doc. #118-3), except for its alter ego claims against Birch Hill, Seir Hill, and Greyhound and its unjust enrichment claim against Molly Carpenter. The motion to amend is otherwise DENIED. The Court GRANTS the motion for leave to file a sur-reply (Doc. #133).

It is so ordered. Dated at New Haven this 16th day of March 2022.

/s/ *Jeffrey Alker Meyer*

Jeffrey Alker Meyer
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) | NO. 3:20-cv-00738 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BENISTAR, *et al.*, | ) | AUGUST 2, 2023 |
| *Defendants*. | ) | |

<u>MEMORANDUM OF DECISION</u>
**RE: MOTIONS TO DISMISS (ECF Nos. 257, 261, 291, 292, 293, 294, 301, 342, 372),**
**MOTION TO INTERVENE (ECF No. 303), & MOTION TO VACATE (ECF No. 362)**

Kari A. Dooley, United States District Judge:

For more than a decade, Plaintiff Universitas Education, LLC ("Universitas") has been

attempting to recoup the proceeds of life insurance policies for which it was the named beneficiary,

but which were stolen from it. Universitas commenced this action to enforce a prior judgment

entered in the Southern District of New York against 11 individuals, trusts, and companies that

were not parties to the prior action, but that are herein alleged to be "alter egos" and part of the

same "criminal enterprise" as the judgment debtors. After the original complaint was dismissed in

part by Judge Meyer,[1] *see Universitas Educ., LLC v. Benistar*, No. 3:20-cv-738 (D. Conn. Mar.

15, 2021), ECF No. 110, Universitas filed an Amended Complaint in April 2022. The Amended

Complaint names as defendants: Grist Mill Partners, LLC (Grist Mill), 1 & 3 Mill Pond Partners,

LLC (Mill Pond), Seir Hill Partners, LLC (Seir Hill), Greyhound Partners, LLC (Greyhound

Partners), and Birch Hill Partners, LLC (Birch Hill) (collectively, the LLCs); Alliance Charitable

Trust, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, and Carpenter

Charitable Trust (collectively, the Trusts); and Caroline and Steven Meckel (collectively, the

---

[1] After Judge Meyer heard oral argument on the motions to dismiss and the motion to intervene, this matter was transferred to the undersigned on April 3, 2023.

Meckels). All defendants have moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Defendants primarily assert that the claims in the Amended Complaint are barred under the doctrine of *res judicata*, but they also identify several other deficiencies in Universitas's Amended Complaint. Additionally, Grist Mill Partners, LLC has moved to vacate the prejudgment remedy entered against it. For the reasons set forth below, the motions to dismiss for lack of subject matter jurisdiction are DENIED (ECF Nos. 294, 342 and 372), the motions to dismiss for failure to state a claim are GRANTED (ECF Nos. 257, 261, 291, 292, 293, 294, and 301), the motion to intervene is DENIED as moot (ECF No. 303), and the motion to vacate the prejudgment remedies is GRANTED (ECF No. 362).

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

"Because a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence, a court adjudicating such a motion may review only a narrow universe of materials. Generally, we do not look beyond facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (citations omitted, internal quotation marks omitted).

The appropriate analysis for a facial challenge to subject matter jurisdiction, as is raised by the Defendants, is similar to that required under Rule 12(b)(6). "When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint or the complaint and exhibits attached to it . . . , the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). The task of the district court is to determine whether, after accepting as true all material factual allegations of the complaint and drawing all reasonable inferences in favor of the plaintiff, the alleged facts affirmatively and plausibly suggest that the court has subject matter jurisdiction. *Id.* at 56–57.

**Allegations and Procedural History**

The Court assumes the parties' familiarity with the case and its procedural history, which was set out in detail by Judge Meyer in his March 2021 decision dismissing much of the original complaint. *See* ECF No 110 at 1–8. Construing the allegations in the Amended Complaint in the light most favorable to Universitas, this case is about a fraudster, Daniel Carpenter, who stole millions of dollars from Plaintiff, a charitable foundation, after the death of the foundation's wealthy benefactor, Sash Spencer. By way of brief background, and as discussed by Judge Meyer:

> In 2008, Spencer died unexpectedly, but Daniel Carpenter and his associates fraudulently denied Universitas's claim for Spencer's life insurance proceeds and transferred the death benefits to entities owned and controlled by Daniel Carpenter while Universitas's appeal was pending. [Complaint], at 5–6 (¶¶ 30–35).

In January 2011, an arbitrator found in Universitas's favor and entered an award of $26.5 million against Nova Group, and this award was confirmed by Judge Swain in the Southern District of New York. *Id.* at 7–8 (¶¶ 42, 45); *see also Universitas Educ., LLC v. Nova Grp., Inc.,* 2012 WL 2045942, at *3 (S.D.N.Y. 2012), *aff'd,* 513 F. App'x 62 (2d Cir. 2013). Following extensive post judgment discovery, Universitas brought three turnover motions before Judge Swain to enforce its judgment. . . .

*Id.* at 2.

Ultimately, Universitas prevailed in the first two turnover proceedings brought against various entities controlled by Carpenter, obtaining judgments against these entities. *Id.* at 2–4. The third turnover motion was denied without prejudice as beyond the scope of the court's ancillary jurisdiction because it pertained to contracts "not involved in the underlying arbitration and original judgment enforcement proceedings, nor implicated in the subsequent fraudulent conveyance proceedings." *Id.* at 4 (quoting *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-cv-1590 (LTS), 2015 WL 57097, at *3 (S.D.N.Y. Jan. 5, 2015)).[2]

Efforts to recoup the stolen funds continued despite obtaining said judgments due to the intransigence of Carpenter. Universitas filed this lawsuit almost three years ago seeking to enforce the prior judgment from the Southern District of New York against 11 individuals, trusts, and companies that were not parties to that action. After the originally named defendants moved to dismiss the complaint, Judge Meyer issued a detailed decision eliminating many, but not all, of Universitas' claims on *res judicata* grounds. After Judge Meyer issued that ruling, the parties moved for reconsideration, and Universitas sought permission to file an amended complaint. Judge Meyer denied the motions to reconsider but granted, in part, Universitas's motion to file an amended complaint to add new claims and defendants. *See* ECF No. 240.

---

[2] Although not repeated herein, the Court relies upon the undisputed parameters and circumstances of the various turnover proceedings before Judge Swain as detailed by Judge Meyer in his memorandum of decision.

Universitas filed the operative Amended Complaint in April 2022 against the 12 defendants identified above. *See* Am. Compl., ECF No. 249.

Plaintiff refers to Carpenter's criminal enterprise as "Benistar." Grist Mill is a Benistar entity that owns and operates a building located 100 Grist Mill Road in Simsbury, Connecticut. Am. Compl. at 22 ¶¶ 117–18. This building served as Benistar's headquarters and as a pass-through entity that could be used to conceal assets from creditors. Am. Compl. at 22–23 ¶¶ 119–20, 124. Grist Mill received $155,000 from Grist Mill Capital, LLC (another shell company that Carpenter uses to hide assets) in August 2007 to purchase the 100 Grist Mill Road property. Am. Compl. at 23–24 ¶¶ 125–26, 49 ¶ 348. Universitas alleges that Grist Mill is an alter ego of Carpenter. Am. Compl. at 23–24 ¶¶ 127–30. The Trusts own most of Carpenter's assets and ownership rights in Benistar and operates as a "creditor proof piggy bank" for Carpenter and his family. Am. Compl. at 24–25 ¶¶ 131–35. In November 2009, the life insurance proceeds were distributed to each of the Trust Defendants, and each serve as an alter ego for Carpenter. Am. Compl. at 25–26 ¶¶ 138–46. The LLC Defendants serve as sham entities to shield Carpenter's assets from collection. Am. Compl. at 27 ¶¶ 153–54, 28 ¶¶ 161–62, 29 ¶¶ 168–69, 33–34 ¶¶ 200, 203–05. Universitas claims that three of these defendants received money from Carpenter-affiliated entities at various times during the course of his extensive fraud as follows: (1) Seir Hill received $150,000 in December 2012; (2) Mill Pond received $300,000 in April 2008; and (3) Birch Hill received $200,000 on two separate occasions in June and September 2010. Am. Compl. at 27 ¶¶ 151–52, 28–29 ¶¶ 159–60, 165–68. With respect to Greyhound Partners, Universitas alleges that "Greyhound [Partners] 'purchased' [a property in Connecticut] for $250,000 from the Carpenter Family Trust" in 2011. Am. Compl. at 33 ¶ 197. That purchase was secured through a promissory note with the family trust, which is similarly used to shield assets from Carpenter's

creditors. Am. Compl. at 33– 34 ¶¶ 198–205. Caroline Meckel is Carpenter's daughter, and Steven Meckel is her husband. Am. Compl. 29 ¶ 170–71. Despite being intimately familiar with Carpenter's prolonged legal and financial troubles throughout the 2000s, they purchased a home at 41 Church Street, Taftville, Connecticut, from Birch Hill without performing any due diligence. Am. Compl. at 29 ¶ 172, 32 ¶¶ 192–93. Had they done so, Universitas claims, it "would have caused [them] to uncover facts demonstrating Mr. Carpenter's fraudulent intent." Am. Compl. at 32 ¶ 193.

Universitas seeks damages through joint and several liability for all defendants.

**Discussion**

*Rule 12(b)(1)*

The Court first turns to the motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See Cantor Fitzgerald, L.P., v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996) ("Customarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of the case."). Greyhound Partners, Seir Hill, Birch Hill, and Mill Pond argue that there is no diversity jurisdiction because Constance Carpenter, a member of Greyhound Partners, is a resident of New York, and Universitas is a New York LLC whose members are also citizens of New York.

Greyhound Partners is a Connecticut limited liability corporation with the following *current* members: Greyhound Management Inc. and Constance Ann Carpenter.[3] Greyhound Management's principal business address is in Avon, Connecticut, and while Constance Carpenter's business address is Connecticut-based, she resides in New York. *Id.*

---

[3] *See* Greyhound Partners LLC, Business, https://service.ct.gov/business/s/onlinebusinesssearch?businessNameEn=qb26aUn5XZgTPRvSA0IA%2FNFYi0eWa3n3MmCdaczoS71VZyrgthnliSVWcOYaQQUL (last accessed Aug. 2, 2023).

"In general, the citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). "Diversity jurisdiction requires complete diversity: no plaintiff and no defendant may be citizens of the same state." *Agoliati v. Block 865 LOT 300 LLC*, 22–51, 2023 WL 405769, at *3 (2d Cir. 2023) (citing *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019)).

Greyhound Partners, Seir Hill, Birch Hill, and Mill Pond argue that Universitas plead that Constance Carpenter is a member of Greyhound Partners in its Amended Complaint, and because she resides in New York, this Court lacks diversity jurisdiction because Plaintiff is a New York LLC. This assertion is simply incorrect. Universitas alleges that Greyhound Management, not Greyhound Partners, "is owned by Daniel Carpenter and his sister Constance Carpenter." Am. Compl. at 33 ¶ 199. And because Greyhound Management is a corporation, the domicile of its owners is irrelevant. *See* 28 U.S.C. § 1332(c)(1).

Further, even though Constance Carpenter is *currently* listed as a member of Greyhound Partners, as noted by Universitas, this is a recent change. "A party's citizenship for [diversity jurisdiction] is considered at the time the complaint is filed." *Agoliati*, 2023 WL 405769, at *3 (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004)). Greyhound Partners filed an Annual Report on March 31, 2022—a week before Universitas filed its Amended Complaint—that listed Greyhound Management as its sole member.[4] In the fall of 2022, and after the Amended Complaint was filed, Greyhound Partners filed several notices with the Connecticut

---

[4] Greyhound Partners LLC, Secretary of the State of Connecticut Annual Report 2022, https://ctds.my.salesforce.com/sfc/p/#t0000000PNLu/a/t0000000deRy/KmSwzAdPYwiUd8y3BUvkra0XX.75tXueo cQEK9dbYhs (last accessed Aug. 2, 2023).

Secretary of the State that added Constance Carpenter as a member of the LLC.[5] Even assuming Constance lives in New York, her addition as a member of Greyhound Partners *after* Universitas filed its Amended Complaint does not defeat diversity jurisdiction.[6]

Accordingly, because at the time the Amended Complaint was filed, there was diversity jurisdiction between Universitas and all Defendants, the Court is satisfied that it has subject matter jurisdiction over this matter and the motions to dismiss for lack of subject matter jurisdiction and as joined by Seir Hill, Birch Hill, and Mill Pond, *see* ECF Nos. 304, 305, 306, are DENIED (ECF Nos. 294, 342 and 372).[7]

*Rule 12(b)(6)*

### Res Judicata

The Court next turns to the motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6) filed by the Trust and LLC Defendants. These Defendants principally argue that *res judicata* bars Universitas's claims.[8]

As previously observed by Judge Meyer:

"Because the federal court that issued the first judgment sat in diversity in New York, [I must] apply the preclusion law of that state, unless 'the state law is incompatible with federal interests.'" *Howard Carr Companies, Inc. v.*

---

[5] Greyhound Partners LLC, Secretary of the State of Connecticut Interim Notice, https://ctds.my.salesforce.com/sfc/p/#t0000000PNLu/a/t0000003I2qE/UMumUF9uCK.qjFn7HBhvJ53EIDaGgSjQz_z5Ciqq5IY (last accessed Aug. 2, 2023).

[6] The Court has also considered Defendants' arguments that Universitas has inadequately plead the domiciles of the members of the LLCs named in the Amended Complaint and that Universitas conceded that this Court lacked diversity jurisdiction by failing to respond to this argument in its opposition brief and finds them unpersuasive. First, although Universitas alleged the residence and not the domicile of the LLC members, Defendants have not argued that the LLC members have a residency that is different from their domicile, and, indeed, Universitas did allege the citizenship of each LLC member. Second, Universitas' failure to address this argument is not forfeited, because this Court must still independently assess the pleadings to see if they provide sufficient grounds to deny the motion. *See* D. Conn. L. Civ. R. 7(a)(2).

[7] The argument by Greyhound Partners, Birch Hill, Seir Hill, and Mill Pond that Universitas lacks standing is arguably frivolous and is therefore not further addressed.

[8] The Trust Defendants also argue that the Amended Complaint is a "shotgun" pleading in violation of Rule 8 and that Plaintiff's unjust enrichment claims are actually fraudulent transfer claims barred by statute of limitations. Because the Court concludes that *res judicata* is dispositive of the Trust Defendants' motions to dismiss, the Court does not address these arguments.

*Cumberland Farms, Inc.*, 833 F. Appx. 922, 923 (2d Cir. 2021) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 509 (2001)); *see also NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F. Supp. 2d 134, 143 (S.D.N.Y. 2003) ("[W]hen a federal court sitting in diversity applies state substantive law as the rule of decision in a case, the preclusive effect of any decision by the federal court in that case is to be determined by the state preclusion law of the state in which the district court sits") (citing *Semtek Int'l Inc.*, 531 U.S. at 508–09, 121 S. Ct. 1021). Therefore, because the Benistar Defendants seek to invoke *res judicata* based on litigation before a federal court sitting in diversity in the Southern District of New York, the Court applies New York law regarding *res judicata*.

Under New York law, "*res judicata*, or claim preclusion, bars successive litigation based upon the same transaction or series of connected transactions . . . if (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y. 3d 105, 122, 863 N.Y.S. 2d 615, 894 N.E. 2d 1 (2008) (cleaned up). "The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation." *In re Hunter*, 4 N.Y. 3d 260, 269, 794 N.Y.S. 2d 286, 827 N.E. 2d 269 (2005). "[U]nder New York's transactional analysis approach to *res judicata*, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Ibid.* (internal quotation omitted).

Whether a "factual grouping constitutes a transaction or series of transactions depends on how the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Smith v. Russell Sage Coll.*, 54 N.Y. 2d 185, 192–93, 445 N.Y.S. 2d 68, 429 N.E. 2d 746 (1981) (cleaned up). *Res judicata* applies if the prior action was "grounded on the same gravamen of the wrong upon which the action is brought." *Id.* at 192, 445 N.Y.S. 2d 68, 429 N. E. 2d 746 (citation omitted). New York's "approach to *res judicata* is arguably broader than the principles adopted by the federal courts." *Ins. Co. of State of Pennsylvania v. HSBC Bank USA*, 10 N.Y. 3d 32, 38 n.3, 852 N.Y.S. 2d 812, 882 N.E. 2d 381 (2008).

ECF No. 110 at 11–12.[9]

---

[9] Here, the question as to the applicability of *res judicata* must be determined with respect to the Trust and LLC Defendants as opposed to the Benistar defendants as was at issue before Judge Meyer. However, the current parties do not otherwise contend that Judge Meyer misapprehended the applicable legal standards of *res judicata* under New York law.

The Trust and LLC Defendants argue that Universitas could have brought claims against them in the prior turnover proceedings because the claims "turn on facts that are related in time, space, [and] origin" insofar as the purpose of the proceedings before Judge Swain and before this Court is to recover life insurance proceeds that were fraudulently hidden from Universitas.[10] In response, Universitas contends that Judge Swain would not necessarily have had personal jurisdiction over the Trust defendants and Grist Mill, and that it did not have sufficient information at the time to plead alter ego and fraudulent transfer claims against them. Universitas further contends that it did not need to bring its new claims against the Trusts and Grist Mill in the prior proceeding "because the basis for its claim is not predicated on the same transaction or occurrence as the claims against the other turnover respondents." As to the remaining LLC Defendants, Universitas likewise contends that whether the Southern District of New York would have personal jurisdiction over them is unclear, and moreover, disputes the assertion that it knew of their existence prior filing its second turnover motion in October 2013. The Court agrees with the Trust and LLC Defendants that *res judicata* bars Plaintiff's claims.

Plaintiff's argument as to personal jurisdiction (or lack thereof) over the Trust and LLC Defendants is not persuasive. "[A]lter egos are treated as one entity" for jurisdiction purposes. *Transfield ER Cape Ltd. v. Indus. Carriers, Inc.*, 571 F.3d 221, 224 (2d Cir. 2009). In the prior action, Judge Swain found that the court had personal jurisdiction over the turnover respondents principally on the ground that they "should have reasonably expected their actions to create an injury in New York" because the actions were "designed fraudulently to render the prospective New York judgment unrecoverable, despite the fact that the actions may have been performed in

---

[10] Seir Hill, Birch Hill, Mill Pond, and Greyhound Partners additionally argue that ERISA preempts the unjust enrichment claims. Because the Court concludes that *res judicata* bars Universitas's claims against these Defendants, the Court does not address this argument.

Connecticut." *Universitas Educ., LLC v. Nova Group, Inc.*, No. 11-cv-1590 (LTS), 2014 WL 3883371, at *6 (S.D.N.Y. Aug. 7, 2014). Universitas alleges that Defendants comprise "a single economic entity" to facilitate Carpenter's criminal activities, and furthermore, that Carpenter controls directly or indirectly all Defendants and that he used that control "to conduct the frauds and other criminal conduct for which the Judgment Debtors have been found liable, including actions to the detriment of Universitas." *See* Am. Compl. at 4 ¶ 18, 12 ¶ 66. Accordingly, the court in the Southern District of New York would have had personal jurisdiction over the Trust Defendants and LLC Defendants for alter ego claims for substantially the same reasons Judge Swain held it had personal jurisdiction over the related respondents in the turnover proceedings.

Turning to the substantive question of *res judicata*'s application here, the Court first observes that the appropriate cut-off date for knowledge of these entities is not October 2013, when Universitas filed its second turnover motion. Rather, the question is whether Universitas could have brought its alter ego claims against the Trust and LLC Defendants prior to the final adjudication of the second turnover motion on August 7, 2014. *See In re Hunter*, 4 N.Y. 3d at 269 ("[O]nce a claim is brought to a *final conclusion*, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.") (emphasis added); *UBS Sec. LLC v. Highland Capital Mgmt., L.P.*, 86 A.D. 3d 469, 476, 927 N.Y.S. 2d 59 (N.Y. App. Div. 2011) (because plaintiff could have "moved to amend well before that complaint was dismissed" with allegations of fraud, *res judicata* appropriately applied). Further, Universitas's alter ego claims against these Defendants rely heavily on factual allegations drawn from the turnover proceedings before Judge Swain and from even earlier litigation involving Carpenter and entities he controls, and conversely, there are no factual allegations related to the alter ego claims that occurred subsequent to the August 2014 judgment. In short, both actions

11

appear to be "grounded on the same gravamen of the wrong," *i.e.*, the theft, diversion, and concealment of the life insurance proceeds. And given the factual overlap between the earlier turnover proceedings and the present alter ego claims, the claims would have formed a "convenient trial unit" before Judge Swain.

Nor are there allegations suggesting that the existence of these ten alleged alter egos was only discovered after the August 2014 judgment. Universitas does not contend otherwise for Grist Mill and the Trusts. *See* ECF No. 265 at 17–21. As to Mill Pond, Universitas offers no rebuttal to the argument that it knew of Mill Pond at the time of the turnover proceedings. *See* ECF No. 302 at 20.

The issue is less clear as to the remaining LLC Defendants, Seir Hill, Birch Hill, and Greyhound Partners. Notwithstanding, the Court concludes that Universitas knew enough at the time of the first two turnover proceedings to discover their existence and to bring alter ego claims against them. *See In re Alfonzo T.*, 79 A.D. 3d 1724, 1725, 914 N.Y.S. 2d 448 (N.Y. App. Div. 2010) (*res judicata* properly applied where petitioner could have discovered incidents that occurred during the same time frame complained of in prior petition "with the reasonable exercise of due diligence" and therefore "petitioner had a full and fair opportunity to litigate the instant theory"); *Saud v. Bank of New York*, 929 F. 2d 916, 920 (2d Cir. 1991) ("As a general rule, newly discovered evidence does not preclude the application of *res judicata*. . . . Exceptions to this rule exist when the evidence was either fraudulently concealed or when it could not have been discovered with due diligence.") (citation omitted). As found by Judge Swain during the first turnover proceeding, Carpenter "founded and controlled hundreds of companies out of his offices at 100 Grist Mill Road in Simsbury, Connecticut. . . . Some of these companies appear to have conducted a variety of businesses; among them was the management of welfare benefit and estate

planning trusts, including the Charter Oak Trust; others are holding or shell entities." *Universitas v. Nova Group, Inc.*, No. 11-cv-1590 (LTS), 2013 WL 6123104, at *2 (S.D.N.Y. Nov. 20, 2013). Moreover, Universitas engaged in "[e]xtensive post-judgment discovery." *Universitas*, 2015 WL 57097, at *1. So even though Universitas was keenly aware that Carpenter and the judgment debtors had hundreds of affiliated entities, Universitas either chose not to engage in further discovery to identify these Defendants[11] or had identified them but failed to name them in the earlier turnover proceedings. Under either scenario, *res judicata* is applicable. *Saud*, 929 F.2d at 920.

Indeed, within  43 days of the August 2014 judgment, Universitas served the LLC Defendants with restraining notices in which Universitas asserted that the LLC Defendants either owed a debt to one or more of the Judgment Debtors, or were "in possession of property in which one or more of the Judgment Debtors has an interest." The service of these restraining notices strongly supports the inference that Universitas was aware of the LLC Defendants during the second turnover proceedings but in any event is conclusive on the issue of whether with the exercise of due diligence Universitas would have discovered their existence.[12] *See* ECF Nos. 291-2; 292-3; 294-2.

Claim preclusion "depends on whether the same or connected transactions are at issue and the same proof is needed to support the claims in both suits or, in other words, whether facts essential to the second suit were present in the first suit." *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 281 (2d Cir. 2008) (rejecting claim that the filing date for an amended complaint was

---

[11] Notably, Universitas does not affirmatively allege, or assert in opposition to the motion to dismiss, that it was *unaware* of these LLC defendants prior to the conclusion of the second turnover proceeding. *See* ECF No. 302 at 18–19.

[12] The Court may take judicial notice of filings on other dockets. *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

the dispositive date to determine "whether the subsequent proceeding raised claims that previously could have been raised"); *Ins. Co. of State of Pennsylvania*, 10 N.Y. 3d at 38 n.3 (New York's "approach to *res judicata* is arguably broader than the principles adopted by the federal courts."). Here, the allegations make clear that the fraudulent transfer and concealment of the life insurance policy proceeds to Seir Hill, Birch Hill, and Greyhound Partners occurred in 2010 to 2012. Am. Compl. at 27 ¶¶ 151–52, 29 ¶ 165–68; 33 ¶ 197. Because these claims "implicate events alleged to have taken place before the filing of the original complaint, *res judicata* applies." *UBS Sec. LLC*, 86 A.D. 3d at 474. *Contra American Federated Title Corp. v. GFI Management Servs., Inc.*, 39 F. Supp. 3d 516, 524 (S.D.N.Y. 2014) ("For a claim to be barred based on the fact that it *could* have been brought in a prior action, the claim logically must have arisen before the prior action. . . . Yet Plaintiff states that it was unaware that the judgment debtors had insufficient assets to pay the bankruptcy settlement until after judgment was entered."). And, as discussed above, Universitas does not allege that the existence of Seir Hill, Birch Hill, or Greyhound Partners was somehow hidden, fraudulently or otherwise, at any point before August 2014 in a manner that would have frustrated Universitas's ability to identify and bring alter ego claims against them. *See, e.g.*, *Saud*, 929 F.2d at 920. While it likely would have been frustrating, and perhaps quite difficult, to seek turnover orders against potentially hundreds of Carpenter entities, this is not a basis to thwart the ultimate goal of *res judicata* — avoidance of piecemeal litigation and the finality of judgments. *See Paramount Pictures Corp. v. Allianz Risk Transfer AG*, 31 N.Y. 3d 64, 73, 96 N.E. 3d 737 (2018).

Accordingly, it is appropriate to apply *res judicata* in these circumstances because the facts underlying the alter ego claims against these defendants were known to Universitas during the earlier turnover proceedings before Judge Swain. *See Smith*, 54 N.Y.2d at 193–94 (applying *res*

*judicata* because "[t]here was no late discovery" and "no newly discovered facts had come to the fore, [so the new claim] would have to be proved circumstantially out of the same skein of known facts underlying the initial suit. Put another way, this theory of recovery was as available to the plaintiff then as it is now") (citation omitted).

Because the Court concludes that *res judicata* bars Universitas's claims against the Trust and LLC Defendants, the Court need not address the additional grounds for dismissal.[13] The motions to dismiss filed by the Trust and LLC Defendants are GRANTED (ECF Nos. 257, 261, 291, 292, 293, 294, and 301).

**Unjust Enrichment**

The Meckels argue that Universitas's claims against them are claims for fraudulent conveyance and as such, are barred by the applicable statute of limitations. Alternatively, even if accepted as a claim of unjust enrichment, Universitas fails to state a plausible unjust enrichment claim because the Meckels *paid* Birch Hill for the home which is the subject of the claim and were not therefore enriched at all, let alone unjustly. Universitas responds that because Birch Hill, which sold the property to the Meckels, was not a judgment debtor, there can be no CUFTA claim. The Court agrees with the Meckels.

Universitas acknowledges that if "a statutory scheme exists for the recovery of a benefit that is also recoverable at common law, the common law right may be resorted to only [if] the statutory procedures are inadequate." *Town of Plainville v. Almost Home Animal Rescue & Shelter, Inc.*, 182 Conn. App. 55, 69 (2018) (quoting *National CSS, Inc. v. Stamford*, 195 Conn. 587, 597

---

[13] As noted by Judge Meyer, the Court is cognizant that the application of *res judicata* may result in what appears to be an inequitable result, particularly, as Universitas has pointed out, where the Trust Defendants had made the opposite argument in their motion to dismiss the original complaint insofar as Plaintiff's alter ego claims failed because the Southern District of New York would have lacked subject matter jurisdiction over those claims. However, because the Trust and LLC Defendants have now properly raised the doctrine of *res judicata*, this Court declines to weigh the equities between the parties. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981).

(1985)). "Under the Connecticut Uniform Fraudulent Transfer Act[,] a transfer made by a debtor is fraudulent as to a creditor if the creditor's claim arose before the transfer was made and the transfer was made with 'actual intent to hinder, delay or defraud any creditor of the debtor.'" *Mirlis v. Greer*, No. 3:18-cv-2082 (MPS), 2019 WL 13125524, at *2 (D. Conn. 2019) (quoting Conn. Gen. Stat. § 52-552e(a)(1)). "A creditor is anyone with a claim, including a judgment." *Id.* (citing § 52-552b(3-4)). "A debtor is an individual liable for a claim." *Id.* (citing § 52-552b(5)). The Connecticut statute does not define "debtor" narrowly; indeed, it does not require a court to enter judgment or conclude that a party qualifies as a debtor. Based on Universitas's Amended Complaint, Birch Hill qualifies as a "debtor" under CUFTA because it is allegedly liable to Universitas for a portion of the fraudulent proceeds it received from Carpenter. Accordingly, because CUFTA was an adequate statutory remedy that Universitas failed to timely pursue against the Meckels, it cannot now rely on unjust enrichment to recover against them.

Even if such a claim was available to Universitas, Universitas's theory of liability defies logic and does not state a plausible unjust enrichment claim. The Meckels purchased a house from Birch Hill and paid market value. The transaction was profitable for Birch Hill. There is no claim that the Meckels received anything other than that for which they paid or that the Meckels retained those funds. *See Indyk v. Habib Bank Ltd.*, 694 F.2d 54, 57 (2d Cir. 1982) ("To offset on a theory of unjust enrichment, there must first be enrichment."). Therefore, any improperly obtained funds, even if used by Birch Hill to purchase the home in the first instance, remain with Birch Hill after the sale to the Meckels. Whether the Meckels were aware that the home had been purchased by Birch Hill with stolen life insurance proceeds is irrelevant to whether they were unjustly enriched

when they purchased and paid for the property. Accordingly, the Meckels' motion to dismiss is GRANTED (ECF No. 301).[14]

*Motion to Vacate*

In light of the Court's decision to dismiss Plaintiff's claims with prejudice, Grist Mill's motion to vacate the prejudgment attachment and security interest entered in favor of Plaintiff, *see* ECF Nos. 66, 338, is GRANTED (ECF No. 362).

**CONCLUSION**

Defendants' motions to dismiss for lack of subject matter jurisdiction are DENIED, Defendants' motions to dismiss for failure to state a plausible claim are GRANTED, Carpenter Financial Group's motion to intervene is DENIED as moot, and Grist Mill's motion to vacate is GRANTED. The dismissal is with prejudice. The Clerk of the Court is directed to enter judgment in favor of all Defendants and to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of August 2023.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[14] Carpenter Financial Group, Inc. moved to intervene pursuant to Rule 24 "to assist the Court in dismissing this case due to Fraud on the Court pursuant to Rule 60(d)(3)." *See* ECF No. 303 at 1. Because the Court has dismissed all of Plaintiff's claims, this motion is DENIED as moot.

APPEAL,CLOSED,EFILE,FOLDER,MOTREF,REFDIS,RMS

# U.S. District Court
## District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:20-cv-00738-KAD

Universitas Education, LLC v. Benistar et al
Assigned to: Judge Kari A. Dooley
Referred to: Judge Robert M. Spector
Cause: 28:1332 Diversity-Other Contract

Date Filed: 05/28/2020
Date Terminated: 08/08/2023
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Universitas Education, LLC**                    represented by **Elizabeth K. Acee**
                                                  Barclay Damon, LLP
                                                  545 Long Wharf Drive
                                                  9th Floor
                                                  New Haven, CT 06511
                                                  203-672-2659
                                                  Fax: 203-654-3260
                                                  Email: eacee@barclaydamon.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Ilan Markus**
                                                  Barclay Damon LLP
                                                  545 Long Wharf Drive
                                                  Ste Ninth Floor
                                                  New Haven, CT 06511
                                                  203-672-2661
                                                  Fax: 203-654-3265
                                                  Email: imarkus@barclaydamon.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Joseph L Manson , III**
                                                  Law Offices of Joseph L. Manson III
                                                  600 Cameron St.
                                                  Alexandria, VA 22314
                                                  202-674-1450
                                                  Email: jlm0505@hotmail.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Michael G. Caldwell**
                                                  Barclay Damon, LLP
                                                  545 Long Wharf Drive, 9th Floor
                                                  New Haven, CT 06511
                                                  203-672-2665
                                                  Fax: 203-654-3271
                                                  Email: mcaldwell@barclaydamon.com
                                                  *TERMINATED: 06/29/2021*
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Benistar**

**Defendant**

**Benistar Admin Services, Inc.**                 represented by **Dan E. LaBelle**
*TERMINATED: 04/07/2022*                          Halloran & Sage

315 Post Rd. West
Westport, CT 06880
203-227-2855
Email: labelle@halloran-sage.com
*TERMINATED: 07/19/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael R. McPherson**
Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103
860-522-6103
Fax: 860-548-0006
Email: mcpherson@halloransage.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**TPG Group Inc**
*TERMINATED: 04/07/2022*

represented by **Dan E. LaBelle**
(See above for address)
*TERMINATED: 07/19/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael R. McPherson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Moonstone Partners, LLC**
*TERMINATED: 04/07/2022*

represented by **Dan E. LaBelle**
(See above for address)
*TERMINATED: 07/19/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael R. McPherson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alliance Charitable Trust**

represented by **Grayson Colt Holmes**
Ouellette, Deganis, Gallagher and Grippe
143 Main Street
Cheshire, CT 06410
203-272-1157
Fax: 203-250-1835
Email: gholmes@odglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey Sandberg**
Palmer Lehman Sandberg, PLLC
8350 North Central Expressway
Suite 1111
Dallas, TX 75206
214-242-6444
Fax: 214-265-1950
Email: jsandberg@pamlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Phoenix Charitable Trust**

represented by **Grayson Colt Holmes**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Jeffrey Sandberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Atlantic Charitable Trust**                  represented by  **Grayson Colt Holmes**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Jeffrey Sandberg**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Avon Charitable Trust**                      represented by  **Grayson Colt Holmes**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Jeffrey Sandberg**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Carpenter Charitable Trust**                 represented by  **Grayson Colt Holmes**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Jeffrey Sandberg**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Donald Trudeau**                             represented by  **Dan E. LaBelle**
*TERMINATED: 04/07/2022*                                       (See above for address)
                                                               *TERMINATED: 07/19/2022*
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Michael R. McPherson**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Molly Carpenter**                            represented by  **Dan E. LaBelle**
*TERMINATED: 04/07/2022*                                       (See above for address)
                                                               *TERMINATED: 07/19/2022*
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Michael R. McPherson**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Jane Doe**
*Entities Under Control of Molly Carpenter and/or*

*Donald Trudeau*
*TERMINATED: 04/07/2022*

**Defendant**

**Jane Doe**
*Entities Under Control of Judgment Debtors*

**Defendant**

**Grist Mill Partners, LLC**                    represented by    **Jeffrey M. Sklarz**
                                                                 Green & Sklarz LLC
                                                                 One Audubon Street
                                                                 3rd Floor
                                                                 New Haven, CT 06511
                                                                 203-285-8545
                                                                 Email: jsklarz@gs-lawfirm.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Jonathan J. Einhorn**
                                                                 Law Office of Jonathan J. Einhorn
                                                                 129 Whitney Avenue
                                                                 New Haven, CT 06510
                                                                 203-777-3777
                                                                 Fax: 203-782-1721
                                                                 Email: einhornlawoffice@gmail.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Lawrence S. Grossman**
                                                                 Green & Sklarz LLC
                                                                 One Audubon Street, Third Floor
                                                                 New Haven, CT 06511
                                                                 203-285-8545
                                                                 Fax: 203-306-3391
                                                                 Email: lgrossman@gs-lawfirm.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Matthew Pesce**
                                                                 Green & Sklarz, LLC
                                                                 1 Audubon Street
                                                                 3rd Floor
                                                                 New Haven, CT 06106
                                                                 203-285-8545
                                                                 Fax: 203-286-1331
                                                                 Email: mpesce@gs-lawfirm.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Greyhound Partners, LLC**                     represented by    **John R. Williams**
                                                                 51 Elm St., Ste. 409
                                                                 New Haven, CT 06510
                                                                 203-562-9931
                                                                 Fax: 203-776-9494
                                                                 Email: jrw@johnrwilliams.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Jonathan J. Einhorn**
                                                                 (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**1&3 Mill Pond Partners, LLC**                    represented by **John R. Williams**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Jonathan J. Einhorn**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Seir Hill Partners, LLC**                        represented by **John R. Williams**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Jonathan J. Einhorn**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Birch Hill Partners, LLC**                       represented by **John R. Williams**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Jonathan J. Einhorn**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Caroline Meckel**                                represented by **Michael R. McPherson**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Steven Meckel**                                  represented by **Michael R. McPherson**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Carpenter Financial Group, Inc.**                represented by **Jonathan J. Einhorn**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**Movant**

**Daniel Carpenter**                               represented by **Jeffrey Sandberg**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **John R. Williams**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Jonathan J. Einhorn**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Movant**

**Michael G. Caldwell**                    represented by  **Michael G. Caldwell**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/28/2020 | 1 | COMPLAINT against All Defendants ( Filing fee $400 receipt number ACTDC-5883546.), filed by Universitas Education, LLC.(Caldwell, Michael) (Entered: 05/28/2020) |
| 05/28/2020 | | Request for Clerk to issue summons as to All Defendants. (Caldwell, Michael) (Entered: 05/28/2020) |
| 05/28/2020 | | Judge Jeffrey A. Meyer added. (Oliver, T.) (Entered: 05/29/2020) |
| 05/28/2020 | 2 | Order on Pretrial Deadlines: Amended Pleadings due by 7/27/2020' Discovery due by 11/27/2020' Dispositive Motions due by 1/1/2021. Signed by Clerk on 5/28/2020.(Freberg, B) (Entered: 05/29/2020) |
| 05/28/2020 | 3 | ELECTRONIC FILING ORDER FOR COUNSEL - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER Signed by Judge Jeffrey A. Meyer on 5/28/2020.(Freberg, B) (Entered: 05/29/2020) |
| 05/28/2020 | 4 | STANDING PROTECTIVE ORDER Signed by Judge Jeffrey A. Meyer on 5/28/2020.(Freberg, B) (Entered: 05/29/2020) |
| 05/29/2020 | 5 | NOTICE TO COUNSEL/SELF-REPRESENTED PARTIES : Counsel or self-represented parties initiating or removing this action are responsible for serving all parties with attached documents and copies of 4 Protective Order, 1 Complaint filed by Universitas Education, LLC, 3 Electronic Filing Order, 2 Order on Pretrial Deadlines Signed by Clerk on 5/29/2020.(Freberg, B) (Entered: 05/29/2020) |
| 05/29/2020 | 6 | ELECTRONIC SUMMONS ISSUED in accordance with Fed. R. Civ. P. 4 and LR 4 as to *Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Benistar, Benistar Admin Services, Inc., Molly Carpenter, Carpenter Charitable Trust, Jane Doe, Jane Doe, Grist Mill Partners, LLC, Moonstone Partners, LLC, Phoenix Charitable Trust, TPG Group Inc, Donald Trudeau* with answer to complaint due within *21* days. Attorney *Michael G. Caldwell* *Barclay Damon, LLP* *545 Long Wharf Drive, 9th Floor* *New Haven, CT 06511*. (Freberg, B) (Entered: 05/29/2020) |
| 05/29/2020 | 7 | NOTICE of Appearance by Ilan Markus on behalf of Universitas Education, LLC (Markus, Ilan) (Entered: 05/29/2020) |
| 05/29/2020 | 8 | MOTION for Attorney(s) Joseph L. Manson III to be Admitted Pro Hac Vice (paid $75 PHV fee; receipt number ACTDC-5886229) by Universitas Education, LLC. (Attachments: # 1 Affidavit of Joseph L. Manson III) (Caldwell, Michael) (Entered: 05/29/2020) |
| 06/01/2020 | 9 | MOTION for Prejudgment Remedy by Universitas Education, LLC. (Attachments: # 1 Memorandum in Support (Exhibits 1-47 filed separately due to size), # 2 Affidavit of Sharon Siebert (Exh. A), # 3 Affidavit of Benjamin Chernow (Exh. B), # 4 Text of Proposed Order (Exh. C), # 5 Exhibit Claim Form-- GMP, # 6 Exhibit Claim Form-- Molly Carpenter)(Caldwell, Michael) (Entered: 06/01/2020) |
| 06/01/2020 | 10 | EXHIBIT *1-10 to PJR Application* by Universitas Education, LLC re 9 MOTION for Prejudgment Remedy . (Caldwell, Michael) (Entered: 06/01/2020) |
| 06/01/2020 | 11 | EXHIBIT *11-20 to PJR Application* by Universitas Education, LLC.re 9 OTION for Prejudgment Remedy . (Caldwell, Michael) Modified on 6/2/2020 (Blough, B.). (Entered: 06/01/2020) |
| 06/01/2020 | 12 | EXHIBIT *21-30 to PJR Application* by Universitas Education, LLC. re 9 OTION for Prejudgment Remedy . (Caldwell, Michael) Modified on 6/2/2020 (Blough, B.). (Entered: 06/01/2020) |
| 06/01/2020 | 13 | EXHIBIT *31-40 to PJR Application* by Universitas Education, LLC re 9 MOTION for Prejudgment Remedy . (Caldwell, Michael) (Entered: 06/01/2020) |
| 06/01/2020 | 14 | EXHIBIT *41-47 to PJR Application* by Universitas Education, LLC re 9 MOTION for Prejudgment Remedy . (Caldwell, Michael) (Entered: 06/01/2020) |
| 06/01/2020 | 15 | MOTION for Disclosure *of Assets* by Universitas Education, LLC. (Caldwell, Michael) (Entered: 06/01/2020) |
| 06/02/2020 | 16 | ORDER granting 8 Motion to Appear Pro Hac Vice. Certificate of Good Standing due by 8/1/2020. Signed by Clerk on 6/2/2020. (Freberg, B) (Entered: 06/02/2020) |
| 06/02/2020 | 17 | ORDER REFERRING CASE to Magistrate Judge Robert M. Spector for ruling on 9 MOTION for Prejudgment Remedy and 15 MOTION for Disclosure *of Assets*. |

| | | Signed by Judge Jeffrey A. Meyer on 6/2/2020.(Freberg, B) (Entered: 06/02/2020) |
|---|---|---|
| 06/03/2020 | 18 | CERTIFICATE OF GOOD STANDING re 8 MOTION for Attorney(s) Joseph L. Manson III to be Admitted Pro Hac Vice (paid $75 PHV fee; receipt number ACTDC-5886229) by Universitas Education, LLC. (Caldwell, Michael) (Entered: 06/03/2020) |
| 06/03/2020 | 19 | CERTIFICATE OF GOOD STANDING re 8 MOTION for Attorney(s) Joseph L. Manson III to be Admitted Pro Hac Vice (paid $75 PHV fee; receipt number ACTDC-5886229) by Universitas Education, LLC. (Caldwell, Michael) (Entered: 06/03/2020) |
| 06/03/2020 | 20 | NOTICE of Appearance by Joseph L Manson, III on behalf of Universitas Education, LLC (Manson, Joseph) (Entered: 06/03/2020) |
| 06/03/2020 | 21 | NOTICE by Universitas Education, LLC re 9 MOTION for Prejudgment Remedy *(Letter to Judge Spector Requesting Oral Argument)* (Caldwell, Michael) (Entered: 06/03/2020) |
| 06/04/2020 | 22 | ORDER: On June 1, 2020, the plaintiff filed an *Ex Parte* Motion for Prejudgment Remedy (Doc. No. 9) and Motion for Disclosure of Assets (Doc. No. 15). On June 2, 2020, the Court (Meyer, J) referred the motions to the undersigned. (Doc. No. 17). On June 3, 2020, the plaintiff filed a Notice regarding the pending motions in which the plaintiff emphasizes its position as set forth in its *Ex Parte* Motion for Prejudgment Remedy, and requests an *ex parte* oral argument. (Doc. No. 21).<br><br>Under Connecticut's "prejudgment remedies law, prejudgment remedies can only be issued *ex parte* in certain limited circumstances, which include exigent circumstances." *Cendant Corp. v. Shelton*, 473 F. Supp. 2d 307, 321 (D. Conn. 2007) (citing Conn. Gen. Stat. § 52-278e). The plaintiff asserts that exigent circumstances, as detailed in § 52-278e, exist in this case as the defendants are "about to fraudulently dispose of or [have] fraudulently disposed of any of [their] property with intent to hinder, delay or defraud [the defendants'] creditors" or have "fraudulently hidden or withheld money, property or effects which should be liable to the satisfaction of [their] debts." (See Doc. No. 9, Ex. A). The plaintiff asserts that the judgment debtors in this dispute are indebted to the plaintiff for approximately $46.7 million, plus continued post-judgment interest, and Daniel Carpenter is personally indebted for approximately $26 million, plus continued post-judgment interest. (Doc. No. 9-1 at 6; Doc. No. 9-2 at 5). The plaintiff discusses the past fraudulent acts of Daniel and Molly Carpenter which have been done with an intent to frustrate the plaintiff's ability to enforce its judgment. (Doc. No. 9-1 at 6-8). Additionally, the plaintiff argues that prior cases involving defendant Benistar demonstrate a pattern whereby Benistar entities frequently transfer and/or assign assets to other Benistar entities with an intent to hinder, delay, or otherwise defraud creditors. (Doc. No. 9-1 at 7). The plaintiff seeks to attach two properties to satisfy its likely judgment: one belonging to defendant Grist Mill Partners, LLC, which is an entity controlled by Daniel Carpenter (Doc. No. 9-1 at 7), valued at $2.4 million and the other, belonging to defendant Molly Carpenter, valued at $430,780. (Doc. No. 9-2 at 5). The plain language of § 52-278e requires a reasonable likelihood that the defendants against whom the prejudgment remedy is sought, will remove assets from the state. The plaintiff has not established a reasonable likelihood that all of the named defendants in this case should be subject to an *ex parte* prejudgment remedy. Moreover, any emergency or exigent basis on which to consider this application has been mooted by the long litigation history against these defendants, and involving related individuals and entities, and the fact that these defendants have had notice of attempted collection through litigation in multiple forums. As the plaintiff states, "[t]his is not a new dispute." (Doc. No. 21 at 1). The arbitration award that this plaintiff is attempting to collect was issued in 2011, the Southern District of New York issued a judgment affirming that award in 2012, and the Second Circuit affirmed that decision. The judgment debtors' continuous fraudulent transfer of assets with an intent to frustrate the plaintiff's collection efforts is well established and the plaintiff has not established how exigent circumstances suddenly exist. Accordingly, to the extent that the plaintiff seeks a prejudgment remedy on an *ex parte* basis, such request for the entry of a prejudgment remedy *ex parte* is denied.<br><br>A telephonic status conference to address the Motion for Prejudgment Remedy will be held on June 12, 2020 at 10:00 a.m. The plaintiff's counsel is directed to ensure that the defendants have been served with the Complaint and all relevant filings, including the calendar notice for the telephonic status conference. The calendar notice will include the conference dial in for the call.<br><br>Signed by Judge Robert M. Spector on 6/4/2020.(Watson, M.) (Entered: 06/04/2020) |
| 06/04/2020 | 23 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. A Telephonic Status Conference Regarding the Plaintiff's Motion for Prejudgment Remedy is set for 6/12/2020 at 10:00 AM before Judge Robert M. Spector. *Please use the following dial in for this call: 877-873-8017, access code: 7040261.* (Watson, M.) (Entered: 06/04/2020) |
| 06/07/2020 | 24 | Corporate Disclosure Statement by Universitas Education, LLC. (Caldwell, Michael) (Entered: 06/07/2020) |
| 06/10/2020 | 25 | SUMMONS Returned Executed by Universitas Education, LLC. Alliance Charitable Trust served on 6/9/2020, answer due 6/30/2020; Atlantic Charitable Trust served on 6/9/2020, answer due 6/30/2020; Avon Charitable Trust served on 6/9/2020, answer due 6/30/2020; Benistar Admin Services, Inc. served on 6/9/2020, answer due |

| | | |
|---|---|---|
| | | 6/30/2020; Molly Carpenter served on 6/9/2020, answer due 6/30/2020; Carpenter Charitable Trust served on 6/9/2020, answer due 6/30/2020; Grist Mill Partners, LLC served on 6/9/2020, answer due 6/30/2020; Moonstone Partners, LLC served on 6/9/2020, answer due 6/30/2020; Phoenix Charitable Trust served on 6/9/2020, answer due 6/30/2020; TPG Group Inc served on 6/9/2020, answer due 6/30/2020; Donald Trudeau served on 6/9/2020, answer due 6/30/2020. (Caldwell, Michael) (Entered: 06/10/2020) |
| 06/10/2020 | [30](#) | NOTICE Re: Universitas Education, LLC could not establish an address for service upon Avon Charitable Trust. They delivered copies of filings 1-20 to the Clerk's Office pursuant to Fed Rule 5(b)(2)(D). (Pesta, J.) (Pesta, J.) Modified text on 6/18/2020 (Pesta, J.). (Entered: 06/12/2020) |
| 06/10/2020 | [39](#) | NOTICE Re: Universitas Education, LLC could not establish an address for service upon Alliance Charitable Trust. They delivered copies of filings 1-20 to the Clerk's Office pursuant to Fed Rule 5(b)(2)(D). (Pesta, J.) (Entered: 06/18/2020) |
| 06/10/2020 | [40](#) | NOTICE Re: Universitas Education, LLC could not establish an address for service upon Carpenter Charitable Trust. They delivered copies of filings 1-20 to the Clerk's Office pursuant to Fed Rule 5(b)(2)(D). (Pesta, J.) (Entered: 06/18/2020) |
| 06/10/2020 | [41](#) | NOTICE Re: Universitas Education, LLC could not establish an address for service upon Atlantic Charitable Trust. They delivered copies of filings 1-20 to the Clerk's Office pursuant to Fed Rule 5(b)(2)(D). (Pesta, J.) (Entered: 06/18/2020) |
| 06/10/2020 | [42](#) | NOTICE Re: Universitas Education, LLC could not establish an address for service upon Phoenix Charitable Trust. They delivered copies of filings 1-20 to the Clerk's Office pursuant to Fed Rule 5(b)(2)(D). (Pesta, J.) (Entered: 06/18/2020) |
| 06/10/2020 | | Set Deadlines: Rule 26 Meeting Report due by 7/25/2020. (Gutierrez, Y.) (Entered: 06/23/2020) |
| 06/11/2020 | [26](#) | NOTICE of Appearance by Dan E. LaBelle on behalf of Benistar Admin Services, Inc., Molly Carpenter, Moonstone Partners, LLC, TPG Group Inc, Donald Trudeau (LaBelle, Dan) (Entered: 06/11/2020) |
| 06/11/2020 | [27](#) | Corporate Disclosure Statement by Benistar Admin Services, Inc.. (LaBelle, Dan) (Entered: 06/11/2020) |
| 06/11/2020 | [28](#) | Corporate Disclosure Statement by Moonstone Partners, LLC. (LaBelle, Dan) (Entered: 06/11/2020) |
| 06/11/2020 | [29](#) | Corporate Disclosure Statement by TPG Group Inc. (LaBelle, Dan) (Entered: 06/11/2020) |
| 06/12/2020 | [31](#) | ENTERED IN ERROR: ELECTRONIC SUMMONS REISSUED in accordance with Fed. R. Civ. P. 4 and LR 4 as to *Avon Charitable Trust* with answer to complaint due within *21* days. Attorney *Michael G. Caldwell* *Barclay Damon, LLP* *545 Long Wharf Drive, 9th Floor* *New Haven, CT 06511*. (Pesta, J.) Modified on 6/25/2020 (Pesta, J.). (Entered: 06/12/2020) |
| 06/12/2020 | [32](#) | NOTICE of Appearance by Michael R. McPherson on behalf of Benistar Admin Services, Inc., Molly Carpenter, Moonstone Partners, LLC, TPG Group Inc, Donald Trudeau (McPherson, Michael) (Entered: 06/12/2020) |
| 06/12/2020 | 33 | Minute Entry for proceedings held before Judge Robert M. Spector: Telephonic Status Conference held on 6/12/2020. 17 minutes (Watson, M.) (Entered: 06/12/2020) |
| 06/12/2020 | 34 | MEMORANDUM of Status Conference Regarding Motion for Prejudgment Remedy: As discussed during the telephonic status conference held today, the defendants will file their brief in opposition to the plaintiff's motion by June 26, 2020. An evidentiary hearing on the Motion for Prejudgment Remedy is set for July 17, 2020 at 10:00 a.m. and will be held by video-conference. A follow-up telephonic status conference is set for June 26, 2020 at 9:30 a.m. Signed by Judge Robert M. Spector on 6/12/2020.(Watson, M.) (Entered: 06/12/2020) |
| 06/12/2020 | 35 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. A TELEPHONIC Status Conference is set for 6/26/2020 at 09:30 AM before Judge Robert M. Spector. *Counsel shall use the following dial in for this call: 877-873-8017, access code: 7040261.* (Watson, M.) (Entered: 06/12/2020) |
| 06/12/2020 | 36 | ORDER STRIKING DOCUMENTS WRONGFULLY SERVED ON CLERK OF COURT. Plaintiff has filed documents with the Clerk of Court along with a Notice Concerning Service of Documents on Avon Charitable Trust, a party that has not yet been served with process or entered an appearance in this action. Doc. # [30](#) . Plaintiff states that Avon Charitable Trust has no known address and relies on Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure as grounds to effectuate service on Avon Charitable Trust simply be delivering process to the Clerk of Court. A party may not use Rule 5(d)(2)(B) to evade the initial service-of-process requirements set forth under Fed. R. Civ. P. 4. *See, e.g., Reid v. Dan Yant, Inc.*, 2018 WL 8014197, at *2-3 (E.D.N.Y. 2018); *Cryer v. UMass Med. Corr. Health*, 2011 WL 841248, at *1 (D. Mass. 2011). Accordingly, the Court STRIKES the documents served on the Clerk of Court. The Clerk of Court may discard these documents absent immediate request by plaintiff to come to the courthouse to retrieve them. It is so ordered. Signed by Judge Jeffrey A. Meyer on 06/12/2020. (Mahler-Haug, A) (Entered: 06/12/2020) |

| 06/12/2020 | 37 | NOTICE by Universitas Education, LLC *Concerning Service of Documents on Avon Charitable Trust and Court's Order Striking Documents* (Caldwell, Michael) (Entered: 06/12/2020) |
|---|---|---|
| 06/16/2020 | 38 | ORDER ORDER VACATING ORDER TO STRIKE DOCUMENTS WRONGFULLY SERVED ON CLERK OF COURT (Doc. # 37 ). In light of the supplemental notice filed by plaintiff stating that defendant Avon Charitable Trust has been served with process (Doc. # 37 ; *see also* Doc. # 25 at 10-11), the Court hereby VACATES its order striking documents served on Clerk of Court on the ground that the Court was mistaken concerning the premise for its order. The Clerk shall not discard the documents filed by plaintiff pursuant to Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure. It is so ordered. Signed by Judge Jeffrey A. Meyer on 06/16/2020. (Mahler-Haug, A) (Entered: 06/16/2020) |
| 06/19/2020 | 43 | NOTICE of Appearance by Jeffrey M. Sklarz on behalf of Grist Mill Partners, LLC (Sklarz, Jeffrey) (Entered: 06/19/2020) |
| 06/19/2020 | 44 | NOTICE of Appearance by Lawrence S. Grossman on behalf of Grist Mill Partners, LLC (Grossman, Lawrence) (Entered: 06/19/2020) |
| 06/23/2020 | 45 | MOTION to Continue *Hearing on Motion for Prejudgment Remedy to July 29, 2020 with Consent* by Grist Mill Partners, LLC. (Sklarz, Jeffrey) (Entered: 06/23/2020) |
| 06/24/2020 | 46 | MOTION for Extension of Time until July 30, 2020 To Plead with Consent by Benistar Admin Services, Inc., Molly Carpenter, Moonstone Partners, LLC, TPG Group Inc, Donald Trudeau. (McPherson, Michael) (Entered: 06/24/2020) |
| 06/25/2020 | 47 | ORDER granting 46 MOTION for Extension of Time until July 30, 2020 To Plead with Consent. Signed by Judge Jeffrey A. Meyer on 6/25/2020. (Freberg, B) (Entered: 06/25/2020) |
| 06/25/2020 | | Answer deadline updated for Benistar Admin Services, Inc. to 7/30/2020; Molly Carpenter to 7/30/2020; Moonstone Partners, LLC to 7/30/2020; TPG Group Inc to 7/30/2020; Donald Trudeau to 7/30/2020. (Freberg, B) (Entered: 06/25/2020) |
| 06/25/2020 | 48 | OBJECTION re 9 MOTION for Prejudgment Remedy filed by Benistar Admin Services, Inc., Molly Carpenter, Moonstone Partners, LLC, TPG Group Inc, Donald Trudeau. (Attachments: # 1 Exhibit A, # 2 Exhibit A1, # 3 Exhibit A2, # 4 Exhibit A3, # 5 Exhibit A4, # 6 Exhibit A5, # 7 Exhibit A6, # 8 Errata B)(McPherson, Michael) (Entered: 06/25/2020) |
| 06/26/2020 | 49 | Minute Entry for proceedings held before Judge Robert M. Spector: Telephonic Status Conference held on 6/26/2020. 30 minutes (Watson, M.) (Entered: 06/26/2020) |
| 06/26/2020 | 50 | ORDER granting 45 Motion to Continue the PJR Hearing to July 29, 2020. The hearing will commence by video-conference on July 29, 2020 at 9:30 a.m. and, if necessary, will continue for half a day on July 30, 2020, starting at 9:30 a.m. Signed by Judge Robert M. Spector on 6/26/2020. (Watson, M.) (Entered: 06/26/2020) |
| 06/26/2020 | 51 | MEMORANDUM of Telephonic Status Conference Regarding the Plaintiff's Motion for Prejudgment Remedy: As discussed during the telephonic conference call held today, the following deadlines were set:<br>(1) the plaintiff shall file its response to the defendants' opposition by July 7, 2020;<br>(2) the parties shall file their proposed exhibit and witness lists by July 17, 2020;<br>(3) the parties shall submit (electronically) copies of their *premarked* exhibits to Chambers and Judge Spector's Courtroom Deputy by July 24, 2020;<br>(4) a telephonic status conference will be held on July 13, 2020 at 3:00 p.m.; and<br>(5) the hearing on the plaintiff's Motion for Prejudgment Remedy will be held by video-conference on July 29, 2020 at 9:30 a.m. and, if necessary, for a half day on July 30, 2020.<br>(Watson, M.) (Entered: 06/26/2020) |
| 06/26/2020 | 52 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. A Telephonic Status Conference is set for 7/13/2020 at 03:00 PM before Judge Robert M. Spector. *Please use the following dial in for this call: 877-873-8017, access code: 7040261.* (Watson, M.) (Entered: 06/26/2020) |
| 06/26/2020 | 53 | Memorandum in Opposition re 9 MOTION for Prejudgment Remedy filed by Grist Mill Partners, LLC. (Sklarz, Jeffrey) (Entered: 06/26/2020) |
| 06/26/2020 | 54 | Supplemental AFFIDAVIT of Service for documents referenced in Summons Returned Executed *(postal return receipt )* served on Grist Mill Partners, LLC on 06/09/2020, filed by Universitas Education, LLC. (Caldwell, Michael) (Entered: 06/26/2020) |
| 06/26/2020 | 55 | Supplemental AFFIDAVIT of Service for documents referenced in Summons Returned Executed *(postal return receipt)* served on Avon Charitable Trust on 06/09/2020, filed by Universitas Education, LLC. (Caldwell, Michael) (Entered: 06/26/2020) |
| 06/26/2020 | 56 | Supplemental AFFIDAVIT of Service for documents referenced in Summons Returned Executed *(postal return receipt)* served on Alliance Charitable Trust on 06/09/2020, filed by Universitas Education, LLC. (Caldwell, |

| | | Michael) (Entered: 06/26/2020) |
|---|---|---|
| 06/26/2020 | 57 | Supplemental AFFIDAVIT of Service for documents referenced in Summons Returned Executed *(postal return receipt)* served on Atlantic Charitable Trust on 06/09/2020, filed by Universitas Education, LLC. (Caldwell, Michael) (Entered: 06/26/2020) |
| 06/26/2020 | 58 | Supplemental AFFIDAVIT of Service for documents referenced in Summons Returned Executed *(postal return receipt)* served on Carpenter Charitable Trust on 06/09/2020, filed by Universitas Education, LLC. (Caldwell, Michael) (Entered: 06/26/2020) |
| 06/26/2020 | 59 | Supplemental AFFIDAVIT of Service for documents referenced in Summons Returned Executed *(postal return receipt)* served on Phoenix Charitable Trust on 06/09/2020, filed by Universitas Education, LLC. (Caldwell, Michael) (Entered: 06/26/2020) |
| 06/29/2020 | 60 | Consent MOTION for Extension of Time until July 31, 2020 for Defendant Grist Mill Partners, LLC to Respond to Complaint 1 Complaint by Grist Mill Partners, LLC. (Sklarz, Jeffrey) (Entered: 06/29/2020) |
| 06/30/2020 | 61 | ORDER granting 60 Consent MOTION for Extension of Time until July 31, 2020 for Defendant Grist Mill Partners, LLC to Respond to Complaint 1 Complaint. Signed by Judge Jeffrey A. Meyer on 6/30/2020. (Freberg, B) (Entered: 06/30/2020) |
| 06/30/2020 | | Answer deadline updated for Grist Mill Partners, LLC to 7/31/2020. (Freberg, B) (Entered: 06/30/2020) |
| 07/07/2020 | 62 | REPLY to Response to 9 MOTION for Prejudgment Remedy *(Plaintiff's Brief in Further Support of Application for Prejudgment Remedy and Motion for Disclosure of Assets)* filed by Universitas Education, LLC. (Attachments: # 1 Exhibit A-E)(Caldwell, Michael) (Entered: 07/07/2020) |
| 07/13/2020 | 63 | Minute Entry for proceedings held before Judge Robert M. Spector: Telephonic Status Conference held on 7/13/2020. 14 minutes (Watson, M.) (Entered: 07/13/2020) |
| 07/13/2020 | 64 | ORDER re 63 Telephonic Status Conference: In accordance with the discussion during today's telephonic status conference regarding a resolution of the PJR by stipulation, the parties shall submit a proposed order for the Court's consideration on or before July 17, 2020. Signed by Judge Robert M. Spector on 7/13/2020.(Watson, M.) (Entered: 07/13/2020) |
| 07/17/2020 | 65 | STIPULATION *for Prejudgment Attachment of Real Estate* by Universitas Education, LLC. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Exhibit A - Description of Property at 100 Grist Mill Road, # 3 Exhibit Exhibit B - Description of Property at 18 Pond Side Lane, # 4 Exhibit Exhibit C - Description of Property at 392B Cards Pond Road)(Manson, Joseph) (Entered: 07/17/2020) |
| 07/20/2020 | 66 | ORDER ON THE STIPULATION 65 filed by Universitas Education, LLC: In accordance with the Stipulation for Prejudgment Attachment of Real Estate, the parties' Order of Attachment is SO ORDERED (see attached). Signed by Judge Robert M. Spector on 7/20/2020.(Watson, M.) (Entered: 07/20/2020) |
| 07/20/2020 | 67 | ORDER finding as moot 9 Motion for Prejudgment Remedy; finding as moot 15 Motion for Disclosure in light of the Stipulation for Prejudgment Attachment of Real Estate (Doc. Nos. 65-66). Signed by Judge Robert M. Spector on 7/20/2020. (Watson, M.) (Entered: 07/20/2020) |
| 07/29/2020 | 68 | MOTION to Dismiss by Benistar Admin Services, Inc., Molly Carpenter, Moonstone Partners, LLC, TPG Group Inc, Donald Trudeau.Responses due by 8/19/2020 (McPherson, Michael) (Entered: 07/29/2020) |
| 07/29/2020 | 69 | Memorandum in Support re 68 MOTION to Dismiss filed by Benistar Admin Services, Inc., Molly Carpenter, Moonstone Partners, LLC, TPG Group Inc, Donald Trudeau. (McPherson, Michael) (Entered: 07/29/2020) |
| 07/30/2020 | 70 | MOTION for Default Entry 55(a) as to Alliance Charitable Trust, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust by Universitas Education, LLC. (Attachments: # 1 Affidavit)(Manson, Joseph) (Entered: 07/30/2020) |
| 07/30/2020 | 71 | NOTICE of Appearance by Grayson Colt Holmes on behalf of Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust (Holmes, Grayson) (Entered: 07/30/2020) |
| 07/31/2020 | 72 | MOTION to Dismiss *Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)* by Grist Mill Partners, LLC.Responses due by 8/21/2020 (Sklarz, Jeffrey) (Entered: 07/31/2020) |
| 07/31/2020 | 73 | Memorandum in Support re 72 MOTION to Dismiss *Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)* filed by Grist Mill Partners, LLC. (Sklarz, Jeffrey) (Entered: 07/31/2020) |
| 08/03/2020 | 74 | MOTION to Dismiss for Lack of Jurisdiction by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust.Responses due by 8/24/2020 (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6)(Holmes, Grayson) (Entered: 08/03/2020) |

| 08/03/2020 | 75 | REPORT of Rule 26(f) Planning Meeting. (Manson, Joseph) (Entered: 08/03/2020) |
| 08/03/2020 | 76 | OBJECTION *to Plaintiff's Motion for Default* filed by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust. (Holmes, Grayson) (Entered: 08/03/2020) |
| 08/03/2020 | 77 | MOTION for Extension of Time to File Response/Reply as to 68 MOTION to Dismiss until September 16, 2020 by Universitas Education, LLC. (Manson, Joseph) (Entered: 08/03/2020) |
| 08/03/2020 | 78 | MOTION for Extension of Time to File Response/Reply as to 72 MOTION to Dismiss *Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)* until September 18, 2020 by Universitas Education, LLC. (Manson, Joseph) (Entered: 08/03/2020) |
| 08/04/2020 | 79 | ORDER GRANTING MOTION FOR EXTENSION OF TIME (Doc. #77). The Court GRANTS the motion for extension of time to **September 16, 2020** for plaintiff to file any objection or response to the motion to dismiss (Doc. #68) filed bydefendants Molly Carpenter, Donald Trudeau, Benistar Admin Services, Inc., TPG Group, Inc., and Moonstone Partners, LLC. It is so ordered. Signed by Judge Jeffrey A. Meyer on 8/4/2020. (Freberg, B) (Entered: 08/05/2020) |
| 08/04/2020 | 80 | ORDER GRANTING MOTION FOR EXTENSION OF TIME (Doc. #78). The Court GRANTS the motion for extension of time to **September 18, 2020** for plaintiff to file any objection or response to the motion to dismiss filed by Grist Mill Partners, LLC. It is so ordered.. Signed by Judge Jeffrey A. Meyer on 8/4/2020. (Freberg, B) (Entered: 08/05/2020) |
| 08/04/2020 | 81 | ORDER RE FILING OF REVISED RULE 26(f) REPORT. In light of the appearance of counsel for defendants Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust, counsel shall re-confer and submit a revised Rule 26(f) report by **August 14, 2020**. It is so ordered.<br>Signed by Judge Jeffrey A. Meyer on 8/4/2020.(Freberg, B) (Entered: 08/05/2020) |
| 08/14/2020 | 82 | Amended REPORT of Rule 26(f) Planning Meeting. (Manson, Joseph) (Entered: 08/14/2020) |
| 08/17/2020 | 83 | REPLY to Response to 70 MOTION for Default Entry 55(a) as to Alliance Charitable Trust, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust filed by Universitas Education, LLC. (Attachments: # 1 Affidavit of Ben Chernow)(Manson, Joseph) (Entered: 08/17/2020) |
| 08/19/2020 | 84 | GENERAL SCHEDULING ORDER. The parties' Rule 26(f) Planning Report (Doc. # 82 ) is hereby APPROVED as modified by this order. All discovery shall be completed by **January 25, 2021**, and all other interim discovery dates set forth in the parties' Rule 26(f) Report are hereby adopted. Any dispositive summary judgment motions shall be filed by **June 25, 2021**, and any response to dispositive summary judgment motions shall be filed by **July 23, 2021**. The parties' joint trial memorandum is due by **July 23, 2021**, or within 30 days of the Court's ruling on dispositive summary judgment motions, whichever date is later. The Court will thereafter set a trial date, and the parties should be prepared to proceed to jury selection within 30 days of the filing of the joint trial memorandum. Please refer to Judge Meyer's webpage on the District of Connecticut website for Judge Meyer's "Instructions for Discovery Disputes" and "Instructions for Joint Trial Memorandum" and "Pretrial Preferences" and "Trial Preferences." **The parties are encouraged to commence discovery forthwith and to arrange their schedules in contemplation of the briefing deadlines for any dispositive motions, because the Court is unlikely to grant a future request for an extension of the scheduling order absent extraordinary and unforeseeable circumstances.** A telephonic status conference will be held on **October 30, 2020 at 4:00 PM**. Parties are instructed to call 877-402-9753; Access Code 8576007#. It is so ordered. Signed by Judge Jeffrey A. Meyer on 08/19/2020. (DeBot, B.) (Entered: 08/19/2020) |
| 08/19/2020 | | Set Deadlines/Hearings: Telephone Status Conference set for 10/30/2020 at 4:30 PM before Judge Jeffrey A. Meyer. Discovery due by 1/25/2021; Dispositive Motions due by 6/25/2021 and Joint Trial Memorandum due by 7/23/2021. (Gutierrez, Y.) (Entered: 08/21/2020) |
| 08/24/2020 | 85 | Memorandum in Opposition re 74 MOTION to Dismiss for Lack of Jurisdiction filed by Universitas Education, LLC. (Attachments: # 1 Affidavit Declaration of Benjamin Chernow, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16)(Manson, Joseph) (Entered: 08/24/2020) |
| 08/28/2020 | 86 | CALENDAR NOTICE regarding hearing via Zoom:<br><br>Motion Hearing re: 70 MOTION for Default Entry 55(a) as to Alliance Charitable Trust, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, 74 MOTION to Dismiss for Lack of Jurisdiction , 72 MOTION to Dismiss *Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)*, 68 MOTION to Dismiss scheduled for **10/20/2020 at 3:00 PM will be conducted via Zoom.** All counsel and interested parties as well as members of the public and the press are invited to use the following information to hear and/or view this Zoom proceeding. |

The video link is https://www.zoomgov.com/j/1600480820?pwd=eUxUQUM4dEoxdGJsQy9PR0ZnVXlrdz09 and call in number is +16468287666,,1600480820#,,,,,,0#,,050798#.

Meeting ID: 160 048 0820

Meeting Password: 050798

Please note: Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. The Judicial Conference of the United States, which governs the practices of the federal courts, has prohibited it. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court. (Gutierrez, Y.) (Entered: 08/28/2020)

| | | |
|---|---|---|
| 09/03/2020 | 87 | Second MOTION to Dismiss by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust.Responses due by 9/24/2020 (Attachments: # 1 Exhibit) (Holmes, Grayson) (Entered: 09/03/2020) |
| 09/04/2020 | 88 | MOTION to Amend/Correct *(Contingent Motion to Amend Complaint)* by Universitas Education, LLC.Responses due by 9/25/2020 (Attachments: # 1 Memorandum in Support)(Caldwell, Michael) (Entered: 09/04/2020) |
| 09/08/2020 | 89 | NOTICE by Universitas Education, LLC *Letter to Court Regarding Contingent Motion to Amend the Complaint* (Manson, Joseph) (Entered: 09/08/2020) |
| 09/16/2020 | 90 | Memorandum in Opposition re 68 MOTION to Dismiss filed by Universitas Education, LLC. (Manson, Joseph) (Entered: 09/16/2020) |
| 09/18/2020 | 91 | Memorandum in Opposition re 72 MOTION to Dismiss *Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)* filed by Universitas Education, LLC. (Manson, Joseph) (Entered: 09/18/2020) |
| 09/24/2020 | 92 | Memorandum in Opposition re 87 Second MOTION to Dismiss filed by Universitas Education, LLC. (Attachments: # 1 Unpublished Case)(Manson, Joseph) (Entered: 09/24/2020) |
| 09/25/2020 | 93 | Memorandum in Opposition re 88 MOTION to Amend/Correct *(Contingent Motion to Amend Complaint)* filed by Grist Mill Partners, LLC. (Sklarz, Jeffrey) (Entered: 09/25/2020) |
| 09/25/2020 | 94 | OBJECTION re 88 MOTION to Amend/Correct *(Contingent Motion to Amend Complaint)* filed by Benistar Admin Services, Inc., Molly Carpenter, Moonstone Partners, LLC, TPG Group Inc, Donald Trudeau. (LaBelle, Dan) (Entered: 09/25/2020) |
| 09/25/2020 | 95 | OBJECTION *to Plaintiff's MOTION to Amend/Correct (Contingent Motion to Amend Complaint)* filed by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust. (Holmes, Grayson) (Entered: 09/25/2020) |
| 09/29/2020 | | AMENDED CALENDAR NOTICE regarding hearing via Zoom:<br><br>The Motion Hearing re: 70 MOTION for Default Entry 55(a) as to Alliance Charitable Trust, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, 74 MOTION to Dismiss for Lack of Jurisdiction, 72 MOTION to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), 68 MOTION to Dismiss, 87 Second MOTION to Dismiss, 88 MOTION to Amend/Correct (Contingent Motion to Amend Complaint) scheduled for **10/20/2020 at 3:00 PM will be conducted via Zoom. All counsel and interested parties as well as members of the public and the press are invited to use the following information to hear and/or view this Zoom proceeding.**<br><br>The video link is https://www.zoomgov.com/j/1600480820?pwd=eUxUQUM4dEoxdGJsQy9PR0ZnVXlrdz09 and call in number is +16468287666,,1600480820#,,,,,,0#,,050798#.<br><br>Meeting ID: 160 048 0820<br><br>Meeting Password: 050798<br><br>Please note: Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. The Judicial Conference of the United States, which governs the practices of the federal courts, has prohibited it. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court. (Gutierrez, Y.) (Entered: 09/29/2020) |
| 09/30/2020 | 96 | REPLY to Response to 68 MOTION to Dismiss filed by Benistar Admin Services, Inc., Molly Carpenter, Moonstone Partners, LLC, TPG Group Inc, Donald Trudeau. (Attachments: # 1 Exhibit A)(LaBelle, Dan) (Entered: 09/30/2020) |

| | | |
|---|---|---|
| 10/02/2020 | 97 | REPLY to Response to 72 MOTION to Dismiss *Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and in Further Support of Its Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(B)(6)* filed by Grist Mill Partners, LLC. (Sklarz, Jeffrey) (Entered: 10/02/2020) |
| 10/02/2020 | 98 | RESPONSE *Plaintiff's Objection to Motion to Dismiss* filed by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust. (Attachments: # 1 Exhibit One filed)(Holmes, Grayson) (Entered: 10/02/2020) |
| 10/09/2020 | 99 | REPLY to Response to 88 MOTION to Amend/Correct *(Contingent Motion to Amend Complaint)* filed by Universitas Education, LLC. (Attachments: # 1 Exhibit 1)(Manson, Joseph) (Entered: 10/09/2020) |
| 10/20/2020 | 100 | Minute Entry. Proceedings held before Judge Jeffrey A. Meyer: Motion Hearing held on 10/20/2020; taking under advisement 68 Motion to Dismiss; taking under advisement 70 Motion for Default Entry 55(a); taking under advisement 72 Motion to Dismiss; taking under advisement 74 Motion to Dismiss for Lack of Jurisdiction; taking under advisement 87 Motion to Dismiss; taking under advisement 88 Motion to Amend/Correct. Total Time: 1 hours and 23 minutes(Court Reporter Diana Huntington.) (Gutierrez, Y.) (Entered: 10/21/2020) |
| 10/21/2020 | 101 | Letter from Daniel E. Carpenter Dated 10/15/2020. (Gutierrez, Y.) (Entered: 10/21/2020) |
| 11/09/2020 | 102 | RESPONSE *Attorneys Markus and Caldwell to Request from Non-Party Daniel E. Carpenter* filed by Universitas Education, LLC. (Caldwell, Michael) (Entered: 11/09/2020) |
| 11/16/2020 | 103 | DOCKETING OF LETTER RECEIVED FROM DANIEL CARPENTER. The Court received the attached letter related to this case from Daniel Carpenter dated November 12, 2020. Consistent with the presumption in favor of public access under the First Amendment and common law rights of public access, and its usual practice to advise the parties of communications received by the Court that relate to a case before it, the Court is posting the letter on the docket because it relates to this litigation and does not appear to contain privileged or confidential information. Because Mr. Carpenter is not a party to this case, the Court does not intend to take any action in response to the letter, and no party should feel any obligation to respond to the contents of this letter. It is so ordered. Signed by Judge Jeffrey A. Meyer on 11/16/2020. (DeBot, B.) (Entered: 11/16/2020) |
| 01/05/2021 | 104 | DOCKETING OF LETTER RECEIVED FROM DANIEL CARPENTER. The Court received the attached letter related to this case from Daniel Carpenter dated December 28, 2020. Consistent with the presumption in favor of public access under the First Amendment and common law rights of public access, and its usual practice to advise the parties of communications received by the Court that relate to a case before it, the Court is posting the letter on the docket because it relates to this litigation and does not appear to contain privileged or confidential information. Because Mr. Carpenter is not a party to this case, the Court does not intend to take any action in response to the letter, and no party should feel any obligation to respond to the contents of this letter. It is so ordered. Signed by Judge Jeffrey A. Meyer on 1/5/2021. (DeBot, B.) (Entered: 01/05/2021) |
| 01/12/2021 | 105 | Joint MOTION to Amend/Correct *Scheduling Order* by Universitas Education, LLC.Responses due by 2/2/2021 (Manson, Joseph) (Entered: 01/12/2021) |
| 01/13/2021 | 106 | ORDER GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER (Doc. # 105 ). The Court GRANTS the motion: close of all discovery by **March 26, 2021**, and all other scheduling dates remain the same. It is so ordered. Signed by Judge Jeffrey A. Meyer on 1/13/2021. (Freberg, B) (Entered: 01/13/2021) |
| 01/13/2021 | | Set Deadlines: Discovery due by 3/26/2021. (Freberg, B) (Entered: 01/13/2021) |
| 02/17/2021 | 107 | Joint MOTION to Amend/Correct *Scheduling Order* by Universitas Education, LLC.Responses due by 3/10/2021 (Attachments: # 1 Text of Proposed Order)(Manson, Joseph) (Entered: 02/17/2021) |
| 02/18/2021 | 108 | ORDER GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER (Doc. # 107 ). The parties' joint motion to amend the scheduling order in this case is GRANTED and the scheduling order (Doc. # 84 ) is AMENDED as follows: discovery shall be completed by **May 25, 2021**; rebuttal experts shall be disclosed by **June 25, 2021** and deposed by **July 30, 2021**; any dispositive summary judgment motions shall be filed by **August 27, 2021**; any response to dispositive summary judgment motions shall be filed by **September 26, 2021**; and the parties' joint trial memorandum is due by **September 24, 2021**, or within 30 days of the Court's ruling on dispositive summary judgment motions, whichever date is later. The Court will thereafter set a trial date, and the parties should be prepared to proceed to jury selection within 30 days of the filing of the joint trial memorandum. Please refer to Judge Meyer's webpage on the District of Connecticut website for Judge Meyer's "Instructions for Discovery Disputes" and "Instructions for Joint Trial Memorandum" and "Pretrial Preferences" and "Trial Preferences."**The Court is unlikely to grant a future request for an extension of the scheduling order absent extraordinary and unforeseeable circumstances.** It is so ordered. Signed by Judge Jeffrey A. Meyer on 2/18/2021. (DeBot, B.) (Entered: 02/18/2021) |
| 02/18/2021 | | Set Deadlines: Discovery due by 5/25/2021; Dispositive Motions due by 8/27/2021;Joint Trial Memorandum due by 9/24/2021. (Gutierrez, Y.) (Entered: 02/23/2021) |
| 02/26/2021 | 109 | NOTICE by Universitas Education, LLC *Letter to Court Attaching Magistrate Judge's Report and Recommendation from Universitas Education, LLC v. Avon Capital, LLC, No. 14-FJ-05 (Western District of* |

| | | |
|---|---|---|
| | | *Oklahoma)* (Caldwell, Michael) (Entered: 02/26/2021) |
| 03/15/2021 | [110](#) | ORDER RE PENDING MOTIONS TO DISMISS. For the reasons set forth in the attached ruling, the Court GRANTS the motion to dismiss (Doc. # [68](#) ) of the Benistar Defendants (defendants Molly Carpenter, Donald Trudeau, Benistar Admin Services, Inc., TPG Group, Inc., and Moonstone Partners, LLC) on the ground that the complaint's claims against them are barred by *res judicata.* The Court GRANTS the motion to dismiss (Doc. # [72](#) ) of Grist Mill Partners, LLC with respect to the Second Count (attorneys' fees) and Fifth Count (constructive trust) of the complaint, but DENIES the motion to dismiss with respect to the First Count (alter ego liability). The Court GRANTS the Defendant Trusts' first motion to dismiss (Doc. # [74](#) ) with respect to the Second Count (attorneys' fees), the Third Count (constructive trust), and the Fourth Count (constructive trust) of the complaint, but DENIES the motion with respect to the First Count (alter ego liability). The Court DENIES the Defendant Trusts' second motion to dismiss (Doc. # [87](#) ). The dismissal of some of Universitas's claims are without prejudice to the filing of a proposed amended complaint if Universitas had good faith grounds to believe its amended complaint can cure the dismissed claims' deficiencies that are identified in this ruling. It is so ordered. Signed by Judge Jeffrey A. Meyer on 3/15/2021. (DeBot, B.) (Entered: 03/15/2021) |
| 03/15/2021 | 111 | ORDER DENYING MOTION FOR DEFAULT ENTRY AS MOOT (Doc. # [70](#) ). Plaintiff Universitas has filed a motion for default entry (Doc. # [70](#) ) against five defendants pursuant to Fed. R. Civ. P. 55(a) on the ground that these defendants have been properly served but failed to appear or otherwise participate in this action. In light of defendants' appearance and the absence of prejudice from the delay to plaintiff, the Court DENIES Universitas's motion for default entry. It is so ordered. Signed by Judge Jeffrey A. Meyer on 3/15/2021. (DeBot, B.) (Entered: 03/15/2021) |
| 03/15/2021 | 112 | ORDER DENYING WITHOUT PREJUDICE CONTINGENT MOTION TO AMEND COMPLAINT (Doc. # [88](#) ). Plaintiff Universitas's contingent motion to amend its complaint (Doc. # [88](#) ) is DENIED without prejudice to its filing of a motion to amend its complaint in compliance with D. Conn. L. R. Civ. P. 7(f) and in light of the Court's ruling on defendants' motions to dismiss (Doc. # [110](#) ). It is so ordered. Signed by Judge Jeffrey A. Meyer on 3/15/2021. (DeBot, B.) (Entered: 03/15/2021) |
| 03/16/2021 | [113](#) | Consent MOTION for Extension of Time until April 19, 2021 to respond to plaintiff's first set of interrogatories and request for production by Grist Mill Partners, LLC. (Sklarz, Jeffrey) (Entered: 03/16/2021) |
| 03/17/2021 | [114](#) | First MOTION for Extension of Time until April 19, 2021 *to respond to* Plaintiff's First set of Interrogatories and Requests for Production by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust. (Holmes, Grayson) (Entered: 03/17/2021) |
| 03/17/2021 | 115 | ORDER granting [113](#) Consent MOTION for Extension of Time until April 19, 2021 to respond to plaintiff's first set of interrogatories and request for production. Signed by Judge Jeffrey A. Meyer on 3/17/2021. (Freberg, B) (Entered: 03/17/2021) |
| 03/18/2021 | 116 | ORDER granting [114](#) First MOTION for Extension of Time until April 19, 2021 *to respond to* Plaintiff's First set of Interrogatories and Requests for Production. Signed by Judge Jeffrey A. Meyer on 3/18/2021. (Freberg, B) (Entered: 03/18/2021) |
| 03/22/2021 | [117](#) | MOTION for Reconsideration by Universitas Education, LLC. (Attachments: # [1](#) Memorandum in Support) (Manson, Joseph) (Entered: 03/22/2021) |
| 04/12/2021 | [118](#) | MOTION to Amend/Correct *Complaint and Join Additional Defendants* by Universitas Education, LLC.Responses due by 5/3/2021 (Attachments: # [1](#) Proposed Amended Complaint with Claims subject to Reconsideration, # [2](#) Redline Proposed Amended Complaint with Claims subject to Reconsideration, # [3](#) Proposed Amended Complaint without Claims subject to Reconsideration, # [4](#) Redline Proposed Amended Complaint without Claims subject to Reconsideration, # [5](#) Memorandum in Support)(Manson, Joseph) (Entered: 04/12/2021) |
| 04/12/2021 | [119](#) | OBJECTION re [117](#) MOTION for Reconsideration filed by Benistar Admin Services, Inc., Molly Carpenter, Moonstone Partners, LLC, TPG Group Inc, Donald Trudeau. (McPherson, Michael) (Entered: 04/12/2021) |
| 04/16/2021 | [120](#) | MOTION for Reconsideration by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust. (Attachments: # [1](#) Memorandum in Support, # [2](#) Exhibit 1, # [3](#) Exhibit 2, # [4](#) Exhibit 3, # [5](#) Exhibit 4)(Holmes, Grayson) (Entered: 04/16/2021) |
| 04/23/2021 | [121](#) | First OBJECTION *to Plaintiff's Request to Amend Complaint* filed by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust. (Attachments: # [1](#) Memorandum in Support, # [2](#) Exhibit 1, # [3](#) Exhibit 2, # [4](#) Exhibit 3, # [5](#) Exhibit 4)(Holmes, Grayson) (Entered: 04/23/2021) |
| 04/26/2021 | [122](#) | MOTION to Seal Unredacted Copy of Settlement Agreement Between Universitas Education, LLC and Avon Old Farms School by Universitas Education, LLC. (Caldwell, Michael) (Entered: 04/26/2021) |
| 04/27/2021 | 123 | ORDER granting [122](#) Motion to Seal, absent objection, on the ground of compelling reasons for which sealing is narrowly tailored. Signed by Judge Jeffrey A. Meyer on 4/27/2021. (Freberg, B) (Entered: 04/27/2021) |

| 04/29/2021 | 124 | OBJECTION re 118 MOTION to Amend/Correct *Complaint and Join Additional Defendants* filed by Benistar Admin Services, Inc., Molly Carpenter, Moonstone Partners, LLC, TPG Group Inc, Donald Trudeau. (McPherson, Michael) (Entered: 04/29/2021) |
|---|---|---|
| 04/30/2021 | 125 | REPLY to Response to 118 MOTION to Amend/Correct *Complaint and Join Additional Defendants* filed by Universitas Education, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Manson, Joseph) (Entered: 04/30/2021) |
| 04/30/2021 | 126 | Sealed Document: Unredacted Exhibit 2 by Universitas Education, LLC. (Freberg, B) (Entered: 04/30/2021) |
| 05/03/2021 | 127 | Memorandum in Opposition re 118 MOTION to Amend/Correct *Complaint and Join Additional Defendants* filed by Grist Mill Partners, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Sklarz, Jeffrey) (Entered: 05/03/2021) |
| 05/07/2021 | 128 | REPLY to Response to 118 MOTION to Amend/Correct *Complaint and Join Additional Defendants* filed by Universitas Education, LLC. (Manson, Joseph) (Entered: 05/07/2021) |
| 05/07/2021 | 129 | MOTION to Quash Subpoena Duces Tecum and MOTION for Protective Order by Daniel Carpenter. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Freberg, B) (Entered: 05/10/2021) |
| 05/10/2021 | 130 | REPLY to Response to 118 MOTION to Amend/Correct *Complaint and Join Additional Defendants* filed by Universitas Education, LLC. (Manson, Joseph) (Entered: 05/10/2021) |
| 05/12/2021 | 131 | ORDER REFERRING CASE to Magistrate Judge Robert M. Spector for ruling on 129 MOTION to Quash Subpoena Duces Tecum and MOTION for Protective Order.<br>Signed by Judge Jeffrey A. Meyer on 5/12/2021.(Freberg, B) (Entered: 05/13/2021) |
| 05/14/2021 | 132 | Memorandum in Opposition re 129 MOTION to Quash MOTION for Protective Order filed by Universitas Education, LLC. (Attachments: # 1 Exhibit 1)(Caldwell, Michael) (Entered: 05/14/2021) |
| 05/14/2021 | 133 | MOTION for Leave to File Sur-Reply by Benistar Admin Services, Inc., Molly Carpenter, Moonstone Partners, LLC, TPG Group Inc, Donald Trudeau re 128 Reply to Response to Motion *Request for Leave to File Sur-reply to Universitas' Reply to Defendants' Objection to Motion to Amend Complaint* (Attachments: # 1 Exhibit A) (McPherson, Michael) Modified on 5/19/2021 to correct event (Freberg, B). (Entered: 05/14/2021) |
| 05/17/2021 | 134 | Supplemental CERTIFICATE OF SERVICE by Universitas Education, LLC (Manson, Joseph) (Entered: 05/17/2021) |
| 05/21/2021 | 135 | MOTION to Compel *Grist Mill Partners* by Universitas Education, LLC.Responses due by 6/11/2021 (Attachments: # 1 Memorandum in Support, # 2 Exhibit Exhibits 1-5, # 3 Affidavit)(Manson, Joseph) (Entered: 05/21/2021) |
| 05/21/2021 | 136 | MOTION to Compel *Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, and Phoenix Charitable Trust* by Universitas Education, LLC.Responses due by 6/11/2021 (Attachments: # 1 Memorandum in Support, # 2 Exhibit Exhibits 1-7, # 3 Exhibit Exhibits 8-14, # 4 Exhibit Exhibits 15-23, # 5 Affidavit)(Manson, Joseph) (Entered: 05/21/2021) |
| 05/24/2021 | 137 | ORDER denying 135 Motion to Compel<br>The Court DENIES the motion to compel without prejudice for failure to comply with Judge Meyer's Instructions for Discovery Disputes (Doc. #108). It is so ordered.<br>Signed by Judge Jeffrey A. Meyer on 5/24/21. (Barry, Donna) (Entered: 05/24/2021) |
| 05/24/2021 | 138 | ORDER denying 136 Motion to Compel<br>The Court DENIES the motion to compel without prejudice for failure to comply with Judge Meyer's Instructions for Discovery Disputes (Doc. #108). It is so ordered.<br>Signed by Judge Jeffrey A. Meyer on 5/24/21. (Barry, Donna) (Entered: 05/24/2021) |
| 05/25/2021 | 139 | MOTION to Amend/Correct *Scheduling Order* by Universitas Education, LLC.Responses due by 6/15/2021 (Manson, Joseph) (Entered: 05/25/2021) |
| 05/27/2021 | 140 | ORDER REFERRING DISCOVERY DISPUTE TO U.S. MAGISTRATE JUDGE.<br>On **May 27, 2021**, the parties to this case called Chambers regarding a discovery dispute concerning document production, interrogatory responses, and a subpoena of Daniel Carpenter. The Court hereby REFERS the dispute to U.S. Magistrate Judge Robert M. Spector. The parties should promptly call Judge Spector's chambers for scheduling. It is so ordered.<br>Signed by Judge Jeffrey A. Meyer on 5/27/21.(Barry, Donna) (Entered: 05/27/2021) |
| 05/28/2021 | 141 | REPLY to Response to 129 MOTION to Quash MOTION for Protective Order filed by Daniel Carpenter. (Gutierrez, Y.) (Entered: 05/28/2021) |
| 06/02/2021 | 142 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION.<br><br>A Discovery Hearing is set for 6/10/2021 at 02:30 PM before Judge Robert M. Spector. Please see Notice |

| | | |
|---|---|---|
| | | Regarding Hearing Via Zoom for attendance details.<br><br>Pursuant to the Hearing, the parties shall submit memoranda, not to exceed 5 pages, on or before June 7, detailing the merits of the discovery disputes concerning document production and interrogatory responses. (Parrilla, Geraldo) (Entered: 06/02/2021) |
| 06/02/2021 | | NOTICE regarding hearing via Zoom: The Discovery Hearing scheduled for June 10, 2021 at 2:30 PM will be conducted via Zoom.<br><br>The video link is https://www.zoomgov.com/j/1614782964?pwd=bmowc2VqQ3JWWU4yZXVTbWRTL2FkZz09 and call in number is +1 646 828 7666.<br><br>Meeting ID: 161 478 2964<br><br>Meeting Password: 451833<br><br>Please note: Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. The Judicial Conference of the United States, which governs the practices of the federal courts, has prohibited it. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court. Any member of the public can attend this hearing by using the Zoom link or the Zoom Meeting ID and Password listed in this calendar entry. (Parrilla, Geraldo) (Entered: 06/02/2021) |
| 06/05/2021 | 143 | ORDER denying 129 Motion to Quash; denying 129 Motion for Protective Order. For the reasons stated in the attached ruling, the movant's Motion to Quash and Motion for Protective Order are DENIED. Signed by Judge Robert M. Spector on June 5, 2021. (Parrilla, Geraldo) (Entered: 06/05/2021) |
| 06/07/2021 | 144 | RESPONSE re 142 Calendar Entry,, *Discovery Dispute Brief* filed by Universitas Education, LLC. (Attachments: # 1 Exhibit 1-10)(Manson, Joseph) (Entered: 06/07/2021) |
| 06/07/2021 | 145 | RESPONSE re 142 Calendar Entry,, by Grist Mill Partners, LLC / *GMP Discovery Dispute Letter*. (Sklarz, Jeffrey) (Entered: 06/07/2021) |
| 06/07/2021 | 146 | RESPONSE *RE: Discovery Dispute Order* filed by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Holmes, Grayson) (Entered: 06/07/2021) |
| 06/10/2021 | 147 | Minute Entry for proceedings held before Judge Robert M. Spector: Discovery Hearing held on 6/10/2021. Total time: 49 minutes (Court Reporter Zoom Recording) (Parrilla, Geraldo) (Entered: 06/10/2021) |
| 06/10/2021 | 148 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION.<br><br>A Discovery Hearing is set for 6/18/2021 at 02:00 PM before Judge Robert M. Spector. Please see Notice Regarding Hearing Via Zoom for attendance details.<br><br>The parties shall meet and confer in advance of the Hearing in an effort to resolve or narrow the discovery disputes at issue. (Parrilla, Geraldo) (Entered: 06/10/2021) |
| 06/10/2021 | | NOTICE regarding hearing via Zoom: The Discovery Hearing scheduled for June 18, 2021 at 2:00 PM will be conducted via Zoom.<br><br>The video link is https://www.zoomgov.com/j/1603413085?pwd=cis3N1QyUVJYZkZhcnJZbE53V2s3QT09 and call in number is +1 646 828 7666.<br><br>Meeting ID: 160 341 3085<br><br>Meeting Password: 945028<br><br>Please note: Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. The Judicial Conference of the United States, which governs the practices of the federal courts, has prohibited it. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court. Any member of the public can attend this hearing by using the Zoom link or the Zoom Meeting ID and Password listed in this calendar entry.(Parrilla, Geraldo) (Entered: 06/10/2021) |
| 06/10/2021 | 149 | OBJECTION re 143 Order on Motion to Quash filed by Daniel Carpenter. (Freberg, B) (Entered: 06/10/2021) |

| 06/18/2021 | 150 | Minute Entry for proceedings held before Judge Robert M. Spector: A Discovery Hearing held on 6/18/2021. Total time: 34 minutes (Parrilla, Geraldo) (Entered: 06/18/2021) |
|---|---|---|
| 06/18/2021 | 151 | MEMORANDUM of Discovery Conference: On June 18, 2021, the plaintiff and the defendants, Grist Mill Partners and the charitable trusts, attended a Discovery Hearing to inform the Court as to whether they were able to resolve their pending discovery dispute amicably or, in the alternative, to propose a briefing schedule for the Court's consideration. The parties indicated today that they were not able to resolve the issue.<br><br>Having heard the parties' positions and reviewed their prior-filed memoranda, the Court has determined that the plaintiff's document requests may include financial records dating back to 2009, but should be limited to documents that are actually within the defendants' possession. As discussed during today's hearing, some of these records are as much as twelve years old and no longer within the defendants' possession. The Court ordered the plaintiff to file a proposed discovery order on or before June 25, 2021 which identifies which documents should be disclosed and the deadline for the disclosure. In its proposed order, the plaintiff should define the scope of the specific financial records it requests and whether the defendants have agreed to the scope of the request. To the extent that the defendants would like to set forth any objections for the Court's consideration, they may do so on or before June 25, 2021. The parties are encouraged to collaborate on this proposed order in an effort to streamline document production and avoid unnecessary and costly discovery delays.<br>Signed by Judge Robert M. Spector on 6/18/21.(Parrilla, Geraldo) (Entered: 06/18/2021) |
| 06/23/2021 | 152 | RESPONSE *Opposition to Non-Party Daniel Carpenter's Objection to Magistrate Judge's Order Denying Motion to Quash and Motion for Protective Order* filed by Universitas Education, LLC. (Caldwell, Michael) (Entered: 06/23/2021) |
| 06/24/2021 | 153 | DOCKETING OF LETTER RECEIVED FROM DANIEL CARPENTER. The Court received the attached letter related to this case from Daniel Carpenter dated June 23, 2021. Consistent with the presumption in favor of public access under the First Amendment and common law rights of public access, and its usual practice to advise the parties of communications received by the Court that relate to a case before it, the Court is posting the letter on the docket because it relates to this litigation and does not appear to contain privileged or confidential information. Because Mr. Carpenter is not a party to this case, the Court does not intend to take any action in response to the letter, and no party should feel any obligation to respond to the contents of this letter. It is so ordered. Signed by Judge Jeffrey A. Meyer on 6/24/2021. (DeBot, B.) (Entered: 06/24/2021) |
| 06/24/2021 | 159 | ORDER OVERRULING OBJECTION TO ORDER DENYING MOTION TO QUASH (Doc. # 143 ).<br>The Court overrules the objection by movant Daniel Carpenter to the motion to quash subpoena duces tecum on the ground that Carpenter has not established any clear error or legitimate reason to call into question the correctness of Judge Spector's ruling. The movant Daniel Carpenter shall fully comply with the subpoena on or before **July 15, 2021**. It is so ordered.<br>Signed by Judge Jeffrey A. Meyer on 06/24/21.(Barry, Donna) (Entered: 06/29/2021) |
| 06/25/2021 | 154 | NOTICE by Universitas Education, LLC *Letter Concerning Proposed Discovery Orders* (Attachments: # 1 Text of Proposed Order - GMP, # 2 Text of Proposed Order - Charitable Trusts)(Manson, Joseph) (Entered: 06/25/2021) |
| 06/25/2021 | 155 | OBJECTION re 154 Notice (Other) *Grist Mill Partners LLC Objection to Plaintiff's Proposed Discovery Order* filed by Grist Mill Partners, LLC. (Attachments: # 1 Text of Proposed Order)(Sklarz, Jeffrey) (Entered: 06/25/2021) |
| 06/25/2021 | 156 | OBJECTION *RE: Plaintiff's Proposed Discovery Order* filed by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust. (Attachments: # 1 Exhibit A) (Holmes, Grayson) (Entered: 06/25/2021) |
| 06/28/2021 | 157 | NOTICE of Appearance by Elizabeth K. Acee on behalf of Universitas Education, LLC (Acee, Elizabeth) (Entered: 06/28/2021) |
| 06/28/2021 | 158 | MOTION for Michael G. Caldwell to Withdraw as Attorney by Michael G. Caldwell. (Caldwell, Michael) (Entered: 06/28/2021) |
| 06/29/2021 | 160 | ORDER granting 158 Motion to Withdraw as Attorney as to plaintiff Universitas Education, LLC. Attorney Michael G. Caldwell terminated.<br>Signed by Judge Jeffrey A. Meyer on 6/29/21. (Barry, Donna) (Entered: 06/29/2021) |
| 06/30/2021 | 161 | NOTICE of Appearance by John R. Williams on behalf of Daniel Carpenter (Williams, John) (Entered: 06/30/2021) |
| 07/19/2021 | 162 | DISCOVERY ORDER: On June 25, 2021, in accordance with the Court's June 18, 2021 Memorandum of Discovery Conference, the plaintiff filed a letter wherein it identified and defined the scope of the financial records that it seeks from the defendant Grist Mill Partners, LLC ("GMP") and the defendants Alliance Charitable Trusts, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, and Carpenter Charitable Trusts ("the Defendant Trusts"). (*See* Doc. No. 154). On that same day, the defendants filed objections to the plaintiff's submission and offered their own Proposed Discovery Orders for the Court's consideration. (Doc. Nos. 155 and |

156).

In its filing, the plaintiff first proposes that GMP provide supplemental responses to Interrogatories 2, 4, and 5. (Doc. No. 154-1 at 1). Additionally, the plaintiff proposes that GMP produce the following documents within thirty days: "bank account statements; bank signature cards; cash receipt journals; cash disbursement journals; contracts and/or other documents concerning any transfer of property; all tax documents; emails concerning GM Partners and/or the property located at 100 Grist Mill Road; and all financial statements concerning cash position, balance sheet position, and/or profits and losses." (Doc. No. 154-1 at 1-2). Similarly, the plaintiff's Proposed Scheduling Order directed to the Defendant Trusts proposes that they produce all of the same documents it requested of GMP, with the addition of the following: "all Declarations of Trust and any amendments thereto; all financial statements concerning cash position and/or balance sheet position; all documents concerning any life insurance policies owned by the Defendant Trusts and/or designating the Defendant Trusts as a beneficiary; all documents concerning the registration of the Defendant Trusts with any secretary of State and/or other relevant state authority; all documents and communications concerning the distribution of Defendant Trust assets, including communications involving the trustee, Molly Carpenter, Caroline Meckel, Donald Trudeau, and/or the Avon Old Farms School; and all documents and communications concerning the Defendant Trusts receipt of assets, including from any other defendant in the above-captioned proceeding, from Daniel Carpenter and/or any entity in which Daniel Carpenter directly or indirectly holds an ownership interest, and/or from any entity in which Donald Trudeau directly or indirectly holds an ownership interest." (Doc. No. 154-2 at 1-2).

In response, GMP objects to the production of: (1) bank signature cards, asserting that it does not have bank signature cards and that any such documents would be kept at the bank (Doc. No. 155 at 2); (2) emails, to the extent that the term "property" is not defined and, furthermore, that the plaintiff should limit the scope of its request by identifying records custodians and search terms (Doc. No. 155 at 3-4); (3) *all* tax documents, arguing that the Court should limit the plaintiff's request to the partnership's tax return (Doc. No. 155 at 3); (4) contracts and/or other documents concerning any transfer of property, maintaining that the term "property" is undefined and, if intended to mean personal property, is available as public record and, if intended to mean personal property, GMP has none as a single asset real estate company (Doc. No. 155 2-3); and (5) all financial statements concerning cash position, balance sheet position, and/or profits and losses, asserting that much of that information would be duplicative of that contained in cash disbursements and tax returns. (Doc. No. 155 at 23).

Similarly, the Defendant Trusts object to the production of bank signature cards; contracts and/or other documents concerning any transfer of property; *all* tax documents; all Declarations of Trust and any amendments thereto; all financial statements concerning cash position and / or balance sheet position; all documents and communications concerning the distribution of Defendant Trust assets, including communications involving the trustee, Molly Carpenter, Caroline Meckel, Donald Trudeau, and/or the Avon Old Farms School; and all documents and communications concerning the Defendant Trusts' receipt of assets, including from any other defendant in the above-captioned proceeding, from Daniel Carpenter and/or any entity in which Daniel Carpenter directly or indirectly holds an ownership interest, and/or from any entity in which Donald Trudeau directly or indirectly holds an ownership interest. (*See* Doc. No. 156-1 at 2). The Defendant Trusts assert that the plaintiff's proposed discovery order "requests the production of documents that ae not within the Defendant Trusts' possession; are unrelated to allegations in the Complaint; and are well outside any document-retention period." (Doc. No. 156 at 3).

In addition to its objections as to production, GMP also proposes that the Court order the plaintiff to "identify with particularity the allegations of the proposed Amended Complaint that allege specific misconduct on the part of GMP (as opposed to an allegation that Mr. Carpenter acted improperly with respect to an entity other than GMP)." (Doc. No. 155-1 at 1-2). GMP and the Defendant Trusts also propose that the Court establish that its Order shall not require GMP or the Defendant Trusts to "(a) create a document that does not exist or (b) obtain documents from third-parties (other than their accountants or attorneys)." (Doc. Nos. 155-1 at 2, 156-1 at 2).

Having fully considered the parties' arguments during oral arguments on June 10, 2021 and June 18, 2021 and in their June 25, 2021 submissions, the Court resolves these arguments and the underlying discovery dispute by issuing the attached Discovery Order.

Signed by Judge Robert M. Spector on July 19, 2021. (Parrilla, Geraldo) Attachment added on 7/20/2021 (Reis, Julia). Modified title on 7/20/2021 (Murphy, Tatihana). (Entered: 07/19/2021)

| | | |
|---|---|---|
| 07/20/2021 | 163 | Docket Entry Correction: Attachment to 162 Discovery Order added on 7/20/2021. (Reis, Julia) (Entered: 07/20/2021) |
| 07/28/2021 | 164 | MOTION to Seal Unredacted Testimony from Matthew Westcott Deposition by Universitas Education, LLC. (Attachments: # 1 Exhibit Protective Order in Related Proceeding)(Manson, Joseph) (Entered: 07/28/2021) |
| 07/29/2021 | 165 | ORDER REFERRING CASE to Magistrate Judge Robert M. Spector for ruling on 164 Motion to Seal Unredacted Testimony from Matthew Westcott Deposition<br>Signed by Judge Jeffrey A. Meyer on 7/29/21.(Barry, Donna) (Entered: 07/29/2021) |

| 07/30/2021 | 166 | ORDER granting 164 Motion to Seal: The plaintiff moves for leave to seal certain deposition testimony wherein the deponent makes reference to sensitive financial documents of a nonparty which is subject to a protective order in a related matter. In accordance with D. Conn. L. R. 5, the plaintiff has demonstrated clear and compelling reasons for sealing and it is narrowly tailored to serve those reasons.

Accordingly, the plaintiff's motion for leave to seal is granted. The plaintiff will file a redacted copy of the deposition testimony on the public docket and an unredacted version under seal. Signed by Judge Robert M. Spector on July 30, 2021. (Parrilla, Geraldo) (Entered: 07/30/2021) |
|---|---|---|
| 08/02/2021 | 167 | MOTION for Contempt by Universitas Education, LLC.Responses due by 8/23/2021 (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Unpublished Case)(Manson, Joseph) (Entered: 08/02/2021) |
| 08/02/2021 | 168 | Sealed Document: Exhibit 1 by Universitas Education, LLC . (Acee, Elizabeth) (Entered: 08/02/2021) |
| 08/03/2021 | 169 | ORDER REFERRING CASE to Magistrate Judge Robert M. Spector for ruling on 167 Motion for Contempt. Signed by Judge Jeffrey A. Meyer on 8/3/21.(Barry, Donna) (Entered: 08/03/2021) |
| 08/10/2021 | 170 | MOTION for Attorney Fees /Discovery Sanctions against Grist Mill Partners, LLC by Universitas Education, LLC.Responses due by 8/31/2021 (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2) (Manson, Joseph) (Entered: 08/10/2021) |
| 08/10/2021 | 171 | MOTION for Attorney Fees /Discovery Sanctions Against Defendant Trusts by Universitas Education, LLC.Responses due by 8/31/2021 (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1)(Manson, Joseph) (Entered: 08/10/2021) |
| 08/11/2021 | 172 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION.

A Discovery Hearing regarding the plaintiff's 167 Motion for Contempt, 170 Motion for Attorneys' Fees and Sanctions against the defendant Grist Mill Partners, LLC, and 171 Motion for Attorneys' Fees and Sanctions against Defendant Trusts is set for 8/19/2021 at 10:00 AM before Judge Robert M. Spector. Please see Notice Regarding Hearing via Zoom for attendance details. (Parrilla, Geraldo) (Entered: 08/11/2021) |
| 08/11/2021 | | NOTICE regarding hearing via Zoom: The Discovery Conference scheduled for August 19, 2021 at 10:00 AM will be conducted via Zoom.

The video link is https://www.zoomgov.com/j/1619509857?pwd=eTRZQjJmOWpHWkZyQUJTVUJpVEp1QT09 and call in number is +1 646 828 7666.

Meeting ID: 161 950 9857

Meeting Password: 168883

Please note: Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. The Judicial Conference of the United States, which governs the practices of the federal courts, has prohibited it. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court. Any member of the public can attend this hearing by using the Zoom link or the Zoom Meeting ID and Password listed in this calendar entry.(Parrilla, Geraldo) (Entered: 08/11/2021) |
| 08/12/2021 | 173 | ORDER REFERRING CASE to Magistrate Judge Robert M. Spector for ruling on Motions for Attorney Fees (Docs. # 170 and # 171 ).
Signed by Judge Jeffrey A. Meyer on 8/12/21.(Barry, Donna) (Entered: 08/12/2021) |
| 08/17/2021 | 174 | NOTICE by Universitas Education, LLC Letter to Magistrate Judge Spector (Attachments: # 1 Exhibit 1) (Manson, Joseph) (Entered: 08/17/2021) |
| 08/17/2021 | 175 | MOTION for Extension of Time until AUGUST 23, 2021 to Produce Emails In Response To Discovery Order by Grist Mill Partners, LLC. (Sklarz, Jeffrey) (Entered: 08/17/2021) |
| 08/18/2021 | 176 | ORDER granting 175 Motion for Extension of Time. The defendant Grist Mill Partners, LLC's Motion for Extension of Time to August 23, 2021 to produce emails responsive to the plaintiff's discovery request is hereby granted. Signed by Judge Robert M. Spector on August 18, 2021. (Parrilla, Geraldo) (Entered: 08/18/2021) |
| 08/18/2021 | 177 | OBJECTION to to Plaintiff's Motion for Sanctions filed by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust. (Attachments: # 1 Memorandum in Support)(Holmes, Grayson) (Entered: 08/18/2021) |

| 08/19/2021 | 178 | Minute Entry for proceedings held before Judge Robert M. Spector: A Discovery Hearing held on 8/19/2021. Total Time: 1 hours and 13 minutes(Court Reporter FTR.) (Parrilla, Geraldo) (Entered: 08/19/2021) |
|---|---|---|
| 08/19/2021 | 179 | ORDER taking under advisement 167 Motion for Contempt; denying 170 Motion for Attorney Fees; denying 171 Motion for Attorney Fees.

On August 19, 2021, the Court held a Discovery Hearing to address both the plaintiff's Motion for Contempt (Doc. No. 167), and the plaintiff's Motions for Attorneys' Fees (Doc. Nos. 170 and 171). As to the Motion for Contempt, the Court will take it under advisement and provide the non-party, Daniel Carpenter, more time to comply with the subpoena. As the Court explained during today's hearing, it does not appear that Mr. Carpenter has complied with the subpoena. Though his subpoena responses were prepared two weeks after his counsel filed an appearance in this case, those responses appear to have been prepared without the advice or consultation of his counsel. His responses to the subpoena also appear to conflict directly with statements he made in his initial Motion to Quash (*See* Doc. No. 129), which the Court denied on June 5, 2021. (Doc. No. 143). Mr. Carpenter objected to that ruling, and the Court overruled Mr. Carpenter's objection and set a deadline of July 15, 2021 for compliance with the subpoena. (Doc. No. 159). That deadline has passed, and Mr. Carpenter has not complied with the subpoena or the Court's order. At the request of Mr. Carpenter's counsel, and in the absence of an objection by the plaintiff, the Court will now extend the deadline to September 9, 2021 for full compliance with the subpoena. The Court will conduct a follow-up hearing via Zoom on September 15, 2021 at 11:00am to review Mr. Carpenter's compliance with the subpoena and consider the plaintiff's Motion for Contempt.

Moreover, as set forth at the conclusion of today's hearing, the Court denies the plaintiff's Motions for Attorneys' Fees (Doc. Nos. 170 and 171). The parties initiated, in good faith, a discovery dispute in this case on May 27, 2021, and the Court referred that dispute to the undersigned on that same day. This Court then held discovery conferences on June 10, 2021 and June 18, 2021 in an effort to encourage the parties to meet and confer and narrow the discovery disputes at issue. At the conclusion of the June 18, 2021 conference, the Court directed plaintiff's counsel to submit a proposed discovery order by June 25, 2021 and allowed for the defendants to submit objections to that proposal. On July 19, 2021, after considering the plaintiff's arguments and proposed Order and the defendants' objections to that proposed Order, the Court issued its own discovery Order, which granted much of what the plaintiff requested but sustained some of the defendants' objections to the scope of discovery sought. (*See* Doc. No. 162). The July 19, 2021 Order directed that discovery be provided within 30 days, and the Court has since granted a one-week extension of time to one of the defendants. (*See* Doc. No. 176). Thus, because the plaintiff's motions refer to conduct that occurred in the context of the ongoing discovery dispute, and not in relation to the Court's July 19, 2021 order, they are denied as the Court cannot conclude, at this juncture, that the defendants have engaged in bad faith discovery practices in an effort to avoid their discovery obligations. The parties are directed to meet and confer to ensure compliance with the Court's July 19, 2021 order. The parties are further directed to appear at the September 15, 2021 discovery hearing to report on the defendants' compliance with that order and on any ongoing discovery disputes that still exist at that time.
Signed by Judge Robert M. Spector on August 19, 2021. (Parrilla, Geraldo) (Entered: 08/19/2021) |
| 08/27/2021 | 180 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. A Discovery Conference is set for 9/15/2021 at 11:00 AM before Judge Robert M. Spector.

*Please see Notice Regarding Hearing Via Zoom for attendance details.* (Kim, Jiwon) (Entered: 08/27/2021) |
| 08/27/2021 |  | NOTICE regarding hearing via Zoom: The Discovery Conference scheduled for 9/15/2021 at 11:00AM will be conducted via Zoom. The video link is https://www.zoomgov.com/j/1608885808?pwd=bzBWcFRQSnFzZ0FFRzkvd20rZ0o3UT09 and call in number is +1 646 828 7666.

Meeting ID: 160 888 5808

Meeting Password: 126992

Please note: Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. The Judicial Conference of the United States, which governs the practices of the federal courts, has prohibited it. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court. Any member of the public can attend this hearing by using the Zoom link or the Zoom Meeting ID and Password listed in this calendar entry. (Kim, Jiwon) (Entered: 08/27/2021) |
| 09/09/2021 | 181 | NOTICE by Daniel Carpenter re 143 Order on Motion to Quash,, Order on Motion for Protective Order, 159 Order,, 179 Order on Motion for Contempt,,,,,,,,,,,,,, Order on Motion for Attorney Fees,,,,,,,,,,,,,,,,,,,,,,,,,,, (Williams, John) (Entered: 09/09/2021) |
| 09/10/2021 | 182 | Memorandum in Opposition re 167 MOTION for Contempt filed by Daniel Carpenter. (Williams, John) (Entered: 09/10/2021) |

| 09/14/2021 | 183 | Supplemental Memorandum in Opposition re 167 MOTION for Contempt filed by Daniel Carpenter. (Williams, John) (Entered: 09/14/2021) |
|---|---|---|
| 09/15/2021 | 184 | ORDER finding as moot 139 Motion to Amend/Correct. At today's discovery conference, the parties agreed that the motion to amend is moot and represented that the deposition referenced in the motion has already occurred. Signed by Judge Robert M. Spector on 09/15/2021. (Spector, Robert) (Entered: 09/15/2021) |
| 09/15/2021 | 185 | Minute Entry for proceedings held before Judge Robert M. Spector: Discovery Conference held via Zoom on 9/15/2021. Total Time: 1 hour and 12 minutes (Kim, Jiwon) (Entered: 09/15/2021) |
| 09/15/2021 | 186 | MEMORANDUM of Discovery Conference: On September 15, 2021, the Court conducted a discovery conference to consider the plaintiff's Motion for Contempt 167 and to review Daniel Carpenters compliance with the previously issued subpoena by the plaintiff and the Court's orders on June 5, 2021 143 and June 24, 2021 159 directing him to comply with that subpoena on or before July 15, 2021. Mr. Carpenter claimed at today's conference and in written filings on September 10, 2021 and September 14, 2021, that he has complied fully with the subpoena. The plaintiff disagrees and maintains that Mr. Carpenter disclosed an enormous amount of material that either was clearly irrelevant to this case and not covered by the subpoena or was absolutely not accessible to them on any computer or electronic device. At the conclusion of today's conference, the Court ordered counsel for the plaintiff and for Mr. Carpenter to meet and confer in an attempt to cure the deficiencies in the production and ensure both that the information disclosed by Mr. Carpenter is accessible to the plaintiff and is responsive to the subpoena. The Court directs counsel for the plaintiff and for Mr. Carpenter to file a Joint Status Report on or before **October 3, 2021** to update the Court on their progress, and the Court will conduct another discovery conference on **October 5, 2021 at 3:30pm** via Zoom to verify compliance by Mr. Carpenter and consider additional argument and/or the potential for additional briefing as to the Motion for Contempt.

At the conclusion of today's discovery conference, the plaintiff also raised claims of discovery non-compliance by Grist Mill Partners, LLC ("GMP") and the defendants Alliance Charitable Trusts, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, and Carpenter Charitable Trusts ("the Defendant Trusts"). On August 19, 2021, the Court had ordered these parties to meet and confer to ensure compliance with the Court's July 19, 2021 discovery order, to appear at the September 15, 2021 discovery hearing, and to report on their compliance with that order and on any ongoing discovery disputes that still exist. Today, the Court directed counsel for GMP and counsel for the Defendant Trusts to review the Court's July 19, 2021 order again with plaintiff's counsel to identify what responsive documents exist as to each item listed in the Order, to identify in a privilege log any material claimed to be privileged and to list specifically any items that they do not have in their possession. To the extent that the parties want to raise further compliance issues as to the Court's July 19, 2021 order, they should filed a Joint Status Report on or before **October 3, 2021** and appear at the **October 5, 2021** discovery conference.


Signed by Judge Robert M. Spector on 09/15/2021.(Kim, Jiwon) (Entered: 09/15/2021) |
| 09/20/2021 | 187 | Third Memorandum in Opposition re 167 MOTION for Contempt filed by Daniel Carpenter. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Williams, John) (Entered: 09/20/2021) |
| 09/29/2021 | 188 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION.

*RESET FROM 10/05/2021 at 03:30PM*

The Discovery Conference via Zoom is reset for **10/06/2021 at 11:00 AM** before Judge Robert M. Spector. (Kim, Jiwon) (Entered: 09/29/2021) |
| 09/29/2021 | | NOTICE regarding hearing via Zoom: The Discovery Conference scheduled for 10/06/2021 at 11:00AM will be conducted via Zoom. The video link is https://www.zoomgov.com/j/1601620948?pwd=S1EzWWNidm1SV3NhMFpNV1RWL2VsQT09 and call in number is +1 646 828 7666.

Meeting ID: 160 162 0948

Meeting Password: 447180

Please note: Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. The Judicial Conference of the United States, which governs the practices of the federal courts, has prohibited it. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court. Any member of the public can attend this hearing by using the Zoom link or the Zoom Meeting ID and Password listed in this calendar entry. (Kim, Jiwon) (Entered: 09/29/2021) |

| 10/01/2021 | 189 | STATUS REPORT by Daniel Carpenter. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Williams, John) (Entered: 10/01/2021) |
| 10/01/2021 | 190 | Second STATUS REPORT by Daniel Carpenter. (Attachments: # 1 Exhibit 1)(Williams, John) (Entered: 10/01/2021) |
| 10/02/2021 | 191 | EXHIBIT *Attached to Exhibit 1* by Daniel Carpenter re 190 Status Report. (Williams, John) (Entered: 10/02/2021) |
| 10/03/2021 | 192 | Joint STATUS REPORT *of Defendant Trusts and Universitas* by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust. (Holmes, Grayson) (Entered: 10/03/2021) |
| 10/03/2021 | 193 | Joint STATUS REPORT *of Universitas and Daniel Carpenter* by Universitas Education, LLC. (Manson, Joseph) (Entered: 10/03/2021) |
| 10/03/2021 | 194 | Joint STATUS REPORT *of Universitas and Grist Mill Partners* by Universitas Education, LLC. (Manson, Joseph) (Entered: 10/03/2021) |
| 10/06/2021 | 195 | Minute Entry for proceedings held before Judge Robert M. Spector: A Discovery Conference via Zoom was held on 10/6/2021. Total Time: 1 hours and 19 minutes(Court Reporter FTR.) (Kim, Jiwon) (Entered: 10/06/2021) |
| 10/07/2021 | 196 | MEMORANDUM of Discovery Conference and ORDER. As to the Motion to Hold Daniel Carpenter in Civil Contempt for Noncompliance with the Court's Order Dated June 24, 2021 for sanctions (Doc. No. 167) which was discussed during yesterday's conference, to the extent that the plaintiff would like to file any supplemental memorandum addressing the issues relating to its request for a finding of contempt and an order of sanctions, it should docket this filing **on or before October 15, 2021**. Any response to such memorandum must be filed by Daniel Carpenter **on or before October 27, 2021**.

As to the plaintiff's claim that the defendants Alliance Charitable Trusts, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, and Carpenter Charitable Trusts ("the Defendant Trusts") have violated this Court's July 19, 2021 Discovery Order and this Court's subsequent September 15, 2021 Order (Doc. No. 186) "to review the Court's July 19, 2021 order again with plaintiff's counsel to identify what responsive documents exist as to each item listed in the Order... and to list specifically any items that they do not have in their possession," any motion by the plaintiff addressing these issues must be filed **on or before October 15, 2021**, and any response from the Defendant Trusts must be filed **on or before October 27, 2021**.

Finally, as to the plaintiff's claim that the Defendant Grist Mill Partners has violated this Court's July 19, 2021 Discovery Order by not providing access to what has been referred to as the "BASI server," any motion by the plaintiff addressing this issue must be filed **on or before October 15, 2021**, and any response from the Defendant Grist Mill Partners must be filed **on or before October 27, 2021**.

The Court notes that the plaintiff and defendant Grist Mill Partners have resolved the issue related to the provision of a privilege log, as they reported to the Court during the October 6, 2021 conference that Grist Mill Partners had provided a privilege log shortly before the conference.

**To the extent that any party makes any contested factual assertion in a motion or memorandum, the Court directs that party to supplement its response with a sworn affidavit regarding that fact. On or after October 27, 2021, the Court will determine whether it is necessary to schedule an additional discovery conference, which could involve an in-person hearing in which the clients of those parties involved in the dispute would be required to attend. Consistent with its admonition at the discovery conferences held on June 10, 2021, June 18, 2021, August 19, 2021, September 15, 2021 and October 6, 2021, the Court continues to encourage the parties to meet and confer to assure compliance with the Court's July 19, 2021 Discovery Order and dispense with unnecessary motion practice.**

So Ordered. Signed by Judge Robert M. Spector on 10/07/2021.(Kim, Jiwon) (Entered: 10/07/2021) |
| 10/15/2021 | 197 | Supplemental Memorandum in Support re 167 MOTION for Contempt filed by Universitas Education, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7) (Manson, Joseph) (Entered: 10/15/2021) |
| 10/15/2021 | 198 | MOTION to Compel *Grist Mill Partners* by Universitas Education, LLC.Responses due by 11/5/2021 (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1-10, # 3 Exhibit 11-19)(Manson, Joseph) (Entered: 10/15/2021) |
| 10/15/2021 | 199 | MOTION for Sanctions *Against Defendant Trusts and Their Trustee* by Universitas Education, LLC.Responses due by 11/5/2021 (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Manson, Joseph) (Entered: 10/15/2021) |
| 10/15/2021 | 212 | EXHIBIT 6 (replacement) by Universitas Education, LLC re 197 Memorandum in Support of Motion. (Murphy, Tatihana) (Entered: 12/06/2021) |

| | | |
|---|---|---|
| 10/18/2021 | 200 | ORDER REFERRING CASE to Magistrate Judge Robert M. Spector for ruling on Motion to Compel (Doc. # 198 ) and Motion for Sanctions (Doc. # 199 ). Signed by Judge Jeffrey A. Meyer on 10/18/21.(Barry, Donna) (Entered: 10/18/2021) |
| 10/21/2021 | 201 | AFFIDAVIT re 198 MOTION to Compel *Grist Mill Partners* Signed By Joseph L. Manson III filed by Universitas Education, LLC. (Manson, Joseph) (Entered: 10/21/2021) |
| 10/26/2021 | 202 | Consent MOTION for Extension of Time to File Response/Reply as to 198 MOTION to Compel *Grist Mill Partners* until November 29, 2021 by Grist Mill Partners, LLC. (Sklarz, Jeffrey) (Entered: 10/26/2021) |
| 10/26/2021 | 203 | RESPONSE re 197 Memorandum in Support of Motion, filed by Daniel Carpenter. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Williams, John) (Entered: 10/26/2021) |
| 10/26/2021 | 204 | NOTICE by Universitas Education, LLC re 198 MOTION to Compel *Grist Mill Partners Withdrawal of Motion* (Manson, Joseph) (Entered: 10/26/2021) |
| 10/27/2021 | 205 | ORDER denying 198 Motion to Compel. In light of the Notice filed by the plaintiff indicating that the information sought in the motion to compel has been produced [Doc. No. 204], the motion to compel [Doc. No. 198] is denied as moot. The Court commends the attorneys for both sides for following the Court's October 7, 2021 request to meet and confer to resolve any lingering discovery issues related to the July 19, 2021 Discover Order. There are no discovery or sanctions motions currently pending related to the plaintiff and Grist Mill Partners, and the Court does not intend to offer instructions or deadlines for any motions suggested by the plaintiff's Notice [Doc. No. 204]. Signed by Judge Robert M. Spector on 10/27/2021. (Spector, Robert) (Entered: 10/27/2021) |
| 10/27/2021 | 206 | ORDER finding as moot 202 Motion for Extension of Time to File Response/Reply. Signed by Judge Robert M. Spector on 10/27/2021. (Spector, Robert) (Entered: 10/27/2021) |
| 10/27/2021 | 207 | Consent MOTION for Extension of Time to File Response/Reply as to 199 MOTION for Sanctions *Against Defendant Trusts and Their Trustee* until November 26, 2021 by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust. (Holmes, Grayson) (Entered: 10/27/2021) |
| 10/29/2021 | 208 | ORDER granting, absent objection, 207 Motion for Extension of Time to File Response/Reply re 199 MOTION for Sanctions *Against Defendant Trusts and Their Trustee* Responses due by 11/26/2021. The Defendant Trusts shall file their response to the pending Motion for Sanctions [Doc. No. 199] on or before November 26, 2021. Signed by Judge Robert M. Spector on 10/29/2021. (Spector, Robert) (Entered: 10/29/2021) |
| 10/29/2021 | | Reset Deadlines as to 199 MOTION for Sanctions *Against Defendant Trusts and Their Trustee*. Responses due by 11/26/2021 (Caffrey, A.) (Entered: 11/04/2021) |
| 11/04/2021 | 209 | NOTICE by Universitas Education, LLC (Manson, Joseph) (Entered: 11/04/2021) |
| 11/24/2021 | 210 | Consent MOTION for Extension of Time to File Response/Reply as to 199 MOTION for Sanctions *Against Defendant Trusts and Their Trustee* until December 10, 2021 by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust. (Holmes, Grayson) (Entered: 11/24/2021) |
| 11/29/2021 | 211 | ORDER granting, absent objection, 210 Motion for Extension of Time to File Response/Reply re 199 MOTION for Sanctions *Against Defendant Trusts and Their Trustee* on or by **December 10, 2021**. Signed by Judge Robert M. Spector on 11/29/2021. (Kim, Jiwon) (Entered: 11/29/2021) |
| 12/10/2021 | 213 | Consent MOTION for Extension of Time to File Response/Reply as to 199 MOTION for Sanctions *Against Defendant Trusts and Their Trustee* until December 24, 2021 by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust. (Holmes, Grayson) (Entered: 12/10/2021) |
| 12/13/2021 | 214 | ORDER granting 213 Motion for Extension of Time to File Response/Reply re 213 Consent MOTION for Extension of Time to File Response/Reply as to 199 MOTION for Sanctions *Against Defendant Trusts and Their Trustee* until **December 24, 2021**. Signed by Judge Robert M. Spector on 12/13/2021. (Kim, Jiwon) (Entered: 12/13/2021) |
| 12/17/2021 | 215 | MOTION for Attorney(s) Jeffrey R. Sandberg to be Admitted Pro Hac Vice (paid $200 PHV fee; receipt number ACTDC-6762852) by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust. (Attachments: # 1 Affidavit)(Holmes, Grayson) (Entered: 12/17/2021) |
| 12/17/2021 | 216 | MOTION for Attorney(s) Jeffrey R. Sandberg to be Admitted Pro Hac Vice (paid $200 PHV fee; receipt number ACTDC-6763129) by Daniel Carpenter. (Attachments: # 1 Affidavit of Attorney Sandberg, # 2 Exhibit Certificate of Good Standing)(Williams, John) (Entered: 12/17/2021) |
| 12/20/2021 | 217 | ORDER granting 215 Motion to Appear Pro Hac Vice by Jeffrey R. Sandberg ; granting 216 Motion to Appear Pro Hac Vice by Jeffrey R. Sandberg. Signed by Clerk on 12/20/2021. (Walker, J.) (Entered: 12/20/2021) |

| 12/22/2021 | 218 | RECOMMENDED RULING RE 167 MOTION for Contempt filed by Universitas Education, LLC: For the reasons set forth in the attached recommended ruling, the Court respectfully recommends that the plaintiff's Motion for Contempt (Doc. No. 167 ) be **GRANTED in part, DENIED in part**, such that: (1) the Court find Mr. Carpenter in contempt for the time period of July 15, 2021 through September 6, 2021; (2) the Court find that Mr. Carpenter cured his contempt with his production which began on September 7, 2021; (3) the Court award the plaintiff attorneys' fees incurred between July 15, 2021 and September 6, 2021 as compensatory sanctions; and (4) the Court deny the plaintiff's request for coercive sanctions because the underlying contempt has been cured. 25 Pages. Objections due by 1/5/2022. Signed by Judge Robert M. Spector on 12/22/2021.(Kim, Jiwon) (Entered: 12/22/2021) |
| --- | --- | --- |
| 12/23/2021 | 219 | OBJECTION re 199 MOTION for Sanctions *Against Defendant Trusts and Their Trustee* filed by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust. (Attachments: # 1 Memorandum in Support, # 2 Exhibit One, # 3 Exhibit Two, # 4 Exhibit Three)(Holmes, Grayson) (Entered: 12/23/2021) |
| 01/04/2022 | 220 | OBJECTION to 218 Recommended Ruling filed by Daniel Carpenter. (Williams, John) (Entered: 01/04/2022) |
| 01/05/2022 | 221 | OBJECTION to 218 Recommended Ruling filed by Universitas Education, LLC. (Attachments: # 1 Exhibit Exhibits 1-10, # 2 Exhibit Exhibits 11-21, # 3 Exhibit Unpublished Case, # 4 Exhibit Unpublished Case)(Manson, Joseph) (Entered: 01/05/2022) |
| 01/06/2022 | 222 | REPLY to Response to 199 MOTION for Sanctions *Against Defendant Trusts and Their Trustee* filed by Universitas Education, LLC. (Attachments: # 1 Exhibit Exhibits 1-11)(Manson, Joseph) (Entered: 01/06/2022) |
| 01/07/2022 | 223 | NOTICE of Appearance by Jeffrey Sandberg on behalf of Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust (Sandberg, Jeffrey) (Entered: 01/07/2022) |
| 01/14/2022 | 224 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. A Discovery Hearing regarding the plaintiff's Motion for Sanctions Against the Defendant Trusts and Their Trustee (Doc. No. 199 ) is set for **1/21/2022 at 03:30 PM** before Judge Robert M. Spector. (Kim, Jiwon) (Entered: 01/14/2022) |
| 01/14/2022 | | NOTICE regarding hearing via Zoom: The Discovery Hearing scheduled for **1/21/2022 at 3:30 PM** will be conducted via Zoom. The video link is https://www.zoomgov.com/j/1610777239?pwd=c0Z6R2cvMEVTanpqN1pSNkZYZ0RJdz09 and call in number is +1 646 828 7666.

Meeting ID: 161 077 7239

Meeting Password: 865523

Please note: Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. The Judicial Conference of the United States, which governs the practices of the federal courts, has prohibited it. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court. Any member of the public can attend this hearing by using the Zoom link or the Zoom Meeting ID and Password listed in this calendar entry. (Kim, Jiwon) (Entered: 01/14/2022) |
| 01/18/2022 | 225 | RESPONSE re 220 Objection/Reply/Response to Recommended Ruling filed by Universitas Education, LLC. (Manson, Joseph) (Entered: 01/18/2022) |
| 01/21/2022 | 226 | Minute Entry for proceedings held before Judge Robert M. Spector: Discovery Hearing via Zoom held on 1/21/2022. Total Time: 1 hours (Kim, Jiwon) (Entered: 01/21/2022) |
| 01/21/2022 | 227 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. A Discovery Conference via zoom is set for **2/11/2022 at 10:00 AM** before Judge Robert M. Spector. (Kim, Jiwon) (Entered: 01/21/2022) |
| 01/21/2022 | | NOTICE regarding hearing via Zoom: The Discovery Hearing scheduled for **02/11/2022 at 10:00AM** will be conducted via Zoom. The video link is https://www.zoomgov.com/j/1617006861?pwd=eDMrN0dRQkM4dklaSFk1MUV0Wm1YQT09 and call in number is +1 646 828 7666.

Meeting ID: 161 700 6861

Meeting Password: 100097 |

| | | |
|---|---|---|
| | | Please note: Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. The Judicial Conference of the United States, which governs the practices of the federal courts, has prohibited it. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court. Any member of the public can attend this hearing by using the Zoom link or the Zoom Meeting ID and Password listed in this calendar entry. (Kim, Jiwon) (Entered: 01/21/2022) |
| 01/24/2022 | 228 | MOTION for Extension of Time until 1/24/2022 to File Supplemental Affidavit in Support of Attorney Fees Request by Universitas Education, LLC. (Attachments: # 1 Affidavit Affidavit of Joseph L. Manson III)(Manson, Joseph) (Entered: 01/24/2022) |
| 01/25/2022 | 229 | ORDER taking under advisement 228 Motion for Extension of Time 228 MOTION for Extension of Time until 1/24/2022 to File Supplemental Affidavit in Support of Attorney Fees Request.

On December 22, 2021, the undersigned issued a Recommended Ruling (Doc. No. 218 ) on the plaintiff's Motion for Contempt (Doc. No. 167 ). In that Recommended Ruling, the plaintiff was ordered to file a supplemental affidavit in support of its claimed attorneys' fees and costs by **January 14, 2022**. The Court received the plaintiff's proposed affidavit on **January 24, 2022**, in connection with the Motion for Extension of Time at issue. (Doc. No. 228 , Ex. 1).

Given the number of the plaintiff's discovery motions still pending and the fact that there are several objections to the request for an extension of time, the Court will address the instant Motion for Extension of Time after resolving the plaintiff's Motion for Sanctions Against Defendant Trusts and Their Trustee (Doc. No. 199 ) at the February 11, 2022 discovery hearing. (Doc. No. 227 ). Signed by Judge Robert M. Spector on 01/25/2022. (Kim, Jiwon) (Entered: 01/25/2022) |
| 02/10/2022 | 230 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION.

*RESET FROM 2/11/2022 at 10:00AM*

The Discovery Conference is reset for **2/11/2022 at 11:00 AM** before Judge Robert M. Spector. *Please refer to the original Zoom notice for further instructions.* (Kim, Jiwon) (Entered: 02/10/2022) |
| 02/10/2022 | 231 | STATUS REPORT by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Holmes, Grayson) (Entered: 02/10/2022) |
| 02/11/2022 | 232 | Minute Entry for proceedings held before Judge Robert M. Spector: Discovery Conference via Zoom held on 2/11/2022. Total Time: 1 hours and 6 minutes(Court Reporter FTR.) (Kim, Jiwon) (Entered: 02/11/2022) |
| 02/11/2022 | 233 | ORDER denying 199 Motion for Sanctions; finding as moot 228 Motion for Extension of Time 199 MOTION for Sanctions *Against Defendant Trusts and Their Trustee*, 228 MOTION for Extension of Time until 1/24/2022 to File Supplemental Affidavit in Support of Attorney Fees Request. As discussed during the Discovery Conference held today (Doc. Nos. 227, 230), the Defendant Trusts have until **March 4, 2022** to complete their disclosure of any documents that are covered by Paragraph 4 of the Court's July 19, 2021 Order. (Doc. No. 162 ). Prior to March 4, 2022, the plaintiff and the Defendant Trusts are ordered to meet and confer, during which they are ordered to go through each bullet point of Paragraph 4 and identify: (1) to date, what documents have been produced by the Defendant Trusts that are responsive to each bullet point of Paragraph 4; (2) to what extent paragraph 5 applies to the Defendant Trusts in that it does not possess documents identified in Paragraph 4 of the July 19, 2021 Order; and (3) what information the plaintiff has to show that the Defendant Trusts are incorrect, should the Defendant Trusts take the position that they do not possess or otherwise have access to documents covered by Paragraph 4 of the July 19, 2021 Order. Thereafter, the parties are directed to file a Joint Status Report by **10:00AM on March 10, 2022**, detailing the results of the production and any outstanding documents that are covered by Paragraph 4, but not yet produced. The Court will then conduct another discovery conference on **March 11, 2022**.

As further discussed during the Discovery Conference, the Court has advised the plaintiff that the denial of its Motion for Sanctions Against Defendant Trusts and Their Trustee is *without prejudice*, and that the plaintiff may choose to file a motion for contempt and/or Rule 37 sanctions after the March 11, 2022 conference. The parties understand that any future discovery and/or contempt motions, as well as any memorandum in opposition, must contain sworn affidavits as to any factual contentions. Any such affidavit, to the extent it addresses the production required by Paragraph 4 of the Court's July 19, 2021 Order, should specifically reference the documents identified in the Order itself when making any assertion about a production or a failure to produce. In light of this Order, the plaintiff's MOTION for Extension of Time until 1/24/2022 to File Supplemental Affidavit in Support of Attorney Fees Request (Doc. No. 228 ), is denied as moot. Signed by Judge Robert M. Spector on 02/11/2022. (Kim, Jiwon) (Entered: 02/11/2022) |

| | | |
|---|---|---|
| 02/11/2022 | 234 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. A Discovery Conference via Zoom is set for **3/11/2022 at 03:00 PM** before Judge Robert M. Spector. Please refer to the Zoom notice for further instructions. (Kim, Jiwon) (Entered: 02/11/2022) |
| 02/11/2022 | | NOTICE regarding hearing via Zoom: The Discovery Conference scheduled for **03/11/2022 at 3:00PM** will be conducted via Zoom. The video link is https://www.zoomgov.com/j/1613329035? pwd=S3R3ZEdESEVUS0tDTnYwQ3YvWjB0Zz09 and call in number is +1 646 828 7666. Meeting ID: 161 332 9035 Meeting Password: 846368 Please note: Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. The Judicial Conference of the United States, which governs the practices of the federal courts, has prohibited it. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court. Any member of the public can attend this hearing by using the Zoom link or the Zoom Meeting ID and Password listed in this calendar entry. (Kim, Jiwon) (Entered: 02/11/2022) |
| 03/04/2022 | 235 | MOTION to Vacate /*Dissolve Prejudgment Attachment* by Benistar Admin Services, Inc., Molly Carpenter, Moonstone Partners, LLC, TPG Group Inc, Donald Trudeau. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (McPherson, Michael) (Entered: 03/04/2022) |
| 03/07/2022 | 236 | ORDER. Any objection or other response to the motion to vacate (Doc. # 235 ) shall be filed by **March 14, 2022**. It is so ordered.<br>Signed by Judge Jeffrey A. Meyer on 3/7/22.(Barry, Donna) (Entered: 03/08/2022) |
| 03/10/2022 | 237 | Joint STATUS REPORT by Universitas Education, LLC. (Manson, Joseph) (Entered: 03/10/2022) |
| 03/10/2022 | 238 | ORDER: Based on the Joint Status Report submitted by the parties on March 10, 2022 (Doc. No. 237 ), the Court **CANCELS** the March 11, 2022 discovery conference (*see* Doc. 234) and commends the parties for working diligently through, and resolving, the outstanding discovery issues.<br>Signed by Judge Robert M. Spector on 03/10/2022.(Kim, Jiwon) (Entered: 03/10/2022) |
| 03/15/2022 | 239 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. Oral argument on the motion for contempt (Doc. # 167 ) and objections to the recommended ruling (Doc. # 218 ) is set for **March 21, 2022 at 3:00 p.m.** before Judge Jeffrey A. Meyer and will take place via Zoom. (Barry, Donna) (Entered: 03/16/2022) |
| 03/16/2022 | 240 | ORDER. The Court DENIES the motions to reconsider (Docs. # 117 , # 120 ). The Court GRANTS IN PART and DENIES IN PART Universitas's motion to file an amended complaint (Doc. # 118 ). Universitas may file its proposed amended complaint (Doc. #[118-3]), except for its alter ego claims against Birch Hill, Seir Hill, and Greyhound and its unjust enrichment claim against Molly Carpenter. The motion to amend is otherwise DENIED. The Court GRANTS the motion for leave to file a sur-reply (Doc. # 133 ). It is so ordered. Signed by Judge Jeffrey A. Meyer on 3/16/22.(Brooks, E.) (Entered: 03/16/2022) |
| 03/17/2022 | | NOTICE regarding hearing via Zoom: The oral argument scheduled for 3/21/22 at 3:00 p.m. will be conducted via Zoom. All parties and counsel, as well as members of the public, are invited to use the following information to participate in and observe this hearing. Video link: https://www.zoomgov.com/j/1602203708?pwd=UTZGaG56QTJodUQ1aE9HQ3BKbStCQT09 Call in number: 646-828-7666 Meeting ID: 160 220 3708 Meeting Password: 307843 Please note: Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. The Judicial Conference of the United States, which governs the practices of the federal courts, has prohibited it. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court. (Barry, Donna) (Entered: 03/17/2022) |
| 03/21/2022 | 241 | ORDER. In the absence of any objection having been filed, the Court GRANTS the motion to vacate/dissolve prejudgment attachment (Doc. # 235 ). It is so ordered. |

| | | |
|---|---|---|
| | | Signed by Judge Jeffrey A. Meyer on 3/21/22. (Barry, Donna) (Entered: 03/21/2022) |
| 03/21/2022 | 242 | Minute Entry for proceedings held before Judge Jeffrey A. Meyer:<br>Oral argument on the motion for contempt (Doc. # 167 ) and objections to the recommended ruling (Doc. # 218 ) held on 3/21/2022<br>Motion for Contempt (Doc. # 167 ) was taken under advisement.<br>Total Time: 59 minutes (Court Reporter Diana Huntington) (Barry, Donna) (Entered: 03/21/2022) |
| 03/22/2022 | 243 | ORDER. The Court GRANTS IN PART and DENIES IN PART the motion for contempt (Doc. # 167 ) and ADOPTS Judge Spector's recommended ruling (Doc. # 218 ). To the extent that Judge Spector concluded that Carpenter was in contempt of my discovery order (Doc. # 159 ) for the period from July 15 to September 6, 2021, I adopt his recommended ruling. I intend to award Universitas the reasonable attorneys' fees that it expended between July 15 and September 6, 2021 to secure compliance with my order. To the extent that Judge Spector concluded that Carpenter cured the contempt, I adopt the recommended ruling to the extent that it concludes that Universitas has yet to show that Carpenter continues to be in contempt. My ruling, however, is without prejudice to renewal of a motion to compel or a contempt motion after Carpenter is subject to a deposition concerning his compliance in accordance with the terms set forth in this ruling. Signed by Judge Jeffrey A. Meyer on 3/22/22. (Brooks, E.) Modified on 3/23/2022 to flag the order as an opinion (Barry, Donna). (Entered: 03/22/2022) |
| 03/29/2022 | 244 | MOTION for Reconsideration re 243 Order on Motion for Contempt,,,,, Order on Recommended Ruling,,,, by Daniel Carpenter. (Attachments: # 1 Memorandum in Support)(Williams, John) (Entered: 03/29/2022) |
| 03/29/2022 | 245 | MOTION to Amend/Correct 240 Order on Motion for Reconsideration,,, Order on Motion to Amend/Correct,,,,,, Order on Motion for Leave to File,, by Daniel Carpenter.Responses due by 4/19/2022 (Attachments: # 1 Exhibit Motion to Reconsider Exhibits, # 2 Memorandum in Support Movant/Non-Party Daniel Carpenter's Memorandum in Support of Motion to Amend/Correct the Court's Order Denying Universitas's Motion to Reconsider)(Sandberg, Jeffrey) (Entered: 03/29/2022) |
| 03/30/2022 | 246 | OBJECTION re 243 Order on Motion for Contempt,,,,, Order on Recommended Ruling,,,, filed by Daniel Carpenter. (Sandberg, Jeffrey) (Entered: 03/30/2022) |
| 04/01/2022 | 247 | ORDER dissolving attachment on 392B Cards Pond Road. Signed by Judge Jeffrey A. Meyer on 4/1/22. (Brooks, E.) (Entered: 04/01/2022) |
| 04/01/2022 | 248 | ORDER RE MOTION FOR RECONSIDERATION (Doc. # 244 ).<br>The motion for reconsideration is DENIED for failure of plaintiff to adduce any facts or argument that could not have been previously asserted, to show any controlling facts or law that the Court has overlooked, or otherwise to show any clear error or manifest injustice that will result from adherence to the Court's prior decision. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). The Court has adequately stated its reasons in its ruling and as discussed at the hearing on the motion for its concerns about Carpenter's compliance, and there shall be no delay with respect to the deposition of Carpenter as stated in the Court's ruling. It is so ordered.<br>Signed by Judge Jeffrey A. Meyer on 4/1/22. (Barry, Donna) (Entered: 04/04/2022) |
| 04/06/2022 | 249 | AMENDED COMPLAINT against Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Benistar, Carpenter Charitable Trust, Jane Doe, Jane Doe, Grist Mill Partners, LLC, Phoenix Charitable Trust, Greyhound Partners, LLC, 1&3 Mill Pond Partners, LLC, Seir Hill Partners, LLC, Birch Hill Partners, LLC, Caroline Meckel, Steven Meckel, filed by Universitas Education, LLC.(Manson, Joseph) (Entered: 04/06/2022) |
| 04/15/2022 | 250 | NOTICE of Appearance by Jonathan J. Einhorn on behalf of Daniel Carpenter (Einhorn, Jonathan) (Entered: 04/15/2022) |
| 04/15/2022 | 251 | NOTICE OF APPEAL by Universitas Education, LLC. Filing fee $ 505, receipt number ACTDC-6902829. (Manson, Joseph) (Entered: 04/15/2022) |
| 04/18/2022 | 252 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 251 Notice of Appeal. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: None (Carr, Dave) (Entered: 04/18/2022) |
| 04/19/2022 | 253 | Memorandum in Opposition re 245 MOTION to Amend/Correct 240 Order on Motion for Reconsideration,,, Order on Motion to Amend/Correct,,,,,, Order on Motion for Leave to File,, filed by Universitas Education, LLC. (Manson, Joseph) (Entered: 04/19/2022) |
| 04/19/2022 | 254 | RESPONSE re 246 Objection filed by Universitas Education, LLC. (Attachments: # 1 Affidavit Declaration of Joseph L. Manson III)(Manson, Joseph) (Entered: 04/19/2022) |
| 04/22/2022 | 255 | Consent MOTION for Extension of Time until May 11, 2022 To Respond To Amended Complaint 249 Amended Complaint, by Grist Mill Partners, LLC. (Pesce, Matthew) (Entered: 04/22/2022) |
| 04/25/2022 | 256 | ORDER granting defendant Grist Mill Partners, LLC's Motion for Extension of Time (Doc. # 255 ) until **May 11, 2022** to respond to the first amended complaint (Doc. # 249 ). |

| | | |
|---|---|---|
| | | Signed by Judge Jeffrey A. Meyer on 4/25/22. (Barry, Donna) (Entered: 04/25/2022) |
| 04/25/2022 | | Answer deadline updated for Grist Mill Partners, LLC to 5/11/2022. (Barry, Donna) (Entered: 04/25/2022) |
| 04/27/2022 | 257 | First MOTION to Dismiss *The First Amended Complaint* by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust.Responses due by 5/18/2022 (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1-5)(Holmes, Grayson) (Entered: 04/27/2022) |
| 05/02/2022 | 258 | RESPONSE re 254 Response filed by Daniel Carpenter. (Attachments: # 1 Exhibit Exh 1 - Dan LaBelle email re US DOJ documents, # 2 Exhibit Exh 2 -Affidavit (2nd). J Sandberg.220501.signed)(Sandberg, Jeffrey) (Entered: 05/02/2022) |
| 05/02/2022 | 259 | RESPONSE re 254 Response *CORRECTED* filed by Daniel Carpenter. (Attachments: # 1 Exhibit Exh 1 - Dan LaBelle email re US DOJ documents, # 2 Exhibit Exh 2 - Affidavit (2nd). J Sandberg.220501.signed)(Sandberg, Jeffrey) (Entered: 05/02/2022) |
| 05/02/2022 | 260 | REPLY to Response to 245 MOTION to Amend/Correct 240 Order on Motion for Reconsideration,,, Order on Motion to Amend/Correct,,,,,, Order on Motion for Leave to File,, filed by Daniel Carpenter. (Attachments: # 1 Exhibit Exhibits - Reply re Rule 59 Motion.220502)(Sandberg, Jeffrey) (Entered: 05/02/2022) |
| 05/11/2022 | 261 | MOTION to Dismiss *First Amended Complaint* by Grist Mill Partners, LLC.Responses due by 6/1/2022 (Pesce, Matthew) (Entered: 05/11/2022) |
| 05/11/2022 | 262 | Memorandum in Support re 261 MOTION to Dismiss *First Amended Complaint* filed by Grist Mill Partners, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Pesce, Matthew) (Entered: 05/11/2022) |
| 05/17/2022 | 263 | First MOTION for Extension of Time until 06/01/2022*to file Consolidated Response to* 257 First MOTION to Dismiss *The First Amended Complaint*, 261 MOTION to Dismiss *First Amended Complaint* by Universitas Education, LLC. (Manson, Joseph) (Entered: 05/17/2022) |
| 05/18/2022 | 264 | ORDER granting plaintiff's Motion for Extension of Time (Doc. # 263 ) until **June 1, 2022** to file a consolidated response.<br>Signed by Judge Jeffrey A. Meyer on 5/18/22. (Barry, Donna) (Entered: 05/18/2022) |
| 05/18/2022 | | Reset Deadlines as to Motions to Dismiss (Docs. # 261 , # 257 ) - Responses due by 6/1/2022 (Barry, Donna) (Entered: 05/18/2022) |
| 06/01/2022 | 265 | Memorandum in Opposition re 257 First MOTION to Dismiss *The First Amended Complaint*, 261 MOTION to Dismiss *First Amended Complaint* filed by Universitas Education, LLC. (Manson, Joseph) (Entered: 06/01/2022) |
| 06/02/2022 | 266 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.<br><br>Oral argument on motions to dismiss (Docs. # 257 and # 261 ) is set for **August 2, 2022 at 3:00 p.m.** before Judge Jeffrey A. Meyer and will be conducted via Zoom.<br><br>For cases involving parties who are represented by counsel, Judge Meyer ordinarily expects that the parties themselves will be present for hearings on any dispositive motions (*i.e.*, motions to dismiss and for summary judgment). If an individual party (or party representative in the case of a company/entity party) is not present, Judge Meyer will inquire of counsel why the party or party representative has chosen not to attend the hearing and may require the filing of a signed waiver of presence with a statement of reasons. If the argument is scheduled to proceed in full or in part by means of a video link, then the parties or party representatives are welcome to attend the argument by video.(Barry, Donna) Modified on 6/22/2022 to correct the docket number of a motion to dismiss (Barry, Donna). (Entered: 06/02/2022) |
| 06/02/2022 | | NOTICE regarding hearing via Zoom:<br>The oral argument scheduled for 8/2/22 at 3:00 p.m. will be conducted via Zoom. All parties and counsel, as well as members of the public, are invited to use the following information to participate in and observe this hearing.<br><br>Video link: https://www.zoomgov.com/j/1609650034?pwd=akxoMkRBd0RZTHdZcmhYa0dvTlJZQT09<br>Call in number: 646-828-7666<br>Meeting ID: 160 965 0034<br>Meeting Password: 737019<br><br>Please note: Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. The Judicial Conference of the United States, which governs the practices of the federal courts, has prohibited it. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, |

| | | |
|---|---|---|
| | | restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court. (Barry, Donna) (Entered: 06/02/2022) |
| 06/07/2022 | 267 | VACATED - MOTION to Vacate *Motion to Vacate Prejudgment* by Benistar Admin Services, Inc., Molly Carpenter, Moonstone Partners, LLC, TPG Group Inc, Donald Trudeau. (McPherson, Michael) Modified on 9/27/2022: vacated per order (Doc. #319) (Barry, Donna). (Entered: 06/07/2022) |
| 06/10/2022 | 268 | Consent MOTION for Extension of Time until June 22, 2022 to File Reply to Memorandum in Opposition by Grist Mill Partners, LLC. (Pesce, Matthew) (Entered: 06/10/2022) |
| 06/10/2022 | 269 | MOTION for Extension of Time until 6/14/2022 *Nunc Pro Tunc to File* Renewed Motion for Contempt by Universitas Education, LLC. (Attachments: # 1 Exhibit Renewed Motion for Contempt)(Manson, Joseph) (Entered: 06/10/2022) |
| 06/13/2022 | 270 | ORDER granting defendant Grist Mill Partners, LLC's Motion for Extension of Time (Doc. # 268 ) until **June 22, 2022** to file reply to plaintiff's memorandum in opposition.<br>Signed by Judge Jeffrey A. Meyer on 6/13/22. (Barry, Donna) (Entered: 06/13/2022) |
| 06/13/2022 | 271 | ORDER REFERRING CASE to Magistrate Judge Robert M. Spector for ruling on Motion for Extension of Time (Doc. # 269 ).<br>Signed by Judge Jeffrey A. Meyer on 6/13/22. (Barry, Donna) (Entered: 06/13/2022) |
| 06/14/2022 | 272 | ORDER: In light of the referral of the plaintiff's Motion for Extension of Time *Nunc Pro Tunc* to file a renewed motion for contempt against Daniel Carpenter (*see* Doc. No. 269), counsel for Mr. Carpenter is directed to respond to the plaintiff's Motion on or by **June 21, 2022**.<br>Signed by Judge Robert M. Spector on 06/14/2022.(Kim, Jiwon) (Entered: 06/14/2022) |
| 06/15/2022 | 273 | REPLY to Response to 257 First MOTION to Dismiss *The First Amended Complaint* filed by Alliance Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, Carpenter Charitable Trust, Phoenix Charitable Trust. (Attachments: # 1 Exhibit, # 2 Exhibit)(Holmes, Grayson) (Entered: 06/15/2022) |
| 06/21/2022 | 274 | OBJECTION re 269 MOTION for Extension of Time until 6/14/2022 *Nunc Pro Tunc to File* Renewed Motion for Contempt filed by Daniel Carpenter. (Attachments: # 1 Exhibit Exhs 1-3 to D Carpenter Response to Univ Motion to Extend Time to File Renewed Sanctions Motion)(Sandberg, Jeffrey) (Entered: 06/21/2022) |
| 06/22/2022 | 275 | ORDER: In light of the opposition to the plaintiff's Motion for Extension of Time *Nunc Pro Tunc* (*see* Doc. No. 274 ), the plaintiff may choose to file a response on or by **June 29, 2022**.<br>Signed by Judge Robert M. Spector on 06/22/2022.(Kim, Jiwon) (Entered: 06/22/2022) |
| 06/22/2022 | | Request for Clerk to issue summons as to 1&3 Mill Pond Partners, LLC, Birch Hill Partners, LLC, Greyhound Partners, LLC, Caroline Meckel, Steven Meckel, Seir Hill Partners, LLC. (Manson, Joseph) (Entered: 06/22/2022) |
| 06/22/2022 | | Docket Entry Correction: Calendar entry (Doc. # 266 ) was amended to correct the docket number of one of the motions to dismiss. (Barry, Donna) (Entered: 06/22/2022) |
| 06/22/2022 | 276 | REPLY to Response to 261 MOTION to Dismiss *First Amended Complaint* filed by Grist Mill Partners, LLC. (Attachments: # 1 Exhibit A)(Pesce, Matthew) (Entered: 06/22/2022) |
| 06/23/2022 | 277 | ELECTRONIC SUMMONS ISSUED in accordance with Fed. R. Civ. P. 4 and LR 4 as to *1&3 Mill Pond Partners, LLC, Birch Hill Partners, LLC, Greyhound Partners, LLC, Caroline Meckel, Steven Meckel, Seir Hill Partners, LLC* with answer to complaint due within *21* days. Attorney *Joseph L Manson, III* *Law Offices of Joseph L. Manson III* *600 Cameron St.* *Alexandria, VA 22314*. (Carr, Dave) (Entered: 06/23/2022) |
| 06/23/2022 | 278 | MANDATE of USCA dated 06/23/2022 Withdrawing 251 Notice of Appeal filed by Universitas Education, LLC (Carr, Dave) (Entered: 06/23/2022) |
| 06/28/2022 | 279 | RESPONSE re 267 MOTION to Vacate *Motion to Vacate Prejudgment* filed by Universitas Education, LLC. (Manson, Joseph) (Entered: 06/28/2022) |
| 06/29/2022 | 280 | REPLY to Response to 269 MOTION for Extension of Time until 6/14/2022 *Nunc Pro Tunc to File* Renewed Motion for Contempt by Universitas Education, LLC. (Manson, Joseph) (Entered: 06/29/2022) |
| 07/06/2022 | 281 | ORDER denying the plaintiff's Motion for Extension of Time *Nunc Pro Tunc* to file a renewed motion for contempt against Daniel Carpenter (Doc. No. 269 ): On March 22, 2022, the Court (Meyer, J.) adopted, in part, the Recommended Ruling that granted in part and denied in part the plaintiff's original motion for contempt. (*See* Doc. No. 243 ; *see also* Doc. No. 248 (Order denying Motion for Reconsideration)). As it relates to this pending motion for extension of time, the Court ordered Daniel Carpenter to sit for a deposition of no longer than four hours to address his compliance with the subpoena at issue. Specifically, the Court ruled, "The questioning shall be limited to questions about the efforts that Carpenter undertook to comply with each of the requests in the subpoena, what knowledge Carpenter has about the existence and location of documents that are responsive to the subpoena, and what relationship Carpenter has to any third parties that may have documents within the scope of the subpoena. The parties shall schedule the deposition to take place in the District of Connecticut at a time and |

date that is mutually agreeable on or before April 22, 2022.... If following this deposition, Universitas continues to believe that Carpenter has not fully complied in good faith with the subpoena, then Universitas may file a motion to compel or a motion for contempt within 30 days of the deposition. Such motion must particularize by reference to each discovery request and all other evidence (including the deposition of Carpenter) the basis for any conclusion that Carpenter has failed in good faith to produce documents that are responsive to the subpoena." Doc. No. 243 at 7. Carpenter was deposed on April 15, 2022, meaning that any renewed motion for contempt was due on May 15, 2022. The plaintiff filed the instant motion on June 10, 2022, nearly a month after the Court's deadline.

The plaintiff is correct that the Federal Rule of Civil Procedure 6(b)(1)(B) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time... on motion made after the time has expired if the party failed to act because of excusable neglect." Whether neglect is excusable is based on four factors: " 1 the danger of unfair prejudice to the [opposing party], 2 the length of the delay and its potential impact on judicial proceedings, 3 the reason for the delay, including whether it was in the reasonable control of the movant, and 4 whether the movant acted in good faith." *Friedman v. Bloomberg L.P.*, No. 3:15-CV-443 (AWT), 2020 WL 5518639, at *1 (D. Conn. Sept. 14, 2020) (citing *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir. 2004) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993))). Though this four-factor test is "flexible," the Second Circuit has focused on the third factor: the reason for the delay. *Silvanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) ("[D]espite the flexibility of 'excusable neglect' and the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension, we and other circuits have focused on the third factor[.]"). Moreover, "[t]he Second Circuit has... refused to find excusable neglect in cases where the moving party has failed to provide a valid explanation for its delay." *In re Bulk Oil (USA) Inc.*, No. 89-B-13380, 2007 WL 1121739, at *6-8 (S.D.N.Y. Apr. 11, 2007) (collecting cases).

Here, the plaintiff is asking the Court to use its discretion to find that "counsel's inadvertent error was the unfortunate result of an inadvertent failure to calendar the floating deadline of 30 days after the deposition." (Doc. No. 269 at 5). No other explanation was given for the nearly month-long delay other than a failure to calendar the deadline. "Preoccupation with another trial and mere oversight [of the deadline] are not reasons for delay that are sufficient to satisfy the standard for excusable neglect." *Mason v. Schriver*, No. 96-cv-6942, 1999 WL 498221, at *3 (S.D.N.Y. July 13, 1999)) (citing *Canfield v. Van Atta Buick/GMC Truck Inc.*, 127 F.3d 248, 251 (2d Cir. 1997)); *see also Friedman*, 2020 WL 5518639, at *2 (collecting cases). As such, the Court exercises its discretion to deny the plaintiff's motion to extend time. The Court's March 22, 2022 Order in this case was clear, as was its articulation of the time frame for the filing of any additional motion to compel. In addition, to the extent that the respondent has suggested in his opposition memorandum that sanctions are appropriate against the plaintiff as a result of his conduct in seeking the extension of time, the Court exercises its discretion to deny any award of sanctions. Signed by Judge Robert M. Spector on July 6, 2022. (Briskin, Corey) (Entered: 07/06/2022)

| 07/06/2022 | 282 | SUMMONS Returned Executed by Universitas Education, LLC. Caroline Meckel served on 6/28/2022, answer due 7/19/2022; Steven Meckel served on 6/28/2022, answer due 7/19/2022. (Manson, Joseph) (Entered: 07/06/2022) |
| 07/06/2022 | 283 | NOTICE of Appearance by Michael R. McPherson on behalf of Caroline Meckel, Steven Meckel (McPherson, Michael) (Entered: 07/06/2022) |
| 07/08/2022 | 284 | SUMMONS Returned Executed by Universitas Education, LLC. 1&3 Mill Pond Partners, LLC served on 7/6/2022, answer due 7/27/2022; Birch Hill Partners, LLC served on 7/6/2022, answer due 7/27/2022; Greyhound Partners, LLC served on 7/6/2022, answer due 7/27/2022; Seir Hill Partners, LLC served on 7/6/2022, answer due 7/27/2022. (Manson, Joseph) (Entered: 07/08/2022) |
| 07/12/2022 | 285 | NOTICE of Appearance by Jonathan J. Einhorn on behalf of 1&3 Mill Pond Partners, LLC, Birch Hill Partners, LLC, Greyhound Partners, LLC, Seir Hill Partners, LLC (Einhorn, Jonathan) (Entered: 07/12/2022) |
| 07/13/2022 | 286 | MOTION for Extension of Time until August 18, 2022 To File Answer or Motion to Dismiss by Caroline Meckel, Steven Meckel. (McPherson, Michael) (Entered: 07/13/2022) |
| 07/18/2022 | 287 | ORDER. The Court DENIES the motion to correct (Doc. # 245 ) for substantially the reasons set forth in the objection (Doc. # 253 ). It is so ordered. Signed by Judge Jeffrey A. Meyer on 7/18/22. (Brooks, E.) (Entered: 07/18/2022) |
| 07/18/2022 | 288 | MOTION for Dan E. LaBelle to Withdraw as Attorney by Benistar Admin Services, Inc., Molly Carpenter, Moonstone Partners, LLC, TPG Group Inc, Donald Trudeau. (LaBelle, Dan) (Entered: 07/18/2022) |
| 07/19/2022 | 289 | ORDER. The Court GRANTS the motion to withdraw and congratulates Mr. LaBelle on his outstanding career and retirement. It is so ordered.<br>Signed by Judge Jeffrey A. Meyer on 7/19/22. (Barry, Donna) (Entered: 07/19/2022) |
| 07/20/2022 | 290 | OBJECTION re 281 Order on Motion for Extension of Time,,,,,,,,,,,,,,,,, filed by Universitas Education, LLC. (Manson, Joseph) (Entered: 07/20/2022) |

| 07/26/2022 | 291 | MOTION to Dismiss by Seir Hill Partners, LLC.Responses due by 8/16/2022 (Attachments: # 1 Memorandum in Support, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit) (Einhorn, Jonathan) (Entered: 07/26/2022) |
|---|---|---|
| 07/26/2022 | 292 | MOTION to Dismiss by Birch Hill Partners, LLC.Responses due by 8/16/2022 (Attachments: # 1 Memorandum in Support, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit)(Einhorn, Jonathan) (Entered: 07/26/2022) |
| 07/27/2022 | 293 | MOTION to Dismiss by 1&3 Mill Pond Partners, LLC.Responses due by 8/17/2022 (Attachments: # 1 Memorandum in Support, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit) (Einhorn, Jonathan) (Entered: 07/27/2022) |
| 07/27/2022 | 294 | MOTION to Dismiss by Greyhound Partners, LLC.Responses due by 8/17/2022 (Attachments: # 1 Memorandum in Support, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit)(Einhorn, Jonathan) (Entered: 07/27/2022) |
| 07/28/2022 | 295 | ORDER. The argument scheduled for August 2, 2022 is postponed in light of the ongoing briefing on other motions to dismiss. The Court will reschedule the argument once all the motions to dismiss are fully briefed. The motion for an extension (Doc. # 286 ) is GRANTED. It is so ordered. (Entered: 07/28/2022) |
| 08/03/2022 | 296 | RESPONSE re 290 Objection filed by Daniel Carpenter. (Sandberg, Jeffrey) (Entered: 08/03/2022) |
| 08/03/2022 | 297 | RESPONSE re 296 Response *Non-Party Respondent, Daniel E. Carpenters Memorandum in Support of his Opposition to Plaintiffs Objection to Judge Spectors Order [Dkt 281] Denying Plaintiffs Untimely Motion for an Extension of Time Nunc Pro Tunc to File a Renewed Motion for Contempt* filed by Daniel Carpenter. (Sandberg, Jeffrey) (Entered: 08/03/2022) |
| 08/12/2022 | 298 | First MOTION for Extension of Time until 08/24/2022*for* Filing Consolidated Opposition to Motions to Dismiss 291 MOTION to Dismiss , 294 MOTION to Dismiss , 292 MOTION to Dismiss , 293 MOTION to Dismiss by Universitas Education, LLC. (Manson, Joseph) (Entered: 08/12/2022) |
| 08/15/2022 | 299 | ORDER granting plaintiff's Motion for Extension of Time (Doc. # 298 ) until **August 24, 2022** to file its opposition to defendants' motions to dismiss.<br>Signed by Judge Jeffrey A. Meyer on 8/13/22. (Barry, Donna) (Entered: 08/15/2022) |
| 08/15/2022 | 300 | Reset Deadlines as to motions to dismiss (Docs. # 291 , # 292 , # 293 , and # 294 ) - Responses due by 8/24/2022 (Barry, Donna) (Entered: 08/15/2022) |
| 08/18/2022 | 301 | MOTION to Dismiss by Caroline Meckel, Steven Meckel.Responses due by 9/8/2022 (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(McPherson, Michael) (Entered: 08/18/2022) |
| 08/24/2022 | 302 | Memorandum in Opposition re 291 MOTION to Dismiss , 294 MOTION to Dismiss , 292 MOTION to Dismiss , 293 MOTION to Dismiss filed by Universitas Education, LLC. (Manson, Joseph) (Entered: 08/24/2022) |
| 08/29/2022 | 303 | MOTION to Intervene by Carpenter Financial Group, Inc..Responses due by 9/19/2022 (Attachments: # 1 Memorandum in Support, # 2 Exhibit)(Einhorn, Jonathan) (Entered: 08/29/2022) |
| 08/30/2022 | 304 | MOTION for Joinder *of Greyhound Partners LLC Motion to Dismiss at #294* by 1&3 Mill Pond Partners, LLC. (Einhorn, Jonathan) (Entered: 08/30/2022) |
| 08/30/2022 | 305 | MOTION for Joinder *of Greyhound Partners LLC Motion to Dismiss at #294* by Birch Hill Partners, LLC. (Einhorn, Jonathan) (Entered: 08/30/2022) |
| 08/30/2022 | 306 | MOTION for Joinder *of Greyhound Partners LLC Motion to Dismiss at #294* by Seir Hill Partners, LLC. (Einhorn, Jonathan) (Entered: 08/30/2022) |
| 08/31/2022 | 307 | REPLY to Response to 291 MOTION to Dismiss filed by Seir Hill Partners, LLC. (Einhorn, Jonathan) (Entered: 08/31/2022) |
| 09/02/2022 | 308 | NOTICE of Appearance by John R. Williams on behalf of Seir Hill Partners, LLC (Williams, John) (Entered: 09/02/2022) |
| 09/02/2022 | 309 | NOTICE of Appearance by John R. Williams on behalf of Greyhound Partners, LLC (Williams, John) (Entered: 09/02/2022) |
| 09/02/2022 | 310 | NOTICE of Appearance by John R. Williams on behalf of 1&3 Mill Pond Partners, LLC (Williams, John) (Entered: 09/02/2022) |
| 09/02/2022 | 311 | NOTICE of Appearance by John R. Williams on behalf of Birch Hill Partners, LLC (Williams, John) (Entered: 09/02/2022) |
| 09/02/2022 | 312 | MOTION for Attorney(s) Jeffrey Sandberg to be Admitted Pro Hac Vice (paid $200 PHV fee; receipt number ACTDC-7056612) by 1&3 Mill Pond Partners, LLC, Birch Hill Partners, LLC, Greyhound Partners, LLC, Seir |

| | | |
|---|---|---|
| | | Hill Partners, LLC. (Attachments: # 1 Affidavit of Attorney Sandberg, # 2 Exhibit Certificate of Good Standing) (Williams, John) (Entered: 09/02/2022) |
| 09/06/2022 | 313 | REPLY to Response to 292 MOTION to Dismiss filed by Birch Hill Partners, LLC. (Einhorn, Jonathan) (Entered: 09/06/2022) |
| 09/06/2022 | 314 | REPLY to Response to 293 MOTION to Dismiss filed by 1&3 Mill Pond Partners, LLC. (Einhorn, Jonathan) (Entered: 09/06/2022) |
| 09/06/2022 | 315 | REPLY to Response to 294 MOTION to Dismiss filed by Greyhound Partners, LLC. (Einhorn, Jonathan) (Entered: 09/06/2022) |
| 09/08/2022 | 316 | Memorandum in Opposition re 301 MOTION to Dismiss filed by Universitas Education, LLC. (Manson, Joseph) (Entered: 09/08/2022) |
| 09/19/2022 | 317 | Memorandum in Opposition re 303 MOTION to Intervene filed by Universitas Education, LLC. (Manson, Joseph) (Entered: 09/19/2022) |
| 09/20/2022 | 318 | RESPONSE re 304 MOTION for Joinder *of Greyhound Partners LLC Motion to Dismiss at #294*, 305 MOTION for Joinder *of Greyhound Partners LLC Motion to Dismiss at #294*, 306 MOTION *for Joinder of Greyhound Partners LLC Motion to Dismiss at #294* filed by Universitas Education, LLC. (Manson, Joseph) (Entered: 09/20/2022) |
| 09/21/2022 | 319 | ORDER GRANTING UNOPPOSED MOTION TO VACATE PREJUDGMENT ATTACHMENT. The Court GRANTS Molly Carpenter's motion to vacate prejudgment attachment (Doc. # 267 ), which plaintiff does not oppose (Doc. # 279 ). Accordingly, it is hereby ORDERED that: (1) the Order of Attachment pertaining to Molly Carpenter (Doc. # 66 ) is hereby vacated; (2) the plaintiff's attachment of the real property located at 18 Pondside Lane, Simsbury, Connecticut, is hereby dissolved; and (3) the Order of July 20, 2020, otherwise remains in full effect.<br>It is so ordered. Signed by Judge Jeffrey A. Meyer on 09/21/2022. (Mahard, S.) (Entered: 09/21/2022) |
| 09/22/2022 | 320 | REPLY to Response to 301 MOTION to Dismiss *Reply to Universitas' Objection to Motion to Dismiss* filed by Caroline Meckel, Steven Meckel. (McPherson, Michael) (Entered: 09/22/2022) |
| 09/23/2022 | 321 | NOTICE of Appearance by Jonathan J. Einhorn on behalf of Grist Mill Partners, LLC *in addition to other counsel on file* (Einhorn, Jonathan) (Entered: 09/23/2022) |
| 09/23/2022 | 322 | Emergency MOTION to Vacate 66 Order, by Grist Mill Partners, LLC. (Einhorn, Jonathan) (Entered: 09/23/2022) |
| 09/27/2022 | 324 | ORDER. Any objection or other response to the emergency motion to vacate (Doc. # 322 ) shall be filed by **October 3, 2022**. It is so ordered.<br>Signed by Judge Jeffrey A. Meyer on 9/27/22.(Barry, Donna) (Entered: 09/29/2022) |
| 09/29/2022 | 323 | REPLY to Response to 303 MOTION to Intervene filed by Carpenter Financial Group, Inc.. (Einhorn, Jonathan) (Entered: 09/29/2022) |
| 09/30/2022 | 325 | REPLY to Response to 303 MOTION to Intervene *(corrected version)* filed by Carpenter Financial Group, Inc.. (Einhorn, Jonathan) (Entered: 09/30/2022) |
| 10/03/2022 | 326 | Memorandum in Opposition re 322 Emergency MOTION to Vacate 66 Order, filed by Universitas Education, LLC. (Attachments: # 1 Exhibit Exhibits 1 & 2)(Manson, Joseph) (Entered: 10/03/2022) |
| 10/05/2022 | 327 | REPLY to Response to 322 Emergency MOTION to Vacate 66 Order, filed by Grist Mill Partners, LLC. (Attachments: # 1 Exhibit, # 2 Exhibit)(Einhorn, Jonathan) (Entered: 10/05/2022) |
| 10/20/2022 | 328 | ORDER granting Motion for admission *pro hac vice* of Jeffrey Sandberg (Doc. # 312 ). A certificate of good standing is due by **December 19, 2022**.<br>Signed by Clerk on 10/20/22. (Barry, Donna) (Entered: 10/20/2022) |
| 10/20/2022 | 329 | ORDER dissolving attachment on 18 Pondside Lane in accordance with Order(Doc. # 319 ).<br>Signed by Judge Jeffrey A. Meyer on 10/20/22.(Barry, Donna) (Entered: 10/21/2022) |
| 10/21/2022 | 330 | NOTICE by 1&3 Mill Pond Partners, LLC, Birch Hill Partners, LLC, Greyhound Partners, LLC, Seir Hill Partners, LLC *Notice of Filing Certificate of Good Standing - Jeffrey Robert Sandberg* (Sandberg, Jeffrey) (Entered: 10/21/2022) |
| 10/27/2022 | 331 | MOTION To Substitute Security for Attachment, Set Bar Date for Objections, and Schedule Hearing by Grist Mill Partners, LLC.Responses due by 11/17/2022 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Sklarz, Jeffrey) (Entered: 10/27/2022) |
| 10/27/2022 | 332 | MOTION to Expedite *Emergency Motion To Substitute Security For Attachment, Set Bar Date For Objections, and Schedule Hearing* by Grist Mill Partners, LLC. (Sklarz, Jeffrey) (Entered: 10/27/2022) |

| 10/28/2022 | 333 | ORDER REFERRING CASE to Magistrate Judge Robert M. Spector for ruling on motions (Docs. # 322 , # 331 , # 332 ). Signed by Judge Robert M. Spector on 10/28/22.(Barry, Donna) (Entered: 10/28/2022) |
|---|---|---|
| 10/31/2022 | 334 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. A telephonic status conference is set for **11/1/2022 at 11:00 AM** before Judge Robert M. Spector. Counsel should be prepared to discuss the three motions referred to the undersigned on October 28, 2022. (See Doc. No. 333). Please use the following dial-in for this call: (877) 873-8017; Access Code: 7040261. (Salguero, Carlos) (Entered: 10/31/2022) |
| 11/01/2022 | 335 | NOTICE by Grist Mill Partners, LLC re 331 MOTION To Substitute Security for Attachment, Set Bar Date for Objections, and Schedule Hearing *Notice of Filing Revised Proposed Order Modifying PJR Order* (Sklarz, Jeffrey) (Entered: 11/01/2022) |
| 11/01/2022 | 336 | Minute Entry for proceedings held before Judge Robert M. Spector: A telephonic Status Conference was held on 11/1/2022. 20 minutes. (Salguero, Carlos) (Entered: 11/01/2022) |
| 11/01/2022 | 337 | ORDER granting 332 Motion to Expedite; finding as moot 322 Motion to Vacate.

In light of the parties representations at today's conference, (Doc. No. 336), defendant Grist Mill Partners, LLC's Motion to Expedite ( 332 ) its *Emergency Motion To Substitute Security For Attachment, Set Bar Date For Objections, and Schedule Hearing* 331 , is **GRANTED** and its Emergency Motion 322 to Vacate 66 PJR Order is **DENIED as MOOT** . Signed by Judge Robert M. Spector on November 1, 2022. (Salguero, Carlos) Modified text on 11/1/2022 (Langello, Nicholas). (Entered: 11/01/2022) |
| 11/01/2022 | 338 | ORDER granting 331 Motion to Substitute Security For Attachment.

On November 1, 2022, the Court held a telephonic status conference to address the three motions referred to the undersigned on October 28, 2022. (See Doc. Nos. 333 , 334 , and 336 ). Subsequently, based on the representations of counsel at the conference, the Court granted defendant Grist Mill Partners LLC's ("GMP") motion to expedite (Doc. No. 332 ). The Court also denied as moot GMP's initial emergency motion filed September 23, 2022, seeking to vacate the Court's pre-judgment attachment on certain real property (Doc. No. 322 ; see Doc. No. 66 ) as the parties averred that resolving GMP's October 27, 2022, motion to substitute security for attachment (Doc. No. 331 ) would moot the issue. (See Doc. No. 337 ).

The Court now resolves GMP's October 27, 2022, motion to substitute security for attachment. (Doc. No. 331). In connection with that motion, GMP filed a proposed order. (See Doc. No. 331 at Ex. B (Doc. No. [331-2])). However, on November 1, 2022, prior to the conference, GMP filed a modified version of that proposed order. (Doc. No. 335). The proposed orders are materially the same except that the November 1 order directs that proceeds of the sale (as defined in the proposed order) of the subject property are to be sent to and held by the Clerk of Court for the United States District Court for the District of Connecticut pending further order of this Court instead of an escrow agent. (See Doc. No. 335 at paragraph 3(c)). After reviewing the modified proposed order and conducting a colloquy with the parties, counsel for the plaintiff represented that the plaintiff accepted the proposed order, Doc. No. 335, as submitted and did not otherwise object to the motion. The parties also agreed that the initial proposed order, Doc. No. [331-2] was inoperative and that no further briefing or hearing regarding objections to the motion was required.

Accordingly, in light of the foregoing, the Court **GRANTS** defendant GMP's motion to substitute security for attachment (Doc. No. 331 ) as modified by Doc. No. 335 in the attached order. Signed by Judge Robert M. Spector on November 1, 2022. (Salguero, Carlos) (Entered: 11/01/2022) |
| 11/02/2022 | 339 | MOTION for Jeffrey M. Sklarz, Lawrence S. Grossman, Matthew Pesce to Withdraw as Attorney by Grist Mill Partners, LLC. (Sklarz, Jeffrey) (Entered: 11/02/2022) |
| 11/02/2022 | 340 | MOTION to Withdraw 339 MOTION for Jeffrey M. Sklarz, Lawrence S. Grossman, Matthew Pesce to Withdraw as Attorney *[Notice of Withdrawal of Motion ECF-339]* by Grist Mill Partners, LLC. (Sklarz, Jeffrey) (Entered: 11/02/2022) |
| 11/03/2022 | 341 | ORDER granting Motion (Doc. # 340 ) to Withdraw Motion ECF #339. Accordingly, Motion (Doc. #{339}) is denied as moot. Signed by Judge Jeffrey A. Meyer on 11/03/22. (Barry, Donna) (Entered: 11/08/2022) |
| 12/08/2022 | 342 | MOTION to Dismiss for Lack of Jurisdiction by 1&3 Mill Pond Partners, LLC, Birch Hill Partners, LLC, Greyhound Partners, LLC, Seir Hill Partners, LLC.Responses due by 12/29/2022 (Attachments: # 1 Memorandum in Support)(Williams, John) (Entered: 12/08/2022) |
| 12/09/2022 | 343 | Memorandum in Opposition re 342 MOTION to Dismiss for Lack of Jurisdiction filed by Universitas Education, LLC. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Manson, Joseph) |

| | | |
|---|---|---|
| | | (Entered: 12/09/2022) |
| 12/21/2022 | 344 | REPLY to Response to 342 MOTION to Dismiss for Lack of Jurisdiction filed by 1&3 Mill Pond Partners, LLC, Birch Hill Partners, LLC, Greyhound Partners, LLC, Seir Hill Partners, LLC. (Einhorn, Jonathan) (Entered: 12/21/2022) |
| 01/04/2023 | 345 | ORDER: The Court has been notified that today a representative or agent of defendant Grist Mill Partners, LLC ("GMP") contacted the Clerk's Office regarding the remittance of the proceeds of the sale of the subject property discussed in the Courts 11/1/2022 order granting GMP's Motion to Substitute Security For Attachment. See Doc. No. 338 (the "Order"). The Clerk has since informed the Court that a wire transfer of the proceeds of the sale to the Clerks Office has already been effected.

First, the Court notes that the Order requires that, "[w]ithin two (2) business days of the closing of the sale of the Property, GMP shall file on the docket of the Court a report stating the full amount of the sale proceeds, only subtracting the payment of prior encumbrances and customary costs and fees (the 'Proceeds')." Order at (b)(3). GMP is ordered to comply with this provision.

Second, remittance, transfer, or deposit of any monies to the Clerk of Court for the District of Connecticut are governed by D. Conn. L. Civ. R. 67 and must also be consistent with the "Order Regarding Deposit and investment of Registry Funds" found in the appendix to these rules. For example, if the GMP wishes to deposit the Proceeds into an interest-bearing account pursuant to 28 U.S.C. § 2045 and L.R. 67, GMP must submit a proposed order complying with the additional requirements L.R. 67.

Upon compliance with the above, and assuming that the monies already wired are the same amount as the monies identified in the filed report, the monies already wired to the Clerk shall be considered as satisfying the Order's requirement of remittance of the Proceeds. See Order at (3)(c).
Signed by Judge Robert M. Spector on January 4, 2023.(Salguero, Carlos) (Entered: 01/04/2023) |
| 01/04/2023 | 346 | NOTICE by Grist Mill Partners, LLC Of Filing Settlement Statement re: Sale of 100 Grist Mill Road, Simsbury, Connecticut (Attachments: # 1 Exhibit A)(Sklarz, Jeffrey) (Entered: 01/04/2023) |
| 01/04/2023 | | Acknowledgment of Receipt - Fed wire of funds from Grist Mill Partners for the amount of $630,393.67 for proceeds of the sale of property regarding doc. no. 345. Reference voucher no. 540006, rec. no. CQC CTXCCA23-00121. (Smart, E) (Entered: 01/05/2023) |
| 01/06/2023 | 347 | NOTICE by Grist Mill Partners, LLC of Foreclosure and Sale of 100 Grist Mill Road (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Pesce, Matthew) (Entered: 01/06/2023) |
| 01/10/2023 | 348 | MOTION for Order Directing Clerk of Court to Deposit Funds into Interest-Bearing Account by Grist Mill Partners, LLC. (Attachments: # 1 Exhibit A)(Pesce, Matthew) (Entered: 01/10/2023) |
| 01/11/2023 | 349 | NOTICE by Grist Mill Partners, LLC re 345 Order,,,,,,,, (Pesce, Matthew) (Entered: 01/11/2023) |
| 01/11/2023 | 350 | Defendant Grist Mill Partners, LLC's ("GMP's") motion for an Order Directing Clerk of Court to Deposit Funds into Interest-Bearing Account is hereby GRANTED for the reasons stated in the motion. Doc. No. 348 . The Court finds that monies acknowledged and received by the Clerks office on January 4, 2023, in the amount of $630,393.67 are the same as the amount contained in the notice filed by GMP, as required by this Court's 11/1/2022 order (the "Order"). See Doc. No. 338 at (3)(b). Accordingly, the Court finds GMP has satisfied both the Order's reporting provision, see Order at (3)(b), and the required remittance of the proceeds. Order at (3)(c). See Doc. No. 345 .

Per the attached order, the Clerk is directed to deposit these monies in the interest-bearing Court Registry Investment System ("CRIS") account and the Clerk shall deduct from the income earned on the investment a CRIS fee of 0.10%. See D. Conn. L. Civ. R. 67(b).

As provided by this Court's Local Rules, "[u]pon final determination of the action or at such other times as may be appropriate, a party or parties may seek a Court order releasing deposited funds, by submitting a proposed order which shall contain the following information: (1) the name, address and taxpayer identification number of any individual(s) or corporation(s) receiving the funds; and (2) the amount of principal and interest to be paid to any individual(s) or corporation(s). Funds cannot be released from the registry account of the Court without a Court order. D. Conn. L. Civ. R. 67(c).
Signed by Judge Robert M. Spector on January 11, 2023. (Salguero, Carlos) (Entered: 01/11/2023) |
| 01/11/2023 | 351 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION.

Oral argument on pending motions set for February 1, 2023 at 11:00 a.m. in Courtroom Three, 141 Church St., New Haven, CT before Judge Jeffrey A. Meyer.

For cases involving parties who are represented by counsel, Judge Meyer ordinarily expects that the parties |

|            |     |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                    |
|------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |     | themselves will be present for hearings on any dispositive motions (*i.e.*, motions to dismiss and for summary judgment). If an individual party (or party representative in the case of a company/entity party) is not present, Judge Meyer will inquire of counsel why the party or party representative has chosen not to attend the hearing and may require the filing of a signed waiver of presence with a statement of reasons. If the argument is scheduled to proceed in full or in part by means of a video link, then the parties or party representatives are welcome to attend the argument by video.(Barry, Donna) (Entered: 01/11/2023) |
| 02/01/2023 | 352 | Minute Entry for proceedings held before Judge Jeffrey A. Meyer:<br>Oral argument held on 2/1/2023<br>Total Time: 2 hours and 30 minutes (Court Reporter Diana Huntington) (Barry, Donna) (Entered: 02/01/2023) |
| 02/03/2023 | 353 | ORDER GRANTING CONSENT MOTIONS FOR JOINDER (Docs. # 304 , # 305 , # 306 ). In light of plaintiff's consent (Doc. # 318 ), the Court GRANTS defendants' motions for joinder. It is so ordered. Signed by Judge Jeffrey A. Meyer on 2/3/2023. (Mahard, S.) (Entered: 02/03/2023) |
| 02/03/2023 | 354 | NOTICE by Caroline Meckel, Steven Meckel *Statement* (McPherson, Michael) (Entered: 02/03/2023) |
| 02/07/2023 | 355 | Memorandum in Support re 342 MOTION to Dismiss for Lack of Jurisdiction filed by 1&3 Mill Pond Partners, LLC, Birch Hill Partners, LLC, Greyhound Partners, LLC, Seir Hill Partners, LLC. (Sandberg, Jeffrey) (Entered: 02/07/2023) |
| 02/08/2023 | 356 | ORDER RE HEARING ON NOTICE (Doc. # 354 ). The Court intends to conduct a video hearing with respect to the notice filed by counsel for defendants Caroline and Steven Meckel. Judge Meyer's courtroom deputy will consult with counsel regarding scheduling and post a Zoom link to the docket once a date and time is set. All counsel must participate in the video hearing. Any client, client representative, and member of the public may also observe by video at their option and if they wish. Judge Meyer will discuss at this hearing the potential application of 28 U.S.C. § 455(a) and Canon 3 of the U.S. Code of Judicial Conduct. In light of the scheduling of this hearing, neither plaintiff nor any other party needs to file any motion or other response to the notice as Judge Meyer had ordered when the issue first arose during the course of oral argument last Wednesday on pending motions.<br>It is so ordered. Signed by Judge Jeffrey A. Meyer on 2/8/2023. (Mahard, S.) (Entered: 02/08/2023) |
| 02/10/2023 | 357 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.<br><br>A hearing on the notice filed by counsel for defendants Caroline and Steven Meckel (Doc. # 354 ) is set for **February 16, 2023 at 4:00 p.m.** before Judge Jeffrey A. Meyer and will be conducted via Zoom. A notice containing the Zoom meeting information shall follow. (Barry, Donna) (Entered: 02/10/2023) |
| 02/10/2023 |     | NOTICE regarding hearing via Zoom:<br>The hearing scheduled for **February 16, 2023 at 4:00 p.m.** will be conducted via Zoom. All counsel must participate in the video hearing. Any client, client representative, and member of the public may also observe by video at their option and if they wish using the following information.<br><br>Video link://www.zoomgov.com/j/1605515581?pwd=QkNaYll4eHFaWDZiRTRzY1ErWHRTUT09<br>Call in number: 646-828-7666<br>Meeting ID: 160 551 5581<br>Meeting Password: 258974<br><br>Please note: Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. The Judicial Conference of the United States, which governs the practices of the federal courts, has prohibited it. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court. (Barry, Donna) (Entered: 02/10/2023) |
| 02/15/2023 | 358 | Memorandum in Opposition *to Supplemental Memorandum of Law in Support* re 342 MOTION to Dismiss for Lack of Jurisdiction filed by Universitas Education, LLC. (Attachments: # 1 Exhibit, # 2 Exhibit)(Manson, Joseph) (Entered: 02/15/2023) |
| 02/15/2023 | 361 | MOTION Pursuant to Rule 12(h)(3) to Dismiss the Claims Against Caroline and Steven Meckel by Daniel Carpenter. Responses due by 3/8/2023 (Attachments: # 1 Memorandum in Support)(Chartier, AnnMarie) (Entered: 02/17/2023) |
| 02/16/2023 | 359 | Minute Entry for proceedings held before Judge Jeffrey A. Meyer:<br>Hearing held on 2/16/2023<br>Total Time: 32 minutes (Court Reporter Diana Huntington) (Barry, Donna) (Entered: 02/16/2023) |
| 02/16/2023 | 360 | SEALED NOTICE TO COUNSEL. Responses Due 3/2/2023 by 4:00 p.m.<br>Signed by Clerk on 2/16/2023.(Perez, J.) (Additional attachment(s) added on 3/2/2023: # 1 Response to Notice, # |

| | | |
|---|---|---|
| | | [2](#) Response to Notice, # [3](#) Response to Notice, # [4](#) Response to Notice, # [5](#) Response to Notice) (Perez, J.). (Entered: 02/16/2023) |
| 03/07/2023 | [362](#) | MOTION to Vacate [338](#) Order on Motion for Miscellaneous Relief,,,,,,,,, [66](#) Order, *and Dissolve Prejudgment Attachment* by Grist Mill Partners, LLC. (Sklarz, Jeffrey) (Entered: 03/07/2023) |
| 03/07/2023 | [363](#) | Memorandum in Support re [362](#) MOTION to Vacate [338](#) Order on Motion for Miscellaneous Relief,,,,,,,,, [66](#) Order, *and Dissolve Prejudgment Attachment* filed by Grist Mill Partners, LLC. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B)(Sklarz, Jeffrey) (Entered: 03/07/2023) |
| 03/08/2023 | 364 | ORDER. The Chief Deputy Clerk of Court has informed the Court that one or more parties declined to consent to a remittal of disqualification pursuant to Canon 3 of the U.S. Code of Judicial Conduct and the Clerk of Court's anonymized remittal procedure. Accordingly, as explained by Judge Meyer during the remittal hearing on February 16, this case with all pending motions will be randomly re-assigned to another district judge on April 3, 2023 at the close of the Civil Justice Reform Acts 6-month case reporting period. It is so ordered. Signed by Judge Jeffrey A. Meyer on 3/8/23.(Barry, Donna) (Entered: 03/08/2023) |
| 03/08/2023 | [365](#) | Memorandum in Opposition re [361](#) MOTION to Dismiss filed by Universitas Education, LLC. (Attachments: # [1](#) Appendix Unpublished Case)(Manson, Joseph) (Entered: 03/08/2023) |
| 03/28/2023 | [366](#) | MOTION for Extension of Time to File Response/Reply as to [362](#) MOTION to Vacate [338](#) Order on Motion for Miscellaneous Relief,,,,,,,,, [66](#) Order, *and Dissolve Prejudgment Attachment* until 4/4/2023 by Universitas Education, LLC. (Manson, Joseph) (Entered: 03/28/2023) |
| 03/30/2023 | [367](#) | ORDER Returning Submission as Deficient: Reply returned to Daniel Carpenter as to Daniel Carpenter Signed by Judge Jeffrey A. Meyer on 3/30/2023.(Lewis, D) (Entered: 03/30/2023) |
| 03/31/2023 | 368 | ORDER granting [366](#) Motion for Extension of Time to File Response. For the reasons stated in the plaintiff's motion, the Court finds good cause to GRANT the plaintiff's request for extension regarding the Motion to Vacate [362](#) until **4/4/2023**. Any opposition by plaintiff Universitas is due on that date. It is so ordered. Signed by Judge Robert M. Spector on March 31, 2023. (Salguero, Carlos) (Entered: 03/31/2023) |
| 04/03/2023 | 369 | ORDER OF TRANSFER. Case reassigned to Judge Kari A. Dooley for all further proceedings. Signed by Judge Jeffrey A. Meyer on 4/3/2023.(Freberg, B) (Entered: 04/03/2023) |
| 04/03/2023 | 370 | ORDER denying [361](#) Motion to Dismiss. Non-party Daniel Carpenter improperly filed this motion on behalf of and seeking relief for Defendants Caroline Meckel and Steven Meckel. Under 28 U.S.C. § 1654, "parties may plead and conduct their own cases personally or by counsel." This statute "authorizes only two types of representation: that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself." *Berrios v. N.Y.C. Housing Auth.*, 564 F.3d 130, 132 (2d Cir. 2009) (quotations omitted). Daniel Carpenter, who is not a licensed attorney, may not assert claims or file motions on behalf of anyone other than himself. *See Davidson v. Fitzgerald*, No. 3:21-CV-63 (JCH), 2021 WL 6125617, at *5 (D. Conn. Dec. 28, 2021). The few and narrow exceptions to this rule have no application here. *See Kowalski v. Tesmer*, 543 U.S. 125, 129-30 (2004). Moreover, Defendants Caroline Meckel and Steven Meckel are represented by competent counsel, which makes Mr. Carpenter's effort doubly inappropriate. Finally, the Court observes that Mr. Carpenter himself is represented by counsel. This Court does not recognize hybrid representation. *See United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) ("The decision to grant or deny 'hybrid representation' lies solely within the discretion of the trial court."). Accordingly, the Court will not accept or consider any further *pro se* submissions by Mr. Carpenter. *See Mitchell v. Senkowski*, 489 F. Supp. 2d 147, 149-50 (N.D.N.Y. 2006) (noting that "[s]everal trial and appellate courts have refused to accept *pro se* submissions once an attorney has been retained or assigned") (collecting cases). Any future efforts by Mr. Carpenter to assert the rights of others or to submit *pro se* filings shall likely be met with sanctions.

Signed by Judge Kari A. Dooley on 4/3/2023. (Stamegna, Ashley) (Entered: 04/03/2023) |
| 04/04/2023 | [371](#) | Memorandum in Opposition re [362](#) MOTION to Vacate [338](#) Order on Motion for Miscellaneous Relief,,,,,,,,, [66](#) Order, *and Dissolve Prejudgment Attachment* filed by Universitas Education, LLC. (Manson, Joseph) (Entered: 04/04/2023) |
| 04/06/2023 | [372](#) | MOTION to Dismiss for Lack of Jurisdiction *by Greyhound Partners, Seir Hill Partners, Birch Hill Partners and* by 1&3 Mill Pond Partners, LLC.Responses due by 4/27/2023 (Attachments: # [1](#) Memorandum in Support, # [2](#) Exhibit)(Einhorn, Jonathan) (Entered: 04/06/2023) |
| 04/11/2023 | [373](#) | ORDER Returning Submission as Deficient: Reply to Motion to Dismiss returned to Daniel E. Carpenter. Signed by Judge Kari A. Dooley on 4/11/2023. (Fanelle, N.) (Entered: 04/11/2023) |
| 04/18/2023 | [374](#) | REPLY to Response to [362](#) MOTION to Vacate [338](#) Order on Motion for Miscellaneous Relief,,,,,,,,, [66](#) Order, *and Dissolve Prejudgment Attachment (Reply to Plaintiff's Opposition ECF No. 371)* filed by Grist Mill Partners, LLC. (Sklarz, Jeffrey) (Entered: 04/18/2023) |

| 04/27/2023 | 375 | Memorandum in Opposition re 372 MOTION to Dismiss for Lack of Jurisdiction *by Greyhound Partners, Seir Hill Partners, Birch Hill Partners and* filed by Universitas Education, LLC. (Manson, Joseph) (Entered: 04/27/2023) |
|---|---|---|
| 05/08/2023 | 376 | REPLY to Response to 372 MOTION to Dismiss for Lack of Jurisdiction *by Greyhound Partners, Seir Hill Partners, Birch Hill Partners and* filed by 1&3 Mill Pond Partners, LLC, Birch Hill Partners, LLC, Greyhound Partners, LLC, Seir Hill Partners, LLC. (Einhorn, Jonathan) (Entered: 05/08/2023) |
| 08/02/2023 | 377 | ORDER denying 342 Motion to Dismiss for Lack of Jurisdiction; granting 362 Motion to Vacate; denying 372 Motion to Dismiss for Lack of Jurisdiction; granting 257 Motion to Dismiss; granting 261 Motion to Dismiss; granting 291 Motion to Dismiss; granting 292 Motion to Dismiss; granting 293 Motion to Dismiss; granting in part and denying in part 294 Motion to Dismiss; granting 301 Motion to Dismiss; finding as moot 303 Motion to Intervene. See attached Memorandum of Decision. The dismissal is with prejudice. The Clerk of the Court is directed to enter judgment in favor of all Defendants and to close this case.<br><br>Signed by Judge Kari A. Dooley on 8/2/2023. (Chambers, Jillian) (Entered: 08/02/2023) |
| 08/08/2023 | 378 | JUDGMENT entered in favor of the Defendants with prejudice.<br><br>For Appeal Forms please go to the following website: http://www.ctd.uscourts.gov/forms/all-forms/appeals_forms Signed by Clerk on 8/8/2023.(Gould, K.) (Entered: 08/08/2023) |
| 08/08/2023 | | JUDICIAL PROCEEDINGS SURVEY - FOR COUNSEL ONLY: The following link to the confidential survey requires you to log into CM/ECF for SECURITY purposes. Once in CM/ECF you will be prompted for the case number. Although you are receiving this survey through CM/ECF, it is hosted on an independent website called SurveyMonkey. Once in SurveyMonkey, the survey is located in a secure account. The survey is not docketed and it is not sent directly to the judge. To ensure anonymity, completed surveys are held up to 90 days before they are sent to the judge for review. We hope you will take this opportunity to participate, please click on this link:<br><br>https://ecf.ctd.uscourts.gov/cgi-bin/Dispatch.pl?survey<br>(Gould, K.) (Entered: 08/08/2023) |
| 08/18/2023 | 379 | MOTION for Disbursement of Funds by Grist Mill Partners, LLC. (Attachments: # 1 Exhibit A - Proposed Order) (Pesce, Matthew) (Entered: 08/18/2023) |
| 08/28/2023 | 380 | NOTICE OF APPEAL as to 378 Judgment, 110 Order on Motion to Dismiss,,,,,,,,,,,,,,,, Order on Motion to Dismiss/Lack of Jurisdiction,,,,, 377 Order on Motion to Dismiss/Lack of Jurisdiction,,, Order on Motion to Vacate,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Intervene,, 240 Order on Motion for Reconsideration,,, Order on Motion to Amend/Correct,,,,,, Order on Motion for Leave to File,, by Universitas Education, LLC. Filing fee $ 505, receipt number ACTDC-7462927. (Manson, Joseph) (Entered: 08/28/2023) |
| 08/28/2023 | 381 | ORDER granting 379 Motion for Disbursement of Funds. See attached Order. Signed by Judge Kari A. Dooley on 8/28/2023. (Gould, K.) (Entered: 08/28/2023) |
| 08/28/2023 | 382 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 380 Notice of Appeal,,. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: all service notices with documents attached (Oliver, T.) (Entered: 08/29/2023) |
| 09/05/2023 | 383 | MOTION to Alter Judgment by Carpenter Charitable Trust.Responses due by 9/26/2023 (Sandberg, Jeffrey) (Entered: 09/05/2023) |
| 09/21/2023 | | Clerk's Disbursement of Funds-check#4039-50487126 in the amount of $630,393.67 paid to GRIST MILL PARTNERS, LLP. REF NO. PQC CTXCCA23-00053. (Morley, Elizabeth) (Entered: 09/22/2023) |
| 09/26/2023 | 384 | Memorandum in Opposition re 383 MOTION to Alter Judgment filed by Universitas Education, LLC. (Manson, Joseph) (Entered: 09/26/2023) |
| 09/27/2023 | 385 | ORDER denying 383 Motion to Alter Judgment. First, Defendant Carpenter Charitable Trust improperly seeks to advance the interests of non-party Daniel Carpenter. Carpenter Charitable Trust is not mentioned in the language movant seeks to delete from the Courts decision. Further, it is clear that that the decision detailed Plaintiff's allegations, which were accepted as true, in accordance with the well-established legal standard for Rule 12(b)(6) motions. The motion to alter the judgment is otherwise frivolous and is DENIED.<br><br>Signed by Judge Kari A. Dooley on 9/27/2023. (Chambers, Jillian) (Entered: 09/27/2023) |
| 09/28/2023 | 386 | TRANSCRIPT of Proceedings: Type of Hearing: Video Motions Hearing. Held on October 20, 2020 before Judge Jeffrey Alker Meyer. Court Reporter: Diana Huntington. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a |

| | | |
|---|---|---|
| | | Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 10/19/2023. Redacted Transcript Deadline set for 10/29/2023. Release of Transcript Restriction set for 12/27/2023. (Huntington, D.) (Entered: 09/28/2023) |
| 09/28/2023 | 387 | TRANSCRIPT of Proceedings: Type of Hearing: Motions Hearing. Held on February 1, 2023 before Judge Jeffrey Alker Meyer. Court Reporter: Diana Huntington. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 10/19/2023. Redacted Transcript Deadline set for 10/29/2023. Release of Transcript Restriction set for 12/27/2023. (Huntington, D.) (Entered: 09/28/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/02/2023 09:47:28 | | |
| **PACER Login:** | mansonjms | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:20-cv-00738-KAD |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

# ADDENDUM "B"

## Issues On Appeal

1. Whether the District Court erred by finding that all of the claims against the named Defendants were barred by *res judicata* and dismissing the claims against all of the named Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The standard of review is *de novo*.

    a. Whether the District Court erred in finding that Universitas possessed sufficient information and knowledge to bring claims against all the named defendants at the time that it brought its turnover motions in the Southern District of New York. The standard of review is whether the District Court's findings were *clearly erroneous.*

2. Whether the District Court erred in finding that Universitas could not bring a claim for constructive trust and dismissing such claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The standard of review is *de novo*.

3. Whether the District Court erred in holding that reverse veil-piercing claims were barred under Connecticut law in the circumstances at bar, and dismissing those claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The standard of review is *de novo*.

<u>**ADDENDUM "C"**</u>

<u>**Other Attorneys for Appellees**</u>

Jeffrey R. Sandberg

Palmer Lehman Sandberg, PLLC
8350 N. Central Expressway, Suite 1111
Dallas, TX 75206
Phone: (214) 242-6444
Fax: (214) 265-1950
Email: jsandberg@pamlaw.com

Jonathan J. Einhorn

Einhorn Law Offices
129 Whitney Ave, Suite 1
New Haven, CT 06510
Phone: (203) 777-3777
Fax: (203) 782-1721
Email: einhornlawoffice@gmail.com

Jeffrey M. Sklarz

Green & Sklarz LLC
One Audubon Street, Floor 3
New Haven, CT 06511
Phone: (203) 285-8545
Fax: (203) 823-4546
Email: jsklarz@gs-lawfirm.com