# MANDATE
23-1207
*Universitas Education, LLC v. Benistar et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-four.

**PRESENT:**
> GERARD E. LYNCH,
> ALISON J. NATHAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

**Universitas Education, LLC,**

> *Plaintiff-Appellant,*

> v.     No. 23-1207

**Benistar Admin Services, Inc., TPG Group Inc, Alliance Charitable Trust, Phoenix Charitable Trust, Carpenter Charitable Trust, Donald Trudeau, Molly Carpenter, Jane Doe, Entities Under Control of Molly Carpenter and/or Donald Trudeau and**

MANDATE ISSUED ON 05/16/2024

**Entities Under Control of Judgment Debtors, Grist Mill Partners, LLC, Greyhound Partners, LLC, 1&3 Mill Pond Partners, LLC, Seir Hill Partners, LLC, Birch Hill Partners, LLC, Atlantic Charitable Trust, Avon Charitable Trust,**

*Defendants-Appellees,*

**Moonstone Partners, LLC, Caroline Meckel, Steven Meckel,**

*Defendants.*[1]

_____

**FOR PLAINTIFF-APPELLANT:**

JOSEPH L. MANSON III, Law Offices of Joseph L. Manson III, Alexandria, VA.

**FOR DEFENDANTS-APPELLEES:**

JONATHAN J. EINHORN, Law Offices of Jonathan J. Einhorn, New Haven, CT, *for Greyhound Partners, LLC, 1&3 Mill Pond Partners, LLC, Seir Hill Partners, LLC, and Birch Hill Partners, LLC.*

Jeffrey Sandberg, Palmer Lehman Sandberg, PLLC, Dallas, TX, *on the brief*, *for Alliance Charitable Trust, Phoenix Charitable Trust, Carpenter Charitable Trust, Atlantic Charitable*

---

[1] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

*Trust, Avon Charitable Trust, Greyhound Partners, LLC, 1&3 Mill Pond Partners, LLC, Seir Hill Partners, LLC, and Birch Hill Partners, LLC.*

KENNETH R. SLATER, JR. (Michael R. McPherson, *on the brief*), Halloran & Sage LLP, Hartford, CT, *for Molly Carpenter, Donald Trudeau, Benistar Admin Services, Inc., and TPG Group, Inc.*

JEFFREY M. SKLARZ, Green & Sklarz LLC, New Haven, CT, *for Grist Mill Partners, LLC.*

Appeal from a judgment of the United States District Court for the District of Connecticut (Kari A. Dooley, Jeffrey A. Meyer, *JJ.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Universitas Education, LLC (Universitas) appeals from a judgment of the United States District Court for the District of Connecticut (Dooley, Meyer, *JJ.*) granting Defendants' motions to dismiss primarily on the grounds that Universitas's alter ego liability and unjust enrichment claims against

3

Defendants are barred by *res judicata*.[2]

The underlying action is part of Universitas's long-running effort to collect the proceeds of life insurance policies stolen more than a decade ago by Daniel Carpenter and his associates. Following arbitration proceedings, Universitas was awarded a $30 million judgment against Nova Group, Inc., which managed the life insurance policies at issue and was controlled by Carpenter. *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV01590(LTS), 2012 WL 2045942, at *3 (S.D.N.Y. June 5, 2012), *aff'd*, 513 F. App'x 62 (2d Cir. 2013). Universitas then brought several turnover motions before Judge Swain in the Southern District of New York to enforce its judgment against Nova Group, Carpenter, and several of Carpenter's affiliate "shell" companies which Universitas alleges he created to hide his assets from collection. Universitas prevailed in two of those turnover proceedings. *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV01590(LTS),

---

[2] On appeal, Universitas challenges the district court's decision to grant motions to dismiss filed by fourteen Defendants: Grist Mill Partners, LLC, 1 & 3 Mill Pond Partners, LLC, Seir Hill Partners, LLC, Greyhound Partners, LLC, and Birch Hill Partners, LLC (together, the LLC Defendants); Alliance Charitable Trust, Phoenix Charitable Trust, Atlantic Charitable Trust, Avon Charitable Trust, and Carpenter Charitable Trust (together, the Trust Defendants); and Molly Carpenter, Donald Trudeau, Benistar Admin Services, Inc. and TPG Group, Inc. (together, the Benistar Defendants). Universitas also challenges the dismissal of its constructive trust claims against certain Defendants.

2013 WL 6123104 (S.D.N.Y. Nov. 20, 2013); *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV01590(LTS), 2014 WL 3883371 (S.D.N.Y. Aug. 7, 2014).

Nearly six years later, in May 2020, Universitas commenced the present action in the District of Connecticut to enforce its judgment against several additional entities alleged to be involved in Carpenter's criminal network. Universitas alleges that, like the judgment debtors in Universitas's prior turnover proceedings, Defendants are "entities and persons within [Carpenter's] criminal enterprise with assets capable of satisfying Universitas' judgment" and that they "helped Daniel Carpenter to conceal assets with the intent to hinder, delay, and/or defraud Universitas." Appellant's App'x at 40. The Trust and LLC Defendants, for instance, "are sham entities" and "alter ego[s] of Daniel Carpenter" designed to "facilitate [his] indirect control and conceal his involvement" in order to hide assets. *Id.* at 51.

The district court dismissed Universitas's suit for failure to state a claim, primarily concluding that Universitas's claims against Defendants were barred under the doctrine of *res judicata*, also known as claim preclusion. The court explained that "given the factual overlap between the earlier turnover proceedings and the present alter ego claims, the claims would have formed a convenient trial

5

unit before Judge Swain." S. App'x at 60 (quotation marks omitted). On appeal, Universitas primarily argues that *res judicata* does not apply. For the reasons stated below, we disagree. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

**I.** *Res Judicata*

"We review *de novo* the district court's application of the principles of *res judicata*." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (quotation marks omitted). Because the federal court that issued the first judgment sat in diversity in New York, we apply the preclusion law of that state, unless it "is incompatible with federal interests." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 509 (2001). Under New York law, "a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter." *In re Hunter*, 827 N.E.2d 269, 274 (N.Y. 2005). New York applies a transactional approach to *res judicata* which means that "once a claim is brought to a final conclusion, all other claims arising out of the same *transaction or series of transactions* are barred, even if based upon different theories or if seeking a different remedy." *Id.* (emphasis added)

(quotation marks omitted). Moreover, "a judgment in a prior action is binding not only on the parties to that action, but on those in privity with them." *Green v. Santa Fe Industries, Inc.*, 514 N.E.2d 105, 108 (N.Y. 1987).

We agree with the district court that in the circumstances present here, New York law precludes Universitas from bringing this subsequent action against Defendants because the claims arise from the same transactions or series of transactions and involve parties in privity with the original turnover respondents. Whether a "factual grouping constitutes a transaction or series of transactions depends on how the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Smith v. Russell Sage Coll.*, 429 N.E.2d 746, 749 (N.Y. 1981) (cleaned up). Claim preclusion applies if the prior action was "grounded on the same gravamen of the wrong upon which the action is brought." *Id.* (quotation marks omitted).

In this case, Universitas's claims against Defendants rely heavily on factual allegations drawn from the turnover proceedings before Judge Swain and from even earlier litigation involving Carpenter and entities he controls. We thus agree with the district court that "both actions appear to be grounded on the same

7

gravamen of the wrong, i.e., the theft, diversion, and concealment of the life insurance proceeds." S. App'x at 59–60 (cleaned up).

All this, Universitas concedes on appeal. "Universitas concedes that . . . no procedural bar existed to bringing [these alter ego and unjust enrichment] claims in the turnover proceedings before the Southern District of New York." Appellant's Br. at 39. It also "concedes that the Appellees would necessarily have been in privity with the turnover respondents, as Universitas seeks to impose alter ego liability" and that "the Southern District of New York could properly have exercised personal jurisdiction over the Appellees in the turnover proceedings because alter egos are treated as a single entity for the purposes of personal jurisdiction." *Id.* "Universitas further concedes that the turnover proceedings in the Southern District of New York constituted a final judgment on the merits." *Id.*

And yet, Universitas maintains still that the district court erred in its finding that the alter ego and unjust enrichment claims "form a convenient trial unit, and . . . their treatment as a unit conforms to the parties' expectations." *Smith*, 429 N.E.2d at 749 (quotation marks omitted). We disagree. Under New York *res judicata* law, where disparate actions "are part of the same factual grouping"—i.e., related in time, space, origin, and motivation—"it is almost impossible to resist the

8

conclusion that the over-all transaction . . . formed a convenient trial unit and that this view conforms to reasonable expectations." *Id.* at 749–50 (quotation marks omitted). In the instant case, just as in prior turnover proceedings, Universitas seeks to impose liability on "sham entities" created or indirectly controlled by Carpenter—entities that Universitas itself describes as "largely interchangeable"—to enforce its $30 million judgment. Appellant's App'x at 51–52.

Moreover, throughout the turnover proceedings, Judge Swain repeatedly noted that Carpenter's enterprise appeared to include several sham entities created to hide assets from creditors, and the district court below concluded that Universitas was aware of the Defendants here during the turnover proceedings. Universitas admitted as much at oral argument, and conceded that it was merely a "strategic decision" to pursue other Carpenter entities first before bringing claims against the Defendants here. Litigation strategy to not bring claims which Universitas admits it could have brought does not bar the application of *res judicata*; indeed, "strategic" choices to split claims that could be brought in the same case is what the *res judicata* principle seeks to prevent. *See Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 199 (2d Cir. 2010) ("Where a litigant

9

selected a litigation strategy he now regrets, . . . his choice of that strategy will not prevent the application of preclusion against him." (internal quotation marks and alterations omitted)). We thus conclude that the claims asserted here against Defendants are indeed related in time, space, origin, and motivation to the prior proceedings, and are therefore precluded.

Universitas's remaining arguments are unavailing. As to each Defendant, Universitas identifies slight differences between its present claims and the New York claims. The claims are not identical, but "even when . . . [claims] depend on different shadings of the facts, or would emphasize different elements of the facts," they can be based on the same series of transactions as long as they are "grounded on the same gravamen of the wrong." *Smith*, 429 N.E.2d at 749 (quotation marks omitted). Just so here.

## II. Constructive Trust

Universitas's only remaining argument is that the district court erred by dismissing its constructive trust claims. We agree with the district court that under Connecticut law, constructive trust is a "remedial device," not an independent cause of action. S. App'x at 13 (quoting *Gold v. Rowland*, 994 A.2d 106, 122 n.22 (Conn. 2010)); *see also Macomber v. Travelers Prop. & Cas. Corp.*, 804

A.2d 180, 184 n.3 (Conn. 2002) (describing a constructive trust as a remedy, "rather than being [a] substantive cause[] of action"). Universitas's constructive trust claims therefore fail on the merits.

In any event, even assuming *arguendo* that Universitas could bring a substantive cause of action for a constructive trust under Connecticut law, these claims are also barred by *res judicata* for the reasons described above. *See Wells Fargo Advisors, LLC v. Sappington*, 884 F.3d 392, 396 n.2 (2d Cir. 2018) ("[W]e are free to affirm on any ground that finds support in the record, even if it was not the ground upon which the trial court relied." (internal quotation marks omitted)). Universitas does not argue that it could not have brought its constructive trust claims in the turnover proceedings, and as we have already established, the facts underlying the claims here involve the same universe of facts as in the turnover proceedings. In other words, the constructive trust claims would have formed a convenient trial unit and comported with the parties' expectations to bring in the turnover proceedings. *See Smith*, 429 N.E.2d at 749–50. Universitas's constructive trust claims therefore fail procedurally as well.

\* \* \*

We have considered Universitas's remaining arguments and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit